IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

---

Civil Action No.

**04 10181 MLW**

### AFFIDAVIT OF MITCHELL S. KING

MITCHELL S. KING, being duly sworn, deposes and says:

1. I am a member of the law firm Prince, Lobel, Glovsky & Tye LLP, attorneys for petitioner, John Hancock Life Insurance Company ("John Hancock") and am familiar with the facts set forth herein. This affidavit is submitted in support of John Hancock's Petition to Compel Arbitrations.

2. Between 1997 and 1998, John Hancock and Sphere Drake Insurance Limited (f/k/a Sphere Drake Insurance Plc and Odyssey Re (London) Ltd., hereinafter "Sphere Drake") entered into a number of reinsurance contracts under which Sphere Drake agreed to reinsure John Hancock. This includes the following seven reinsurance agreements (collectively, the "Agreements"):

    (a) Specific Realm – AH0094197. True and accurate copies of the slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 1(a), 1(b) and 1(c).

    (b) Specific Realm - AH0094297. True and accurate copies of the

slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 2(a), 2(b) and 2(c);

(c) Specific Realm - AH0094397. True and accurate copies of the slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 3(a), 3(b) and 3(c);

(d) Specific Realm - AH0104997. True and accurate copies of the slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 4(a), 4(b) and 4(c);

(e) Specific Realm – AH0105097. True and accurate copies of the slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 5(a), 5(b) and 5(c) (collectively the "Realm Agreements");

(f) BE LMX Quota Share - TNC0906/98. True and accurate copies of the slip, covernote and wording evidencing this agreement are respectively attached hereto as Exhibits 6(a), 6(b) and 6(c); and

(g) 95% Quota Share ("Quota Shae Agreement")– TNC0887/98. True and accurate copies of the slip and covernote are attached hereto as Exhibits 7(a) and 7(b)("95% Facility Quota Share Agreement").

3. The Realm Agreements constitute various layers of retrocessional coverage which indemnify John Hancock in respect of its participation on a quota share treaty reinsuring Realm National.

4. The Quota Share Agreement is a 66.6666% quota share agreement indemnifying John Hancock in respect of business written and allocated by John Hancock to its Personal Accident Non-Proportional account.

2

5. The 95% Facility Quota Share Agreement was part of an overall, pre-existing reinsurance program (the "Facility Quota Share Program") in which various reinsurers or retrocessionaires participated, in varying percentages, in exchange for premium payments by John Hancock. The 95% Facility Quota Share Agreement indemnifies certain of John Hancock's Accident and Health and related reinsurance coverages.

6. Although 1998 was Sphere Drake's first year of participation, the 95% Facility Quota Share Program had been in force and continually renewed since 1991. A true and accurate copy of an exemplar wording for the Facility Quota Share Program is attached as Exhibit 8 hereto. Upon information and belief, all of the previous wordings for the Facility Quota Share Program contained an Arbitration Clause, a Service of Suit Clause, and a Governing Law Clause which were materially similar, if not identical, to those in the exemplar wording for the Facility Quota Share Program that is attached as Exhibit 8 hereto.

7. The parties agree that each of the Agreements contains an arbitration clause. On December 23, 2003, Clyde & Co., counsel for Sphere Drake, sent a letter ("December Letter") to Mr. Simon Kilgour, John Hancock's U.K. counsel, which states that "there is express provision for arbitration in the slips" of the Agreements. A true and accurate copy of the December Letter is attached hereto as Exhibit 9.

8. The December Letter also declares Sphere Drake's intent to substitute the arbitration provisions of the Agreements with standard market wording and to pursue arbitration proceedings with regards to the Agreements in the United Kingdom pursuant to the "ARIAS Arbitration Rules" which refer to UK law.

9. On January 8, 2004 Clyde & Co sent a letter on behalf of Sphere Drake to Mr. Simon Kilgour, John Hancock's U.K. counsel, stating that it is Sphere Drake's case that the Agreement are "void or alternatively voidable and have been avoided." A true and accurate copy of the January 8, 2004 letter is attached hereto as Exhibit 10.

10. On January 22, 2004, I sent a letter on behalf of John Hancock, to Sphere Drake's U.K. counsel, Mr. Ray Bell, Esq., of Clyde & Co, instructing Sphere Drake that the Agreements are all governed by Massachusetts law and procedure and expressing John Hancock's willingness to arbitrate in the United States with respect to the Agreements accordingly. A true and accurate copy of the January 22, 2004 letter is attached hereto as Exhibit 11.

11. Collectively, over $8,800,000.00 in balances are due and owing to John Hancock from Sphere Drake under the Agreements. Because Sphere Drake failed to pay its share of the losses under the Agreements, John Hancock demanded individual arbitration proceedings with respect to the Agreements to be subject to Massachusetts law and procedure, on January 23, 2004. Per agreement of the parties, John Hancock's demand for arbitrations was deemed served on January 26, 2004. A true and accurate copy of John Hancock's January 23, 2004 demand for arbitration proceedings is attached hereto as Exhibit 12.

12. In a January 23, 2004 letter, Sphere Drake refused to submit to arbitrations as demanded by John Hancock, indicating that arbitration proceedings relating to the Agreements should be conducted in the United Kingdom and subject to United Kingdom law and procedure. Per agreement of the parties, Sphere Drake's January 23, 2004 letter with demands was deemed served on January 26, 2004. A true and accurate copy of the

Sphere Drake January 23, 2004 letter is attached hereto as Exhibit 13.

13. On January 26, 2004, I sent a letter on behalf of John Hancock to Mr. Ray Bell, Esq., Sphere Drake's counsel, stating that the 95% Facility Quota Share Agreement is to be governed under the laws and procedure of the State of Massachusetts and rejecting Sphere Drake's assertion that the Agreements are governed in any way by United Kingdom law or procedure. A true and accurate copy of the January 26, 2004 letter is attached hereto as Exhibit 14.

Notary Public
RASHIDA C. SANTOS
Notary Public
My Commission Expires
July 19, 2007

_____
Mitchell S. King, Esq. (BBO#272810)

Dated: January 26, 2004