IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

Civil Action No.
04 10181 MLW

---

## PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The petitioner, John Hancock Life Insurance Company (f/k/a John Hancock Mutual Life Insurance Company, hereinafter "John Hancock"), through its undersigned attorneys, hereby moves the Court, pursuant to Rule 65 of the Fed. R. Civ. P., to enter a Temporary Restraining Order and Preliminary Injunction enjoining the respondent, Sphere Drake Insurance Limited (f/k/a Sphere Drake Insurance Plc and Odyssey Re (London) Ltd., hereinafter "Sphere Drake") from initiating or moving forward with any proceedings in England, or elsewhere whether by way of arbitration or litigation, with respect to seven reinsurance contracts. John Hancock requests that the injunctive relief also stay the running of all time periods relating to any English arbitration proceedings with respect to the seven reinsurance contracts under the English 1996 Arbitration Act, including but not limited to the 28 days to designate an arbitrator, pending this Court's review as to whether arbitration proceedings relating to seven reinsurance agreements entered into between John Hancock and Sphere Drake are to occur in the United States

pursuant to arbitration agreements.

In support thereof, and as set forth more fully in its Memorandum of Law in Support of Petitioner's Motions For a Temporary Restraining Order and Preliminary Injunction incorporated herein by reference, John Hancock states the following:

Between 1997 and 1998, John Hancock and Sphere Drake entered into numerous reinsurance agreements including the seven reinsurance agreements (the "Seven Agreements") at issue before the Court.[1] Disputes have arisen with respect to amounts, in excess of $9,900,000, that Sphere Drake owes John Hancock under the Seven Agreements. The parties do not dispute that that each of the Seven Agreements contains an arbitration clause governing disputes thereunder.

On January 23, 2004, John Hancock demanded individual U.S. arbitration proceedings with respect to the Seven Agreements. Contrary to the intent of the parties, Sphere Drake has refused to submit to U.S. arbitration proceedings and instead, has simultaneously demanded that arbitration proceedings take place in the United Kingdom, subject to U. K. law and procedure, specifically the English 1996 Arbitration Act ("English Act"). Accordingly, John Hancock filed its Petition to Compel Arbitration Proceedings ("Petition") with this Court on January 26, 2004 and, thereafter, properly served Sphere Drake with the Summons and Petition.[2] Upon receipt, Sphere Drake

---

[1] The Seven Agreements are designated as follows: (a) Specific Realm – AH0094197; (b) Specific Realm - AH0094297; (c) Specific Realm - AH0094397; (d) Specific Realm - AH0104997; (e) Specific Realm – AH0105097; (f) BE LMX Quota Share – TNC0906/98; and (g) 95% Quota Share Retrocession – TNC0887/98.

[2] On January 28, 2004, John Hancock served a Summons with a five (5) day return pursuant to Section 4 of the FAA (9 U.S.C. §4),with the Petition and accompanying papers upon Sphere Drake through: (a) the Massachusetts Commissioner of Insurance, as the lawful attorney upon whom service may be made on behalf of Sphere Drake pursuant to M.G.L. c. 175 B, §2; and (b) the law firm of Mendes & Mount in New York, as the designated service of process agent in the Service of Suit clauses for the Seven Agreements. John Hancock also sent courtesy copies of the Summons and Petition papers to the U.S. law firm previously identified by Sphere Drake as its U.S. counsel, Butler Rubin Saltarelli & Boyd, as well as the U.K. solicitors firm of Clyde & Co, Sphere Drake's U.K. counsel.

requested an extension of time in which to respond. John Hancock agreed to extend Sphere Drake's time, subject only to conditions which would not prejudice John Hancock's ability to expeditiously litigate its rights before this Court without the immediate threat of a competing U.K. litigation or the running of any time periods under the English Act. Sphere Drake refused an extension subject to such conditions.

