IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

---

Civil Action No.
04 10181MLW

# MEMORANDUM OF LAW IN SUPPORT OF JOHN HANCOCK LIFE INSURANCE COMPANY'S MOTION FOR EXPEDITED HEARING ON ITS VERIFIED AMENDED PETITION TO COMPEL ARBITRATION PROCEEDINGS

John Hancock Life Insurance Company (f/k/a John Hancock Mutual Life Insurance Company, hereinafter "John Hancock") has moved this Court for an expedited hearing on its Petition to Compel Arbitration Proceedings (the "Petition"), which has since been amended by the filing of John Hancock's Verified Amended Petition to Compel Arbitration Proceedings (the "Amended Petition"). This memorandum of law is filed in support thereof.

## I. A COURT MAY HEAR A PETITION TO COMPEL ARBITRATION AFTER FIVE DAYS NOTICE OF THE PETITION.

The Federal Arbitration Act (the "FAA") provides that a party aggrieved by the refusal of another to arbitrate under a written agreement may petition a United States court for an order to compel arbitration. See 9 U.S.C. § 4. The FAA requires that the party allegedly refusing to arbitrate receive "five days notice in writing of the

application," after which the Court may hear the petition and "upon being satisfied that that the making of the agreement for arbitration or the failure to comply therewith is not in issue…shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446 (1997), *citing*, 9 U.S.C.A. § 4. See also Unionmutual Stock Life Ins. Co. of America v. Beneficial Life Ins. Co., 774 F.2d 524, 526 (1st Cir. 1985) (party seeking to compel arbitration is entitled to hearing at any time after five days notice to defaulting party of the petition to compel.)

## II. JOHN HANCOCK HAS PROVIDED THE REQUISITE FIVE DAYS NOTICE OF ITS PETITION TO SPHERE DRAKE AND, THEREFORE, THE COURT MAY PROMPTLY SCHEDULE A HEARING.

On January 28, 2004, John Hancock served Sphere Drake with a Summons having a five (5) day return date, along with the Petition, a Supporting Memorandum and the Affidavit of Mitchell S. King ("Petition Papers"). See Affidavit of Proof of Service ("Service Aff."), ¶¶ 8-13 filed with the Court on February 4, 2004. Specifically, counsel for John Hancock: 1) served the Summons and the Petition Papers in hand on the Massachusetts Commissioner of Insurance as lawful attorney to accept service on behalf of Sphere Drake pursuant to M.G.L. c. 175B, § 2 (See Service Aff., ¶ 8 and Ex. 3 thereto); 2) served the Summons and the Petition Papers via Certified Mail, Return Receipt Requested to the law firm of Mendes & Mount, the contractually designated service of process agent for Sphere Drake (See Service Aff., ¶ 9 and Ex. 4 thereto); 3) sent notice of service on the Massachusetts Commissioner of Insurance and Mendes & Mount, along with a copy of the Summons and the Petition Papers via International Registered Mail to Mr. Nick Bentley with Sphere Drake Insurance (See Service Aff., ¶ 10

and Exs. 3-4 thereto); 4) sent copies of the Summons and the Petition Papers via International Registered Mail to Sphere Drake's U.K. counsel, Clyde & Co. (See Service Aff., ¶ 11 and Exs. 3-4 thereto); and 5) sent copies of the Summons and the Petition Papers via Certified Mail to Sphere Drake's U.S. counsel, Butler, Rubin, Saltarelli & Boyd. (See Service Aff., ¶ 12 and Exs. 3-4 thereto.)

On January 28, 2004, U.S. Counsel for Sphere Drake acknowledged receipt of the Summons and Petition Papers. See Amended Affidavit of Mitchell S. King ("Amended King Aff."), ¶ 12, filed with the Court on February 4, 2004. Five days have expired since Sphere Drake was given notice of and served with John Hancock's Summons and Petition Papers. Accordingly, John Hancock's Petition, as amended, is now ripe for hearing.

### III. AN EXPEDITED HEARING ON THE PETITION, AS AMENDED, IS WARRANTED.

Simultaneous to John Hancock's demand for U.S. arbitration proceedings, Sphere Drake demanded that John Hancock submit the disputes under the contracts at issue to arbitration proceedings in the U.K., in accordance with U.K. law and procedure. Under the English Arbitration Act invoked by Sphere Drake, John Hancock is required to designate an English arbitrator within a specified time period or risk the potential of being in statutory default and having an English court appoint the arbitrator. Moreover, John Hancock believes Sphere Drake has already filed or is poised to file a competing action in the United Kingdom to usurp the Court's jurisdiction over this matter. (See Amended King Aff., ¶¶ 12-16.)

Specifically, Sphere Drake's U.S. counsel requested an extension of time in which to respond to the Petition. (See Amended King Aff., ¶ 12.) Counsel for John Hancock

3

offered an extension subject to conditions which would not prejudice John Hancock's ability to expeditiously litigate its rights before this Court without the immediate threat of competing United Kingdom litigation. (See Amended King Aff., ¶ 13.) Sphere Drake rejected that offer and John Hancock anticipates that Sphere Drake will initiate competing litigation in the United Kingdom shortly, contrary to John Hancock's bargained for rights to have arbitration proceedings take place in the United States, subject to Massachusetts law and jurisdiction. (See Amended King Aff., ¶¶ 14-16.)

An expedited hearing is warranted in order to efficiently dispose of this matter so that the parties may appropriately resolve their contractual dispute in U.S. arbitration proceedings. As the parties do not dispute that their contractual claims are subject to arbitration, a prompt hearing on the Petition as amended should fully and finally dispose of this action in relatively short order.

As part of its motion, John Hancock also requests that the Court order that the parties exchange all relevant contractual documentation relating to the contracts set forth in the Amended Petition no later than forty-eight (48) hours prior to the expedited hearing.

## IV.    CONCLUSION

Based on the foregoing, petitioner John Hancock Life Insurance Company respectfully requests that the Court: (1) schedule an expedited hearing on its Verified Amended Petition to Compel Arbitration Proceedings; and (2) order that the parties exchange all contractual documentation relating to the contracts set forth in the

4

Amended Petition no later than forty-eight (48) hours prior to the expedited hearing.

>Respectfully Submitted,
>
>/s/ Mitchell S. King
>
>Mitchell S. King, Esq. BBO#272810
>Rhonda L. Rittenberg, Esq. BBO# 550498
>Michael A. Calawa, Esq. BBO# 643517
>Prince, Lobel, Glovsky & Tye LLP
>585 Commercial Street
>Boston, MA 02109
>(617) 456-8000
>
>Of Counsel
>David A. Silva, Esq.
>Mound, Cotton, Wollan & Greengrass
>One Battery Park Plaza
>New York, New York 10004
>(212) 804-4200
>
>Attorneys for
>John Hancock Life Insurance Company

Dated: February 4, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2004, I served a copy of the foregoing Memorandum Of Law In Support Of John Hancock Life Insurance Company's Motion For Expedited Hearing On Its Verified Amended Petition To Compel Arbitration Proceedings by hand to the law firm Sally & Fitch and by regular mail to the law firm Butler Rubin Saltarelli & Boyd.

>/s/ Mitchell S. King
>Mitchell S. King, Esq. BBO#272810