IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

Civil Action No.
04-10181 MLW

---------------------------------------------------------------------

**SECOND AFFIDAVIT OF MITCHELL S. KING
IN SUPPORT OF VERIFIED AMENDED PETITION TO COMPEL
ARBITRATION PROCEEDINGS AND IN OPPOSITION TO SPHERE DRAKE'S
<u>MOTION TO DISMISS</u>**

MITCHELL S. KING, being duly sworn, deposes and says

1.      I am a member of the law firm Prince, Lobel, Glovsky & Tye LLP and a member in good standing of the bar of the Commonwealth of Massachusetts. At all times material hereto, I have represented the petitioner, John Hancock Life Insurance Company ("John Hancock") in connection with the business and disputes described further below. I have personal knowledge of the matters set forth herein. This Second Affidavit is submitted in support of John Hancock's Verified Amended Petition to Compel Arbitration Proceedings and in Opposition to Sphere Drake's Motion to Dismiss.

2.      John Hancock is represented in London, England by the English Solicitors' firm of Reynolds Porter Chamberlain ("RPC"). Filed herewith as Petitioner's Exhibit 41 is a true copy of a February 9, 2004 letter from RPC conveying the status of

the competing English Arbitration Demands under the Seven Agreements, and a competing court action under the English Arbitration Act 1996 regarding the Seven Agreements which was filed by Sphere Drake in the London Commercial Court.

3.    Sphere Drake obtained an ex parte order from the London Commercial Court allowing Sphere Drake to serve Arbitration Claim Forms on John Hancock with respect to eight reinsurance agreements, including the Seven Agreements, on February 2, 2004. (Pet. Ex. 41, p. 1.) Service was effected on John Hancock's Corporation Service Company in Delaware on February 5, 2004. (Id.)

4.    Each of the Arbitration Claim Forms seeks "[o]rders pursuant to Sections 3 and 18 of the Arbitration Act 1996: 1) determining that England is the seat of the Arbitration; and 2) appointing arbitrators or alternatively giving directions for the appointment of arbitrators." (Pet. Ex. 41, pgs. 1-2.)

5.    RPC advises regarding this hearing that "[s]ubject to any right of appeal which John Hancock may have, the Court's determination... (namely that England is the appropriate venue for the arbitration) will be determinative of the jurisdiction point from an English Court's point of view, and as such, if the Court rules in Sphere Drake's favour, it will consider itself seized with jurisdiction." (Pet. Ex. 41, p. 3.)

6.    RPC further advises that the English Court "does not have the jurisdiction to compel arbitration in another jurisdiction, only to deny it [in England]." (Pet. Ex. 41, p. 3.)

7.    RPC also advises that with respect to the English Arbitration Demands and the Commercial Court Applications, there are a number of overlapping dates affecting John Hancock's rights:

(i)     In the Commercial Court John Hancock has 22 days from the date

of service (February 5, 2004) to acknowledge service of the Arbitration

Claim forms;

(ii)    Under the Arbitration Demands themselves, John Hancock has 28

days from Sphere Drake's request (January 26, 2004) to agree to a single

arbitrator pursuant to Section 16 of the Arbitration Act.

8.     On February 11, 2004, I was advised by RPC that the English Commercial

Court has now fixed the hearing of Sphere Drake's Applications with respect to the

Arbitration Clause forum in the Commercial Court for a half day's hearing on Friday 12th

March 2004.

9.     Filed herewith as Petitioner's Exhibit 42, is a true copy of the standard

Service of Suit Clause (U.S.A.) wording found in the <u>Lloyd's Underwriters' Non-Marine</u>

<u>Association Limited [NMA] U.S.A. and Canada Non-Marine Policy Forms and</u>

<u>Wordings</u> form book.

10.    Filed herewith as Petitioner's Exhibit 43 is a true and accurate copy of the

Amended Complaint filed on behalf of Sphere Drake in the United States District Court

for the Southern District of New York in <u>Odyssey Re (London) Ltd. v. Stirling Cooke</u>

<u>Brown Holdings Ltd. et. al.</u>, 99 Civ. 2326 (LAK) (S.D.N.Y. Filed August 16, 1999).

11.    Filed herewith as Petitioner's Exhibit 44 is a true and accurate copy of the

Memorandum of Law In Opposition to Motion To Dismiss by Defendants Stirling Cooke

North American Holding Company Limited and Stirling Cooke Brown North American

Reinsurance Intermediaries, Inc. filed on behalf of Sphere Drake in <u>Odyssey Re (London)</u>

<u>Ltd. v. Stirling Cooke Brown Holdings Ltd. et. al.</u>, 99 Civ. 2326 (LAK) (S.D.N.Y. Filed

May 12, 1999).

    12.    Filed herewith as Petitioner's Exhibit 45 is a true and accurate copy of the Motion to Confirm Final Arbitration Award filed on behalf of Sphere Drake in the United States District Court for the Southern District of New York in Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co., 00 Civ. 4336 (AKH) (S.D.N.Y. Filed June 12, 2000).

SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11TH DAY OF FEBRUARY, 2004

_____
Mitchell S. King, Esq. (BBO#272810)

Dated: February 11, 2004

4