**NOTES**

**Initial Commencement**
**_To be appointed_**
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**3 The seat of the arbitration**

In this Part "the seat of the arbitration" means the juridical seat of the arbitration
designated—

      (a)     by the parties to the arbitration agreement, or

      (b)     by any arbitral or other institution or person vested by the parties with
           powers in that regard, or

      (c)     by the arbitral tribunal if so authorised by the parties,

or determined, in the absence of any such designation, having regard to the parties'
agreement and all the relevant circumstances.

**NOTES**

**Initial Commencement**
**_To be appointed_**
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**4 Mandatory and non-mandatory provisions**

(1)  The mandatory provisions of this Part are listed in Schedule 1 and have effect
notwithstanding any agreement to the contrary.

(2)  The other provisions of this Part (the "non-mandatory provisions") allow the parties to
make their own arrangements by agreement but provide rules which apply in the absence
of such agreement.

(3)  The parties may make such arrangements by agreeing to the application of institutional rules or providing any other means by which a matter may be decided.

(4)  It is immaterial whether or not the law applicable to the parties' agreement is the law of England and Wales or, as the case may be, Northern Ireland.

(5)  The choice of a law other than the law of England and Wales or Northern Ireland as the applicable law in respect of a matter provided for by a non-mandatory provision of this Part is equivalent to an agreement making provision about that matter.

For this purpose an applicable law determined in accordance with the parties' agreement, or which is objectively determined in the absence of any express or implied choice, shall be treated as chosen by the parties.

## NOTES

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

## 5 Agreements to be in writing

(1)  The provisions of this Part apply only where the arbitration agreement is in writing, and any other agreement between the parties as to any matter is effective for the purposes of this Part only if in writing.

The expressions "agreement", "agree" and "agreed" shall be construed accordingly.

(2)  There is an agreement in writing—

  (a)  if the agreement is made in writing (whether or not it is signed by the parties),

  (b)  if the agreement is made by exchange of communications in writing, or

  (c)  if the agreement is evidenced in writing.

(3)  Where parties agree otherwise than in writing by reference to terms which are in writing, they make an agreement in writing.

(4)  An agreement is evidenced in writing if an agreement made otherwise than in writing is recorded by one of the parties, or by a third party, with the authority of the parties to the agreement.

(5)  An exchange of written submissions in arbitral or legal proceedings in which the existence of an agreement otherwise than in writing is alleged by one party against another party and not denied by the other party in his response constitutes as between those parties an agreement in writing to the effect alleged.

(6)  References in this Part to anything being written or in writing include its being recorded by any means.

### NOTES

**Initial Commencement**
>*To be appointed*
>To be appointed: see s 109(1).

**Appointment**
>Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
>This section does not extend to Scotland: see s 108(1).

*The arbitration agreement*

### 6 Definition of arbitration agreement

(1)  In this Part an "arbitration agreement" means an agreement to submit to arbitration present or future disputes (whether they are contractual or not).

(2)  The reference in an agreement to a written form of arbitration clause or to a document containing an arbitration clause constitutes an arbitration agreement if the reference is such as to make that clause part of the agreement.

### NOTES

**Initial Commencement**
>*To be appointed*
>To be appointed: see s 109(1).

**Appointment**
>Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
>This section does not extend to Scotland: see s 108(1).

### 7 Separability of arbitration agreement

Unless otherwise agreed by the parties, an arbitration agreement which forms or was intended to form part of another agreement (whether or not in writing) shall not be regarded as invalid, non-existent or ineffective because that other agreement is invalid, or did not come into existence or has become ineffective, and it shall for that purpose be treated as a distinct agreement.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 8 Whether agreement discharged by death of a party

(1)   Unless otherwise agreed by the parties, an arbitration agreement is not discharged by the death of a party and may be enforced by or against the personal representatives of that party.

(2)   Subsection (1) does not affect the operation of any enactment or rule of law by virtue of which a substantive right or obligation is extinguished by death.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

*Stay of legal proceedings*

## 9 Stay of legal proceedings

(1)   A party to an arbitration agreement against whom legal proceedings are brought (whether by way of claim or counterclaim) in respect of a matter which under the agreement is to be referred to arbitration may (upon notice to the other parties to the proceedings) apply to the court in which the proceedings have been brought to stay the proceedings so far as they concern that matter.

(2)  An application may be made notwithstanding that the matter is to be referred to arbitration only after the exhaustion of other dispute resolution procedures.

(3)  An application may not be made by a person before taking the appropriate procedural step (if any) to acknowledge the legal proceedings against him or after he has taken any step in those proceedings to answer the substantive claim.

(4)  On an application under this section the court shall grant a stay unless satisfied that the arbitration agreement is null and void, inoperative, or incapable of being performed.

(5)  If the court refuses to stay the legal proceedings, any provision that an award is a condition precedent to the bringing of legal proceedings in respect of any matter is of no effect in relation to those proceedings.

### NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 10 Reference of interpleader issue to arbitration

(1)  Where in legal proceedings relief by way of interpleader is granted and any issue between the claimants is one in respect of which there is an arbitration agreement between them, the court granting the relief shall direct that the issue be determined in accordance with the agreement unless the circumstances are such that proceedings brought by a claimant in respect of the matter would not be stayed.

(2)  Where subsection (1) applies but the court does not direct that the issue be determined in accordance with the arbitration agreement, any provision that an award is a condition precedent to the bringing of legal proceedings in respect of any matter shall not affect the determination of that issue by the court.

### NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
     This section does not extend to Scotland: see s 108(1).

**11 Retention of security where Admiralty proceedings stayed**

(1)  Where Admiralty proceedings are stayed on the ground that the dispute in question
should be submitted to arbitration, the court granting the stay may, if in those proceedings
property has been arrested or bail or other security has been given to prevent or obtain
release from arrest—

          (a)    order that the property arrested be retained as security for the
                 satisfaction of any award given in the arbitration in respect of that dispute,
                 or

          (b)    order that the stay of those proceedings be conditional on the provision
                 of equivalent security for the satisfaction of any such award.

(2)  Subject to any provision made by rules of court and to any necessary modifications,
the same law and practice shall apply in relation to property retained in pursuance of an
order as would apply if it were held for the purposes of proceedings in the court making the
order.