Given Sphere Drake's rejection of the condition designed to protect John Hancock's rights to have the Petition heard by this Court, John Hancock believes Sphere Drake has already filed or will file in the immediate future, a competing action before the English Court to compel John Hancock to proceed with U.K. arbitrations concerning the Seven Agreements. Even absent such action, there are competing U.K. arbitration demands with respect to the Seven Agreements to which John Hancock will have to respond in some manner.

John Hancock has met the necessary criteria for the issuance of injunctive relief. First, John Hancock has a substantial likelihood of success on the merits because the intent of the parties, as reflected in the contractual documentation evidencing the Seven Agreements and the parties' course of conduct, was that any arbitration proceedings thereunder are to take place in the United States, governed under the law and procedure of Massachusetts and subject to the jurisdiction of the courts in Massachusetts. Second, allowing the English arbitration proceedings and/or potential litigation to move forward will cause John Hancock immediate, substantial, and irreparable harm as it would result in an unwarranted forfeiture of John Hancock's bargained for contractual right to have the arbitrations occur in the United States subject to the law and jurisdiction of Massachusetts and to have its arbitration rights adjudicated before this Court. Third, the

severity of the harm to John Hancock, greatly outweighs any potential harm to Sphere Drake as it would merely require Sphere Drake to submit to the jurisdiction it agreed to under the Seven Agreements. Finally, the public interest would not be harmed by the issuance of injunctive relief, but, rather, would be served by promoting stability in international contracts by enforcing bargained for arbitration, the law and jurisdiction clauses of the Seven Agreements and Massachusetts public policy allowing Massachusetts citizens to litigate reinsurance disputes in this jurisdiction.

**WHEREFORE**, John Hancock respectfully requests that this Court:

1. Enter a Temporary Restraining Order pending a hearing on John Hancock's Motion for a Preliminary Injunction and until further Order of this Court, enjoining Respondent, Sphere Drake Insurance Limited, and/or their agents, servants, employees, and attorneys, and those persons in active concert and participation with them, who receive actual notice of this Order, by personal service or otherwise, be and hereby enjoined from initiating, participating and/or continuing with any proceedings in the United Kingdom in relation to the seven reinsurance agreements at issue in this action entered into between John Hancock and Sphere Drake and specifically designated as follows:

    a. Specific Realm Agreement – (Broker Ref. AH0094197) – (effective 1/7/97-6/30/97);

    b. Specific Realm Agreement- (Broker Ref. AH0094297) – (effective 1/7/97-6/30/97);

    c. Specific Realm Agreement – (Broker Ref. AH0094397) – (effective 1/7/97-6/30/97);

    d. Specific Realm Agreement – (Broker Ref. AH0104997) – (effective 1/7/97-6/30/97);

    e. Specific Realm Agreement – (Broker Ref. AH0105097) – (effective 1/7/97-6/30/97)

    f. BE LMX Quota Share Agreement – (Broker Ref. TNC0906/98) – (effective 1/1/98-12/31/98); and

    g. Facility Quota Share Agreement – (Broker Ref. TNC0887/98) –

(continuous from 1/1/98); and

2. Stay all time periods currently running under the English 1996 Arbitration Act, including but not limited to the 28 days to designate an arbitrator.

3. Order that Sphere Drake appear at a hearing to be held before this Honorable Court within the next 10 days to show cause why the Temporary Restraining Order should not be entered as a Preliminary Injunction.

Further, John Hancock requests that any security to be given under Rule 65(c) be nominal as there is little likelihood that Sphere Drake will suffer any damage by the issuance of a Temporary Restraining Order.

A proposed Temporary Restraining Order is submitted herewith in accordance with Federal Rule 65(b).

Respectfully Submitted,

Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO#550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for
John Hancock Life Insurance Company

Dated: February 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2004, I served a copy of the foregoing Petitioner's Motions For A Temporary Restraining Order And Preliminary Injunction by hand to the law firm Sally & Fitch and by regular mail to the law firm Butler Rubin Saltarelli & Boyd.

Mitchell S. King, Esq. BBO#272810