**NOTES**

**Initial Commencement**
     *To be appointed*
     To be appointed: see s 109(1).

**Appointment**
     Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
     see art 4, Sch 2 thereto.

**Extent**
     This section does not extend to Scotland: see s 108(1).

*Commencement of arbitral proceedings*

**12 Power of court to extend time for beginning arbitral proceedings, &c**

(1)  Where an arbitration agreement to refer future disputes to arbitration provides that a
claim shall be barred, or the claimant's right extinguished, unless the claimant takes within
a time fixed by the agreement some step—

          (a)    to begin arbitral proceedings, or

          (b)    to begin other dispute resolution procedures which must be exhausted
                 before arbitral proceedings can be begun,

the court may by order extend the time for taking that step.

(2)   Any party to the arbitration agreement may apply for such an order (upon notice to the other parties), but only after a claim has arisen and after exhausting any available arbitral process for obtaining an extension of time.

(3)   The court shall make an order only if satisfied—

    (a)    that the circumstances are such as were outside the reasonable contemplation of the parties when they agreed the provision in question, and that it would be just to extend the time, or

    (b)    that the conduct of one party makes it unjust to hold the other party to the strict terms of the provision in question.

(4)   The court may extend the time for such period and on such terms as it thinks fit, and may do so whether or not the time previously fixed (by agreement or by a previous order) has expired.

(5)   An order under this section does not affect the operation of the Limitation Acts (see section 13).

(6)   The leave of the court is required for any appeal from a decision of the court under this section.

**NOTES**

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

**13 Application of Limitation Acts**

(1)   The Limitation Acts apply to arbitral proceedings as they apply to legal proceedings.

(2)   The court may order that in computing the time prescribed by the Limitation Acts for the commencement of proceedings (including arbitral proceedings) in respect of a dispute which was the subject matter—

    (a)    of an award which the court orders to be set aside or declares to be of no effect, or

     (b)    of the affected part of an award which the court orders to be set aside in part, or declares to be in part of no effect,

the period between the commencement of the arbitration and the date of the order referred to in paragraph (a) or (b) shall be excluded.

(3)  In determining for the purposes of the Limitation Acts when a cause of action accrued, any provision that an award is a condition precedent to the bringing of legal proceedings in respect of a matter to which an arbitration agreement applies shall be disregarded.

(4)  In this Part "the Limitation Acts" means—

     (a)    in England and Wales, the Limitation Act 1980, the Foreign Limitation Periods Act 1984 and any other enactment (whenever passed) relating to the limitation of actions;

     (b)    in Northern Ireland, the Limitation (Northern Ireland) Order 1989, the Foreign Limitation Periods (Northern Ireland) Order 1985 and any other enactment (whenever passed) relating to the limitation of actions.

## NOTES

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

## 14 Commencement of arbitral proceedings

(1)  The parties are free to agree when arbitral proceedings are to be regarded as commenced for the purposes of this Part and for the purposes of the Limitation Acts.

(2)  If there is no such agreement the following provisions apply.

(3)  Where the arbitrator is named or designated in the arbitration agreement, arbitral proceedings are commenced in respect of a matter when one party serves on the other party or parties a notice in writing requiring him or them to submit that matter to the person so named or designated.

(4)  Where the arbitrator or arbitrators are to be appointed by the parties, arbitral proceedings are commenced in respect of a matter when one party serves on the other party or parties notice in writing requiring him or them to appoint an arbitrator or to agree to

the appointment of an arbitrator in respect of that matter.

(5)  Where the arbitrator or arbitrators are to be appointed by a person other than a party to the proceedings, arbitral proceedings are commenced in respect of a matter when one party gives notice in writing to that person requesting him to make the appointment in respect of that matter.

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

*The arbitral tribunal*

**15 The arbitral tribunal**

(1)  The parties are free to agree on the number of arbitrators to form the tribunal and whether there is to be a chairman or umpire.

(2)  Unless otherwise agreed by the parties, an agreement that the number of arbitrators shall be two or any other even number shall be understood as requiring the appointment of an additional arbitrator as chairman of the tribunal.

(3)  If there is no agreement as to the number of arbitrators, the tribunal shall consist of a sole arbitrator.

**NOTES**

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

**16 Procedure for appointment of arbitrators**

(1)  The parties are free to agree on the procedure for appointing the arbitrator or

arbitrators, including the procedure for appointing any chairman or umpire.

(2)  If or to the extent that there is no such agreement, the following provisions apply.

(3)  If the tribunal is to consist of a sole arbitrator, the parties shall jointly appoint the arbitrator not later than 28 days after service of a request in writing by either party to do so.

(4)  If the tribunal is to consist of two arbitrators, each party shall appoint one arbitrator not later than 14 days after service of a request in writing by either party to do so.

(5)  If the tribunal is to consist of three arbitrators—

> (a)     each party shall appoint one arbitrator not later than 14 days after service of a request in writing by either party to do so, and

> (b)     the two so appointed shall forthwith appoint a third arbitrator as the chairman of the tribunal.

(6)  If the tribunal is to consist of two arbitrators and an umpire—

> (a)     each party shall appoint one arbitrator not later than 14 days after service of a request in writing by either party to do so, and

> (b)     the two so appointed may appoint an umpire at any time after they themselves are appointed and shall do so before any substantive hearing or forthwith if they cannot agree on a matter relating to the arbitration.

(7)  In any other case (in particular, if there are more than two parties) section 18 applies as in the case of a failure of the agreed appointment procedure.

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**17 Power in case of default to appoint sole arbitrator**

(1)  Unless the parties otherwise agree, where each of two parties to an arbitration agreement is to appoint an arbitrator and one party ("the party in default") refuses to do so,

or fails to do so within the time specified, the other party, having duly appointed his arbitrator, may give notice in writing to the party in default that he proposes to appoint his arbitrator to act as sole arbitrator.

(2)  If the party in default does not within 7 clear days of that notice being given—

> (a)   make the required appointment, and

> (b)   notify the other party that he has done so,

the other party may appoint his arbitrator as sole arbitrator whose award shall be binding on both parties as if he had been so appointed by agreement.

(3)  Where a sole arbitrator has been appointed under subsection (2), the party in default may (upon notice to the appointing party) apply to the court which may set aside the appointment.

(4)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

## 18 Failure of appointment procedure

(1)  The parties are free to agree what is to happen in the event of a failure of the procedure for the appointment of the arbitral tribunal.

There is no failure if an appointment is duly made under section 17 (power in case of default to appoint sole arbitrator), unless that appointment is set aside.

(2)  If or to the extent that there is no such agreement any party to the arbitration agreement may (upon notice to the other parties) apply to the court to exercise its powers under this section.

(3)  Those powers are—

    (a)     to give directions as to the making of any necessary appointments;

    (b)     to direct that the tribunal shall be constituted by such appointments (or any one or more of them) as have been made;

    (c)     to revoke any appointments already made;

    (d)     to make any necessary appointments itself.

(4)  An appointment made by the court under this section has effect as if made with the agreement of the parties.

(5)  The leave of the court is required for any appeal from a decision of the court under this section.

**NOTES**

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**19 Court to have regard to agreed qualifications**

In deciding whether to exercise, and in considering how to exercise, any of its powers under section 16 (procedure for appointment of arbitrators) or section 18 (failure of appointment procedure), the court shall have due regard to any agreement of the parties as to the qualifications required of the arbitrators.

**NOTES**

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**20 Chairman**

(1)  Where the parties have agreed that there is to be a chairman, they are free to agree what the functions of the chairman are to be in relation to the making of decisions, orders and awards.

(2)  If or to the extent that there is no such agreement, the following provisions apply.

(3)  Decisions, orders and awards shall be made by all or a majority of the arbitrators (including the chairman).

(4)  The view of the chairman shall prevail in relation to a decision, order or award in respect of which there is neither unanimity nor a majority under subsection (3).

## NOTES

### Initial Commencement
#### To be appointed
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

### 21 Umpire

(1)  Where the parties have agreed that there is to be an umpire, they are free to agree what the functions of the umpire are to be, and in particular—

> (a)     whether he is to attend the proceedings, and

> (b)     when he is to replace the other arbitrators as the tribunal with power to make decisions, orders and awards.

(2)  If or to the extent that there is no such agreement, the following provisions apply.

(3)  The umpire shall attend the proceedings and be supplied with the same documents and other materials as are supplied to the other arbitrators.

(4)  Decisions, orders and awards shall be made by the other arbitrators unless and until they cannot agree on a matter relating to the arbitration.

In that event they shall forthwith give notice in writing to the parties and the umpire, whereupon the umpire shall replace them as the tribunal with power to make decisions, orders and awards as if he were sole arbitrator.

(5)  If the arbitrators cannot agree but fail to give notice of that fact, or if any of them fails to join in the giving of notice, any party to the arbitral proceedings may (upon notice to the other parties and to the tribunal) apply to the court which may order that the umpire shall replace the other arbitrators as the tribunal with power to make decisions, orders and awards as if he were sole arbitrator.

(6)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 22 Decision-making where no chairman or umpire

(1)  Where the parties agree that there shall be two or more arbitrators with no chairman or umpire, the parties are free to agree how the tribunal is to make decisions, orders and awards.

(2)  If there is no such agreement, decisions, orders and awards shall be made by all or a majority of the arbitrators.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 23 Revocation of arbitrator's authority

(1)  The parties are free to agree in what circumstances the authority of an arbitrator may be revoked.

(2)  If or to the extent that there is no such agreement the following provisions apply.

(3)  The authority of an arbitrator may not be revoked except—

    (a)    by the parties acting jointly, or

    (b)    by an arbitral or other institution or person vested by the parties with powers in that regard.

(4)  Revocation of the authority of an arbitrator by the parties acting jointly must be agreed in writing unless the parties also agree (whether or not in writing) to terminate the arbitration agreement.

(5)  Nothing in this section affects the power of the court—

    (a)    to revoke an appointment under section 18 (powers exercisable in case of failure of appointment procedure), or

    (b)    to remove an arbitrator on the grounds specified in section 24.

## NOTES

### Initial Commencement
***To be appointed***
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

### 24 Power of court to remove arbitrator

(1)  A party to arbitral proceedings may (upon notice to the other parties, to the arbitrator concerned and to any other arbitrator) apply to the court to remove an arbitrator on any of the following grounds—

    (a)    that circumstances exist that give rise to justifiable doubts as to his impartiality;

    (b)    that he does not possess the qualifications required by the arbitration agreement;

    (c)    that he is physically or mentally incapable of conducting the proceedings or there are justifiable doubts as to his capacity to do so;

    (d)    that he has refused or failed—

(i)  properly to conduct the proceedings, or

(ii)  to use all reasonable despatch in conducting the proceedings or making an award,

and that substantial injustice has been or will be caused to the applicant.

(2)  If there is an arbitral or other institution or person vested by the parties with power to remove an arbitrator, the court shall not exercise its power of removal unless satisfied that the applicant has first exhausted any available recourse to that institution or person.

(3)  The arbitral tribunal may continue the arbitral proceedings and make an award while an application to the court under this section is pending.

(4)  Where the court removes an arbitrator, it may make such order as it thinks fit with respect to his entitlement (if any) to fees or expenses, or the repayment of any fees or expenses already paid.

(5)  The arbitrator concerned is entitled to appear and be heard by the court before it makes any order under this section.

(6)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 25 Resignation of arbitrator

(1)  The parties are free to agree with an arbitrator as to the consequences of his resignation as regards—

(a)     his entitlement (if any) to fees or expenses, and

(b)     any liability thereby incurred by him.

(2)  If or to the extent that there is no such agreement the following provisions apply.

(3)  An arbitrator who resigns his appointment may (upon notice to the parties) apply to the court—

      (a)     to grant him relief from any liability thereby incurred by him, and

      (b)     to make such order as it thinks fit with respect to his entitlement (if any) to fees or expenses or the repayment of any fees or expenses already paid.

(4)  If the court is satisfied that in all the circumstances it was reasonable for the arbitrator to resign, it may grant such relief as is mentioned in subsection (3)(a) on such terms as it thinks fit.

(5)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 26 Death of arbitrator or person appointing him

(1)  The authority of an arbitrator is personal and ceases on his death.

(2)  Unless otherwise agreed by the parties, the death of the person by whom an arbitrator was appointed does not revoke the arbitrator's authority.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**27 Filling of vacancy, &c**

(1)  Where an arbitrator ceases to hold office, the parties are free to agree—

      (a)     whether and if so how the vacancy is to be filled,

      (b)     whether and if so to what extent the previous proceedings should stand, and

      (c)     what effect (if any) his ceasing to hold office has on any appointment made by him (alone or jointly).

(2)  If or to the extent that there is no such agreement, the following provisions apply.

(3)  The provisions of sections 16 (procedure for appointment of arbitrators) and 18 (failure of appointment procedure) apply in relation to the filling of the vacancy as in relation to an original appointment.

(4)  The tribunal (when reconstituted) shall determine whether and if so to what extent the previous proceedings should stand.

  This does not affect any right of a party to challenge those proceedings on any ground which had arisen before the arbitrator ceased to hold office.

(5)  His ceasing to hold office does not affect any appointment by him (alone or jointly) of another arbitrator, in particular any appointment of a chairman or umpire.

## NOTES

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**28 Joint and several liability of parties to arbitrators for fees and expenses**

(1)  The parties are jointly and severally liable to pay to the arbitrators such reasonable fees and expenses (if any) as are appropriate in the circumstances.

(2)  Any party may apply to the court (upon notice to the other parties and to the

arbitrators) which may order that the amount of the arbitrators' fees and expenses shall be considered and adjusted by such means and upon such terms as it may direct.

(3)  If the application is made after any amount has been paid to the arbitrators by way of fees or expenses, the court may order the repayment of such amount (if any) as is shown to be excessive, but shall not do so unless it is shown that it is reasonable in the circumstances to order repayment.

(4)  The above provisions have effect subject to any order of the court under section 24(4) or 25(3)(b) (order as to entitlement to fees or expenses in case of removal or resignation of arbitrator).

(5)  Nothing in this section affects any liability of a party to any other party to pay all or any of the costs of the arbitration (see sections 59 to 65) or any contractual right of an arbitrator to payment of his fees and expenses.

(6)  In this section references to arbitrators include an arbitrator who has ceased to act and an umpire who has not replaced the other arbitrators.

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

### 29 Immunity of arbitrator

(1)  An arbitrator is not liable for anything done or omitted in the discharge or purported discharge of his functions as arbitrator unless the act or omission is shown to have been in bad faith.

(2)  Subsection (1) applies to an employee or agent of an arbitrator as it applies to the arbitrator himself.

(3)  This section does not affect any liability incurred by an arbitrator by reason of his resigning (but see section 25).

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

*Jurisdiction of the arbitral tribunal*

## 30 Competence of tribunal to rule on its own jurisdiction

(1)  Unless otherwise agreed by the parties, the arbitral tribunal may rule on its own substantive jurisdiction, that is, as to—

    (a)    whether there is a valid arbitration agreement,

    (b)    whether the tribunal is properly constituted, and

    (c)    what matters have been submitted to arbitration in accordance with the arbitration agreement.

(2)  Any such ruling may be challenged by any available arbitral process of appeal or review or in accordance with the provisions of this Part.

### NOTES

**Initial Commencement**
**To be appointed**
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 31 Objection to substantive jurisdiction of tribunal

(1)  An objection that the arbitral tribunal lacks substantive jurisdiction at the outset of the proceedings must be raised by a party not later than the time he takes the first step in the proceedings to contest the merits of any matter in relation to which he challenges the tribunal's jurisdiction.

A party is not precluded from raising such an objection by the fact that he has appointed or participated in the appointment of an arbitrator.

(2)  Any objection during the course of the arbitral proceedings that the arbitral tribunal is

exceeding its substantive jurisdiction must be made as soon as possible after the matter alleged to be beyond its jurisdiction is raised.

(3)  The arbitral tribunal may admit an objection later than the time specified in subsection (1) or (2) if it considers the delay justified.

(4)  Where an objection is duly taken to the tribunal's substantive jurisdiction and the tribunal has power to rule on its own jurisdiction, it may—

> (a)     rule on the matter in an award as to jurisdiction, or

> (b)     deal with the objection in its award on the merits.

  If the parties agree which of these courses the tribunal should take, the tribunal shall proceed accordingly.

(5)  The tribunal may in any case, and shall if the parties so agree, stay proceedings whilst an application is made to the court under section 32 (determination of preliminary point of jurisdiction).

## NOTES

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

## 32 Determination of preliminary point of jurisdiction

(1)  The court may, on the application of a party to arbitral proceedings (upon notice to the other parties), determine any question as to the substantive jurisdiction of the tribunal.

  A party may lose the right to object (see section 73).

(2)  An application under this section shall not be considered unless—

> (a)     it is made with the agreement in writing of all the other parties to the proceedings, or

> (b)     it is made with the permission of the tribunal and the court is satisfied—

(i)  that the determination of the question is likely to produce substantial savings in costs,

(ii)  that the application was made without delay, and

(iii)  that there is good reason why the matter should be decided by the court.

(3)  An application under this section, unless made with the agreement of all the other parties to the proceedings, shall state the grounds on which it is said that the matter should be decided by the court.

(4)  Unless otherwise agreed by the parties, the arbitral tribunal may continue the arbitral proceedings and make an award while an application to the court under this section is pending.

(5)  Unless the court gives leave, no appeal lies from a decision of the court whether the conditions specified in subsection (2) are met.

(6)  The decision of the court on the question of jurisdiction shall be treated as a judgment of the court for the purposes of an appeal.

But no appeal lies without the leave of the court which shall not be given unless the court considers that the question involves a point of law which is one of general importance or is one which for some other special reason should be considered by the Court of Appeal.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).


*The arbitral proceedings*


## 33 General duty of the tribunal

(1) The tribunal shall—

(a)    act fairly and impartially as between the parties, giving each party a reasonable opportunity of putting his case and dealing with that of his opponent, and

(b)    adopt procedures suitable to the circumstances of the particular case, avoiding unnecessary delay or expense, so as to provide a fair means for the resolution of the matters falling to be determined.

(2)  The tribunal shall comply with that general duty in conducting the arbitral proceedings, in its decisions on matters of procedure and evidence and in the exercise of all other powers conferred on it.

**NOTES**

**Initial Commencement**
**To be appointed**
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**34 Procedural and evidential matters**

(1)  It shall be for the tribunal to decide all procedural and evidential matters, subject to the right of the parties to agree any matter.

(2)  Procedural and evidential matters include—

(a)    when and where any part of the proceedings is to be held;

(b)    the language or languages to be used in the proceedings and whether translations of any relevant documents are to be supplied;

(c)    whether any and if so what form of written statements of claim and defence are to be used, when these should be supplied and the extent to which such statements can be later amended;

(d)    whether any and if so which documents or classes of documents should be disclosed between and produced by the parties and at what stage;

(e)    whether any and if so what questions should be put to and answered by the respective parties and when and in what form this should be done;

(f)    whether to apply strict rules of evidence (or any other rules) as to the admissibility, relevance or weight of any material (oral, written or other) sought to be tendered on any matters of fact or opinion, and the time, manner and form in which such material should be exchanged and presented;

(g)    whether and to what extent the tribunal should itself take the initiative in ascertaining the facts and the law;

(h)    whether and to what extent there should be oral or written evidence or submissions.

(3)  The tribunal may fix the time within which any directions given by it are to be complied with, and may if it thinks fit extend the time so fixed (whether or not it has expired).

### NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 35 Consolidation of proceedings and concurrent hearings

(1)  The parties are free to agree—

(a)    that the arbitral proceedings shall be consolidated with other arbitral proceedings, or

(b)    that concurrent hearings shall be held,

on such terms as may be agreed.

(2)  Unless the parties agree to confer such power on the tribunal, the tribunal has no power to order consolidation of proceedings or concurrent hearings.

### NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 36 Legal or other representation

Unless otherwise agreed by the parties, a party to arbitral proceedings may be represented in the proceedings by a lawyer or other person chosen by him.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

### 37 Power to appoint experts, legal advisers or assessors

(1) Unless otherwise agreed by the parties—

    (a)    the tribunal may—

        (i)  appoint experts or legal advisers to report to it and the parties, or

        (ii)  appoint assessors to assist it on technical matters,

and may allow any such expert, legal adviser or assessor to attend the proceedings; and

    (b)    the parties shall be given a reasonable opportunity to comment on any information, opinion or advice offered by any such person.

(2) The fees and expenses of an expert, legal adviser or assessor appointed by the tribunal for which the arbitrators are liable are expenses of the arbitrators for the purposes of this Part.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

### 38 General powers exercisable by the tribunal

(1)   The parties are free to agree on the powers exercisable by the arbitral tribunal for the purposes of and in relation to the proceedings.

(2)   Unless otherwise agreed by the parties the tribunal has the following powers.

(3)   The tribunal may order a claimant to provide security for the costs of the arbitration.

This power shall not be exercised on the ground that the claimant is—

   (a)   an individual ordinarily resident outside the United Kingdom, or

   (b)   a corporation or association incorporated or formed under the law of a country outside the United Kingdom, or whose central management and control is exercised outside the United Kingdom.

(4)   The tribunal may give directions in relation to any property which is the subject of the proceedings or as to which any question arises in the proceedings, and which is owned by or is in the possession of a party to the proceedings—

   (a)   for the inspection, photographing, preservation, custody or detention of the property by the tribunal, an expert or a party, or

   (b)   ordering that samples be taken from, or any observation be made of or experiment conducted upon, the property.

(5)   The tribunal may direct that a party or witness shall be examined on oath or affirmation, and may for that purpose administer any necessary oath or take any necessary affirmation.

(6)   The tribunal may give directions to a party for the preservation for the purposes of the proceedings of any evidence in his custody or control.

### NOTES

**Initial Commencement**
   ***To be appointed***
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

**39 Power to make provisional awards**

(1)  The parties are free to agree that the tribunal shall have power to order on a provisional basis any relief which it would have power to grant in a final award.

(2)  This includes, for instance, making—

     (a)    a provisional order for the payment of money or the disposition of property as between the parties, or

     (b)    an order to make an interim payment on account of the costs of the arbitration.

(3)  Any such order shall be subject to the tribunal's final adjudication; and the tribunal's `nal award, on the merits or as to costs, shall take account of any such order.

(4)  Unless the parties agree to confer such power on the tribunal, the tribunal has no such power.

  This does not affect its powers under section 47 (awards on different issues, &c).

### NOTES

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

**40 General duty of parties**

(1)  The parties shall do all things necessary for the proper and expeditious conduct of the arbitral proceedings.

(2)  This includes—

     (a)    complying without delay with any determination of the tribunal as to procedural or evidential matters, or with any order or directions of the tribunal, and

     (b)

        where appropriate, taking without delay any necessary steps to obtain a decision of the court on a preliminary question of jurisdiction or law (see

sections 32 and 45).

## NOTES

### Initial Commencement
#### *To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

### 41 Powers of tribunal in case of party's default

'1)  The parties are free to agree on the powers of the tribunal in case of a party's failure to do something necessary for the proper and expeditious conduct of the arbitration.

(2)  Unless otherwise agreed by the parties, the following provisions apply.

(3)  If the tribunal is satisfied that there has been inordinate and inexcusable delay on the part of the claimant in pursuing his claim and that the delay—

> (a)     gives rise, or is likely to give rise, to a substantial risk that it is not possible to have a fair resolution of the issues in that claim, or

> (b)     has caused, or is likely to cause, serious prejudice to the respondent,

the tribunal may make an award dismissing the claim.

(4)  If without showing sufficient cause a party—

> (a)     fails to attend or be represented at an oral hearing of which due notice was given, or

> (b)     where matters are to be dealt with in writing, fails after due notice to submit written evidence or make written submissions,

the tribunal may continue the proceedings in the absence of that party or, as the case may be, without any written evidence or submissions on his behalf, and may make an award on the basis of the evidence before it.

(5)  If without showing sufficient cause a party fails to comply with any order or directions of the tribunal, the tribunal may make a peremptory order to the same effect, prescribing such time for compliance with it as the tribunal considers appropriate.

(6)  If a claimant fails to comply with a peremptory order of the tribunal to provide security for costs, the tribunal may make an award dismissing his claim.

(7)  If a party fails to comply with any other kind of peremptory order, then, without prejudice to section 42 (enforcement by court of tribunal's peremptory orders), the tribunal may do any of the following—

  (a)  direct that the party in default shall not be entitled to rely upon any allegation or material which was the subject matter of the order;

  (b)  draw such adverse inferences from the act of non-compliance as the circumstances justify;

  (c)  proceed to an award on the basis of such materials as have been properly provided to it;

  (d)  make such order as it thinks fit as to the payment of costs of the arbitration incurred in consequence of the non-compliance.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

*Powers of court in relation to arbitral proceedings*

## 42 Enforcement of peremptory orders of tribunal

(1)  Unless otherwise agreed by the parties, the court may make an order requiring a party to comply with a peremptory order made by the tribunal.

(2)  An application for an order under this section may be made—

  (a)  by the tribunal (upon notice to the parties),

  (b)  by a party to the arbitral proceedings with the permission of the tribunal (and upon notice to the other parties), or

  (c)  where the parties have agreed that the powers of the court under this

section shall be available.

(3) The court shall not act unless it is satisfied that the applicant has exhausted any available arbitral process in respect of failure to comply with the tribunal's order.

(4) No order shall be made under this section unless the court is satisfied that the person to whom the tribunal's order was directed has failed to comply with it within the time prescribed in the order or, if no time was prescribed, within a reasonable time.

(5) The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
>  *To be appointed*
>  To be appointed: see s 109(1).

**Appointment**
>  Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
>  This section does not extend to Scotland: see s 108(1).

### 43 Securing the attendance of witnesses

(1) A party to arbitral proceedings may use the same court procedures as are available in relation to legal proceedings to secure the attendance before the tribunal of a witness in order to give oral testimony or to produce documents or other material evidence.

(2) This may only be done with the permission of the tribunal or the agreement of the other parties.

(3) The court procedures may only be used if—

>  (a)    the witness is in the United Kingdom, and

>  (b)    the arbitral proceedings are being conducted in England and Wales or, as the case may be, Northern Ireland.

(4) A person shall not be compelled by virtue of this section to produce any document or other material evidence which he could not be compelled to produce in legal proceedings.

## NOTES

**Initial Commencement**

>  *To be appointed*

To be appointed: see s 109(1).

**Appointment**

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 44 Court powers exercisable in support of arbitral proceedings

(1)  Unless otherwise agreed by the parties, the court has for the purposes of and in relation to arbitral proceedings the same power of making orders about the matters listed below as it has for the purposes of and in relation to legal proceedings.

(2)  Those matters are—

    (a)    the taking of the evidence of witnesses;

    (b)    the preservation of evidence;

    (c)    making orders relating to property which is the subject of the proceedings or as to which any question arises in the proceedings—

        (i)  for the inspection, photographing, preservation, custody or detention of the property, or

        (ii)  ordering that samples be taken from, or any observation be made of or experiment conducted upon, the property;

and for that purpose authorising any person to enter any premises in the possession or control of a party to the arbitration;

    (d)    the sale of any goods the subject of the proceedings;

    (e)    the granting of an interim injunction or the appointment of a receiver.

(3)  If the case is one of urgency, the court may, on the application of a party or proposed party to the arbitral proceedings, make such orders as it thinks necessary for the purpose of preserving evidence or assets.

(4)  If the case is not one of urgency, the court shall act only on the application of a party to the arbitral proceedings (upon notice to the other parties and to the tribunal) made with the permission of the tribunal or the agreement in writing of the other parties.

(5)  In any case the court shall act only if or to the extent that the arbitral tribunal, and any arbitrator or other institution or person vested by the parties with power in that regard, has no

power or is unable for the time being to act effectively.

(6)  If the court so orders, an order made by it under this section shall cease to have effect in whole or in part on the order of the tribunal or of any such arbitral or other institution or person having power to act in relation to the subject-matter of the order.

(7)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 45 Determination of preliminary point of law

(1)  Unless otherwise agreed by the parties, the court may on the application of a party to arbitral proceedings (upon notice to the other parties) determine any question of law arising in the course of the proceedings which the court is satisfied substantially affects the rights of one or more of the parties.

  An agreement to dispense with reasons for the tribunal's award shall be considered an agreement to exclude the court's jurisdiction under this section.

(2)  An application under this section shall not be considered unless—

        (a)      it is made with the agreement of all the other parties to the proceedings, or

        (b)      it is made with the permission of the tribunal and the court is satisfied—

              (i)  that the determination of the question is likely to produce substantial savings in costs, and

              (ii)  that the application was made without delay.

(3)  The application shall identify the question of law to be determined and, unless made with the agreement of all the other parties to the proceedings, shall state the grounds on which it is said that the question should be decided by the court.

(4) Unless otherwise agreed by the parties, the arbitral tribunal may continue the arbitral proceedings and make an award while an application to the court under this section is pending.

(5) Unless the court gives leave, no appeal lies from a decision of the court whether the conditions specified in subsection (2) are met.

(6) The decision of the court on the question of law shall be treated as a judgment of the court for the purposes of an appeal.

But no appeal lies without the leave of the court which shall not be given unless the court considers that the question is one of general importance, or is one which for some other special reason should be considered by the Court of Appeal.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

*The award*

## 46 Rules applicable to substance of dispute

(1) The arbitral tribunal shall decide the dispute—

    (a)   in accordance with the law chosen by the parties as applicable to the substance of the dispute, or

    (b)   if the parties so agree, in accordance with such other considerations as are agreed by them or determined by the tribunal.

(2) For this purpose the choice of the laws of a country shall be understood to refer to the substantive laws of that country and not its conflict of laws rules.

(3) If or to the extent that there is no such choice or agreement, the tribunal shall apply the law determined by the conflict of laws rules which it considers applicable.

## NOTES

### Initial Commencement

*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 47 Awards on different issues, &c

(1)  Unless otherwise agreed by the parties, the tribunal may make more than one award at different times on different aspects of the matters to be determined.

(2)  The tribunal may, in particular, make an award relating—

      (a)     to an issue affecting the whole claim, or

      (b)     to a part only of the claims or cross-claims submitted to it for decision.

(3)  If the tribunal does so, it shall specify in its award the issue, or the claim or part of a claim, which is the subject matter of the award.

### NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 48 Remedies

(1)  The parties are free to agree on the powers exercisable by the arbitral tribunal as regards remedies.

(2)  Unless otherwise agreed by the parties, the tribunal has the following powers.

(3)  The tribunal may make a declaration as to any matter to be determined in the proceedings.

(4)  The tribunal may order the payment of a sum of money, in any currency.

(5)  The tribunal has the same powers as the court—

    (a)    to order a party to do or refrain from doing anything;

    (b)    to order specific performance of a contract (other than a contract relating to land);

    (c)    to order the rectification, setting aside or cancellation of a deed or other document.

## NOTES

### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 49 Interest

(1)  The parties are free to agree on the powers of the tribunal as regards the award of interest.

(2)  Unless otherwise agreed by the parties the following provisions apply.

(3)  The tribunal may award simple or compound interest from such dates, at such rates and with such rests as it considers meets the justice of the case—

    (a)    on the whole or part of any amount awarded by the tribunal, in respect of any period up to the date of the award;

    (b)    on the whole or part of any amount claimed in the arbitration and outstanding at the commencement of the arbitral proceedings but paid before the award was made, in respect of any period up to the date of payment.

(4)  The tribunal may award simple or compound interest from the date of the award (or any later date) until payment, at such rates and with such rests as it considers meets the justice of the case, on the outstanding amount of any award (including any award of interest under subsection (3) and any award as to costs).

(5)  References in this section to an amount awarded by the tribunal include an amount

payable in consequence of a declaratory award by the tribunal.

(6)   The above provisions do not affect any other power of the tribunal to award interest.

**NOTES**

**Initial Commencement**
>    *To be appointed*
>    To be appointed: see s 109(1).

**Appointment**
>    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
>    see art 4, Sch 2 thereto.

**Extent**
>    This section does not extend to Scotland: see s 108(1).

**50 Extension of time for making award**

(1)   Where the time for making an award is limited by or in pursuance of the arbitration
agreement, then, unless otherwise agreed by the parties, the court may in accordance with
the following provisions by order extend that time.

(2)   An application for an order under this section may be made—

>    (a)     by the tribunal (upon notice to the parties), or

>    (b)     by any party to the proceedings (upon notice to the tribunal and the other
>    parties),

but only after exhausting any available arbitral process for obtaining an extension of time.

(3)   The court shall only make an order if satisfied that a substantial injustice would
otherwise be done.

(4)   The court may extend the time for such period and on such terms as it thinks fit, and
may do so whether or not the time previously fixed (by or under the agreement or by a
previous order) has expired.

(5)   The leave of the court is required for any appeal from a decision of the court under this
section.

**NOTES**

**Initial Commencement**
>    *To be appointed*
>    To be appointed: see s 109(1).

**Appointment**

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 51 Settlement

(1) If during arbitral proceedings the parties settle the dispute, the following provisions apply unless otherwise agreed by the parties.

(2) The tribunal shall terminate the substantive proceedings and, if so requested by the parties and not objected to by the tribunal, shall record the settlement in the form of an agreed award.

(3) An agreed award shall state that it is an award of the tribunal and shall have the same status and effect as any other award on the merits of the case.

(4) The following provisions of this Part relating to awards (sections 52 to 58) apply to an agreed award.

(5) Unless the parties have also settled the matter of the payment of the costs of the arbitration, the provisions of this Part relating to costs (sections 59 to 65) continue to apply.

**NOTES**

**Initial Commencement**

*To be appointed*

To be appointed: see s 109(1).

**Appointment**

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 52 Form of award

(1) The parties are free to agree on the form of an award.

(2) If or to the extent that there is no such agreement, the following provisions apply.

(3) The award shall be in writing signed by all the arbitrators or all those assenting to the award.

(4) The award shall contain the reasons for the award unless it is an agreed award or the

parties have agreed to dispense with reasons.

(5)  The award shall state the seat of the arbitration and the date when the award is made.

### NOTES
#### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

#### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

#### Extent
This section does not extend to Scotland: see s 108(1).

### 53 Place where award treated as made

Unless otherwise agreed by the parties, where the seat of the arbitration is in England and Wales or Northern Ireland, any award in the proceedings shall be treated as made there, regardless of where it was signed, despatched or delivered to any of the parties.

### NOTES
#### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

#### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

#### Extent
This section does not extend to Scotland: see s 108(1).

### 54 Date of award

(1)  Unless otherwise agreed by the parties, the tribunal may decide what is to be taken to be the date on which the award was made.

(2)  In the absence of any such decision, the date of the award shall be taken to be the date on which it is signed by the arbitrator or, where more than one arbitrator signs the award, by the last of them.

### NOTES
#### Initial Commencement
*To be appointed*
To be appointed: see s 109(1).

#### Appointment

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 55 Notification of award

(1)   The parties are free to agree on the requirements as to notification of the award to the parties.

(2)   If there is no such agreement, the award shall be notified to the parties by service on them of copies of the award, which shall be done without delay after the award is made.

(3)   Nothing in this section affects section 56 (power to withhold award in case of non-payment).

### NOTES

**Initial Commencement**
   ***To be appointed***
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

## 56 Power to withhold award in case of non-payment

(1)   The tribunal may refuse to deliver an award to the parties except upon full payment of the fees and expenses of the arbitrators.

(2)   If the tribunal refuses on that ground to deliver an award, a party to the arbitral proceedings may (upon notice to the other parties and the tribunal) apply to the court, which may order that—

(a)   the tribunal shall deliver the award on the payment into court by the applicant of the fees and expenses demanded, or such lesser amount as the court may specify,

(b)   the amount of the fees and expenses properly payable shall be determined by such means and upon such terms as the court may direct, and

(c)   out of the money paid into court there shall be paid out such fees and expenses as may be found to be properly payable and the balance of the

money (if any) shall be paid out to the applicant.

(3)  For this purpose the amount of fees and expenses properly payable is the amount the applicant is liable to pay under section 28 or any agreement relating to the payment of the arbitrators.

(4)  No application to the court may be made where there is any available arbitral process for appeal or review of the amount of the fees or expenses demanded.

(5)  References in this section to arbitrators include an arbitrator who has ceased to act and an umpire who has not replaced the other arbitrators.

(6)  The above provisions of this section also apply in relation to any arbitral or other institution or person vested by the parties with powers in relation to the delivery of the tribunal's award.

   As they so apply, the references to the fees and expenses of the arbitrators shall be construed as including the fees and expenses of that institution or person.

(7)  The leave of the court is required for any appeal from a decision of the court under this section.

(8)  Nothing in this section shall be construed as excluding an application under section 28 where payment has been made to the arbitrators in order to obtain the award.

## NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

## 57 Correction of award or additional award

(1)  The parties are free to agree on the powers of the tribunal to correct an award or make an additional award.

(2)  If or to the extent there is no such agreement, the following provisions apply.

(3)  The tribunal may on its own initiative or on the application of a party—

(a)   correct an award so as to remove any clerical mistake or error arising from an accidental slip or omission or clarify or remove any ambiguity in the award, or

(b)   make an additional award in respect of any claim (including a claim for interest or costs) which was presented to the tribunal but was not dealt with in the award.

These powers shall not be exercised without first affording the other parties a reasonable opportunity to make representations to the tribunal.

(4)  Any application for the exercise of those powers must be made within 28 days of the date of the award or such longer period as the parties may agree.

(5)  Any correction of an award shall be made within 28 days of the date the application was received by the tribunal or, where the correction is made by the tribunal on its own initiative, within 28 days of the date of the award or, in either case, such longer period as the parties may agree.

(6)  Any additional award shall be made within 56 days of the date of the original award or such longer period as the parties may agree.

(7)  Any correction of an award shall form part of the award.

## NOTES
### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 58 Effect of award

(1)  Unless otherwise agreed by the parties, an award made by the tribunal pursuant to an arbitration agreement is final and binding both on the parties and on any persons claiming through or under them.

(2)  This does not affect the right of a person to challenge the award by any available arbitral process of appeal or review or in accordance with the provisions of this Part.

## NOTES
### Initial Commencement

> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

*Costs of the arbitration*

**59 Costs of the arbitration**

(1) References in this Part to the costs of the arbitration are to—

    (a)    the arbitrators' fees and expenses,

    (b)    the fees and expenses of any arbitral institution concerned, and

    (c)    the legal or other costs of the parties.

(2) Any such reference includes the costs of or incidental to any proceedings to determine
the amount of the recoverable costs of the arbitration (see section 63).

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**60 Agreement to pay costs in any event**

An agreement which has the effect that a party is to pay the whole or part of the costs of
the arbitration in any event is only valid if made after the dispute in question has arisen.

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions

see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 61 Award of costs

(1)   The tribunal may make an award allocating the costs of the arbitration as between the parties, subject to any agreement of the parties.

(2)   Unless the parties otherwise agree, the tribunal shall award costs on the general principle that costs should follow the event except where it appears to the tribunal that in the circumstances this is not appropriate in relation to the whole or part of the costs.

### NOTES

**Initial Commencement**

**To be appointed**

To be appointed: see s 109(1).

**Appointment**

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 62 Effect of agreement or award about costs

Unless the parties otherwise agree, any obligation under an agreement between them as to how the costs of the arbitration are to be borne, or under an award allocating the costs of the arbitration, extends only to such costs as are recoverable.

### NOTES

**Initial Commencement**

**To be appointed**

To be appointed: see s 109(1).

**Appointment**

Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

## 63 The recoverable costs of the arbitration

(1)   The parties are free to agree what costs of the arbitration are recoverable.

(2)   If or to the extent there is no such agreement, the following provisions apply.

(3)  The tribunal may determine by award the recoverable costs of the arbitration on such basis as it thinks fit.

If it does so, it shall specify—

    (a)    the basis on which it has acted, and

    (b)    the items of recoverable costs and the amount referable to each.

(4)  If the tribunal does not determine the recoverable costs of the arbitration, any party to the arbitral proceedings may apply to the court (upon notice to the other parties) which may—

    (a)    determine the recoverable costs of the arbitration on such basis as it thinks fit, or

    (b)    order that they shall be determined by such means and upon such terms as it may specify.

(5)  Unless the tribunal or the court determines otherwise—

    (a)    the recoverable costs of the arbitration shall be determined on the basis that there shall be allowed a reasonable amount in respect of all costs reasonably incurred, and

    (b)    any doubt as to whether costs were reasonably incurred or were reasonable in amount shall be resolved in favour of the paying party.

(6)  The above provisions have effect subject to section 64 (recoverable fees and expenses of arbitrators).

(7)  Nothing in this section affects any right of the arbitrators, any expert, legal adviser or assessor appointed by the tribunal, or any arbitral institution, to payment of their fees and expenses.

## NOTES

### Initial Commencement
***To be appointed***
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

**64 Recoverable fees and expenses of arbitrators**

(1)  Unless otherwise agreed by the parties, the recoverable costs of the arbitration shall include in respect of the fees and expenses of the arbitrators only such reasonable fees and expenses as are appropriate in the circumstances.

(2)  If there is any question as to what reasonable fees and expenses are appropriate in the circumstances, and the matter is not already before the court on an application under section 63(4), the court may on the application of any party (upon notice to the other parties)—

> (a)     determine the matter, or

> (b)     order that it be determined by such means and upon such terms as the court may specify.

(3)  Subsection (1) has effect subject to any order of the court under section 24(4) or 25(3)(b) (order as to entitlement to fees or expenses in case of removal or resignation of arbitrator).

(4)  Nothing in this section affects any right of the arbitrator to payment of his fees and expenses.

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**65 Power to limit recoverable costs**

(1)  Unless otherwise agreed by the parties, the tribunal may direct that the recoverable costs of the arbitration, or of any part of the arbitral proceedings, shall be limited to a specified amount.

(2)  Any direction may be made or varied at any stage, but this must be done sufficiently in advance of the incurring of costs to which it relates, or the taking of any steps in the proceedings which may be affected by it, for the limit to be taken into account.

**NOTES**

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

*Powers of the court in relation to award*

### 66 Enforcement of the award

(1)  An award made by the tribunal pursuant to an arbitration agreement may, by leave of
court, be enforced in the same manner as a judgment or order of the court to the same
effect.

(2)  Where leave is so given, judgment may be entered in terms of the award.

(3)  Leave to enforce an award shall not be given where, or to the extent that, the person
against whom it is sought to be enforced shows that the tribunal lacked substantive
jurisdiction to make the award.

 The right to raise such an objection may have been lost (see section 73).

(4)  Nothing in this section affects the recognition or enforcement of an award under any
other enactment or rule of law, in particular under Part II of the Arbitration Act 1950
(enforcement of awards under Geneva Convention) or the provisions of Part III of this Act
relating to the recognition and enforcement of awards under the New York Convention or
by an action on the award.

**NOTES**

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 67 Challenging the award: substantive jurisdiction

(1)  A party to arbitral proceedings may (upon notice to the other parties and to the