tribunal) apply to the court—

(a)    challenging any award of the arbitral tribunal as to its substantive jurisdiction; or

(b)    for an order declaring an award made by the tribunal on the merits to be of no effect, in whole or in part, because the tribunal did not have substantive jurisdiction.

A party may lose the right to object (see section 73) and the right to apply is subject to the restrictions in section 70(2) and (3).

(2)  The arbitral tribunal may continue the arbitral proceedings and make a further award while an application to the court under this section is pending in relation to an award as to jurisdiction.

(3)  On an application under this section challenging an award of the arbitral tribunal as to its substantive jurisdiction, the court may by order—

(a)    confirm the award,

(b)    vary the award, or

(c)    set aside the award in whole or in part.

(4)  The leave of the court is required for any appeal from a decision of the court under this section.

**NOTES**

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**68 Challenging the award: serious irregularity**

(1)  A party to arbitral proceedings may (upon notice to the other parties and to the tribunal) apply to the court challenging an award in the proceedings on the ground of serious irregularity affecting the tribunal, the proceedings or the award.

A party may lose the right to object (see section 73) and the right to apply is subject to the

restrictions in section 70(2) and (3).

(2)  Serious irregularity means an irregularity of one or more of the following kinds which the court considers has caused or will cause substantial injustice to the applicant—

(a)    failure by the tribunal to comply with section 33 (general duty of tribunal);

(b)    the tribunal exceeding its powers (otherwise than by exceeding its substantive jurisdiction: see section 67);

(c)    failure by the tribunal to conduct the proceedings in accordance with the procedure agreed by the parties;

(d)    failure by the tribunal to deal with all the issues that were put to it;

(e)    any arbitral or other institution or person vested by the parties with powers in relation to the proceedings or the award exceeding its powers;

(f)    uncertainty or ambiguity as to the effect of the award;

(g)    the award being obtained by fraud or the award or the way in which it was procured being contrary to public policy;

(h)    failure to comply with the requirements as to the form of the award; or

(i)    any irregularity in the conduct of the proceedings or in the award which is admitted by the tribunal or by any arbitral or other institution or person vested by the parties with powers in relation to the proceedings or the award.

(3)  If there is shown to be serious irregularity affecting the tribunal, the proceedings or the award, the court may—

(a)    remit the award to the tribunal, in whole or in part, for reconsideration,

(b)    set the award aside in whole or in part, or

(c)    declare the award to be of no effect, in whole or in part.

The court shall not exercise its power to set aside or to declare an award to be of no effect, in whole or in part, unless it is satisfied that it would be inappropriate to remit the matters in question to the tribunal for reconsideration.

(4)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

### 69 Appeal on point of law

(1)  Unless otherwise agreed by the parties, a party to arbitral proceedings may (upon
notice to the other parties and to the tribunal) appeal to the court on a question of law
arising out of an award made in the proceedings.

An agreement to dispense with reasons for the tribunal's award shall be considered an
agreement to exclude the court's jurisdiction under this section.

(2)  An appeal shall not be brought under this section except—

    (a)    with the agreement of all the other parties to the proceedings, or

    (b)    with the leave of the court.

The right to appeal is also subject to the restrictions in section 70(2) and (3).

(3)  Leave to appeal shall be given only if the court is satisfied—

    (a)    that the determination of the question will substantially affect the rights of
one or more of the parties,

    (b)    that the question is one which the tribunal was asked to determine,

    (c)    that, on the basis of the findings of fact in the award—

        (i)  the decision of the tribunal on the question is obviously wrong, or

        (ii)  the question is one of general public importance and the decision of
the tribunal is at least open to serious doubt, and

    (d)    that, despite the agreement of the parties to resolve the matter by
arbitration, it is just and proper in all the circumstances for the court to
determine the question.

(4)  An application for leave to appeal under this section shall identify the question of law to be determined and state the grounds on which it is alleged that leave to appeal should be granted.

(5)  The court shall determine an application for leave to appeal under this section without a hearing unless it appears to the court that a hearing is required.

(6)  The leave of the court is required for any appeal from a decision of the court under this section to grant or refuse leave to appeal.

(7)  On an appeal under this section the court may by order—

      (a)    confirm the award,

      (b)    vary the award,

      (c)    remit the award to the tribunal, in whole or in part, for reconsideration in the light of the court's determination, or

      (d)    set aside the award in whole or in part.

  The court shall not exercise its power to set aside an award, in whole or in part, unless it is satisfied that it would be inappropriate to remit the matters in question to the tribunal for reconsideration.

(8)  The decision of the court on an appeal under this section shall be treated as a judgment of the court for the purposes of a further appeal.

  But no such appeal lies without the leave of the court which shall not be given unless the court considers that the question is one of general importance or is one which for some other special reason should be considered by the Court of Appeal.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 70 Challenge or appeal: supplementary provisions

(1)  The following provisions apply to an application or appeal under section 67, 68 or 69.

(2)  An application or appeal may not be brought if the applicant or appellant has not first exhausted—

    (a)    any available arbitral process of appeal or review, and

    (b)    any available recourse under section 57 (correction of award or additional award).

(3)  Any application or appeal must be brought within 28 days of the date of the award or, if there has been any arbitral process of appeal or review, of the date when the applicant or appellant was notified of the result of that process.

') If on an application or appeal it appears to the court that the award—

    (a)    does not contain the tribunal's reasons, or

    (b)    does not set out the tribunal's reasons in sufficient detail to enable the court properly to consider the application or appeal,

the court may order the tribunal to state the reasons for its award in sufficient detail for that purpose.

(5)  Where the court makes an order under subsection (4), it may make such further order as it thinks fit with respect to any additional costs of the arbitration resulting from its order.

(6)  The court may order the applicant or appellant to provide security for the costs of the application or appeal, and may direct that the application or appeal be dismissed if the order is not complied with.

The power to order security for costs shall not be exercised on the ground that the applicant or appellant is—

    (a)    an individual ordinarily resident outside the United Kingdom, or

    (b)    a corporation or association incorporated or formed under the law of a country outside the United Kingdom, or whose central management and control is exercised outside the United Kingdom.

(7)  The court may order that any money payable under the award shall be brought into court or otherwise secured pending the determination of the application or appeal, and may direct that the application or appeal be dismissed if the order is not complied with.

(8)  The court may grant leave to appeal subject to conditions to the same or similar effect

as an order under subsection (6) or (7).

  This does not affect the general discretion of the court to grant leave subject to conditions.

## NOTES

**Initial Commencement**
  ***To be appointed***
  To be appointed: see s 109(1).

**Appointment**
  Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
  This section does not extend to Scotland: see s 108(1).

### ⌐1 Challenge or appeal: effect of order of court

(1)  The following provisions have effect where the court makes an order under section 67, 68 or 69 with respect to an award.

(2)  Where the award is varied, the variation has effect as part of the tribunal's award.

(3)  Where the award is remitted to the tribunal, in whole or in part, for reconsideration, the tribunal shall make a fresh award in respect of the matters remitted within three months of the date of the order for remission or such longer or shorter period as the court may direct.

(4)  Where the award is set aside or declared to be of no effect, in whole or in part, the court may also order that any provision that an award is a condition precedent to the bringing of legal proceedings in respect of a matter to which the arbitration agreement applies, is of no effect as regards the subject matter of the award or, as the case may be, the relevant part of the award.

## NOTES

**Initial Commencement**
  ***To be appointed***
  To be appointed: see s 109(1).

**Appointment**
  Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
  This section does not extend to Scotland: see s 108(1).

*Miscellaneous*

**72 Saving for rights of person who takes no part in proceedings**

(1)  A person alleged to be a party to arbitral proceedings but who takes no part in the proceedings may question—

>  (a)    whether there is a valid arbitration agreement,

>  (b)    whether the tribunal is properly constituted, or

>  (c)    what matters have been submitted to arbitration in accordance with the arbitration agreement,

by proceedings in the court for a declaration or injunction or other appropriate relief.

 (2)  He also has the same right as a party to the arbitral proceedings to challenge an award—

>  (a)    by an application under section 67 on the ground of lack of substantive jurisdiction in relation to him, or

>  (b)    by an application under section 68 on the ground of serious irregularity (within the meaning of that section) affecting him;

and section 70(2) (duty to exhaust arbitral procedures) does not apply in his case.

## NOTES

**Initial Commencement**
>  **To be appointed**
>  To be appointed: see s 109(1).

**Appointment**
>  Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
>  This section does not extend to Scotland: see s 108(1).

**73 Loss of right to object**

(1)  If a party to arbitral proceedings takes part, or continues to take part, in the proceedings without making, either forthwith or within such time as is allowed by the arbitration agreement or the tribunal or by any provision of this Part, any objection—

>  (a)    that the tribunal lacks substantive jurisdiction,

>  (b)    that the proceedings have been improperly conducted,

    (c)     that there has been a failure to comply with the arbitration agreement or with any provision of this Part, or

    (d)     that there has been any other irregularity affecting the tribunal or the proceedings,

he may not raise that objection later, before the tribunal or the court, unless he shows that, at the time he took part or continued to take part in the proceedings, he did not know and could not with reasonable diligence have discovered the grounds for the objection.

(2)  Where the arbitral tribunal rules that it has substantive jurisdiction and a party to arbitral proceedings who could have questioned that ruling—

    (a)     by any available arbitral process of appeal or review, or

    (b)     by challenging the award,

does not do so, or does not do so within the time allowed by the arbitration agreement or any provision of this Part, he may not object later to the tribunal's substantive jurisdiction on any ground which was the subject of that ruling.

## NOTES

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

**74 Immunity of arbitral institutions, &c**

(1)  An arbitral or other institution or person designated or requested by the parties to appoint or nominate an arbitrator is not liable for anything done or omitted in the discharge or purported discharge of that function unless the act or omission is shown to have been in bad faith.

(2)  An arbitral or other institution or person by whom an arbitrator is appointed or nominated is not liable, by reason of having appointed or nominated him, for anything done or omitted by the arbitrator (or his employees or agents) in the discharge or purported discharge of his functions as arbitrator.

(3)  The above provisions apply to an employee or agent of an arbitral or other institution or person as they apply to the institution or person himself.

## NOTES

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 75 Charge to secure payment of solicitors' costs

The powers of the court to make declarations and orders under section 73 of the Solicitors Act 1974 or Article 71H of the Solicitors (Northern Ireland) Order 1976 (power to charge property recovered in the proceedings with the payment of solicitors' costs) may be exercised in relation to arbitral proceedings as if those proceedings were proceedings in the court.

## NOTES

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

*Supplementary*

### 76 Service of notices, &c

(1)  The parties are free to agree on the manner of service of any notice or other document required or authorised to be given or served in pursuance of the arbitration agreement or for the purposes of the arbitral proceedings.

(2)  If or to the extent that there is no such agreement the following provisions apply.

(3)  A notice or other document may be served on a person by any effective means.

(4)  If a notice or other document is addressed, pre-paid and delivered by post—

> (a)    to the addressee's last known principal residence or, if he is or has been carrying on a trade, profession or business, his last known principal

business address, or

(b)    where the addressee is a body corporate, to the body's registered or principal office,

it shall be treated as effectively served.

(5)  This section does not apply to the service of documents for the purposes of legal proceedings, for which provision is made by rules of court.

(6)  References in this Part to a notice or other document include any form of communication in writing and references to giving or serving a notice or other document shall be construed accordingly.

## ˥OTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 77 Powers of court in relation to service of documents

(1)  This section applies where service of a document on a person in the manner agreed by the parties, or in accordance with provisions of section 76 having effect in default of agreement, is not reasonably practicable.

(2)  Unless otherwise agreed by the parties, the court may make such order as it thinks fit—

(a)    for service in such manner as the court may direct, or

(b)    dispensing with service of the document.

(3)  Any party to the arbitration agreement may apply for an order, but only after exhausting any available arbitral process for resolving the matter.

(4)  The leave of the court is required for any appeal from a decision of the court under this section.

## NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 78 Reckoning periods of time

(1)  The parties are free to agree on the method of reckoning periods of time for the purposes of any provision agreed by them or any provision of this Part having effect in default of such agreement.

(2)  If or to the extent there is no such agreement, periods of time shall be reckoned in accordance with the following provisions.

(3)  Where the act is required to be done within a specified period after or from a specified date, the period begins immediately after that date.

(4)  Where the act is required to be done a specified number of clear days after a specified date, at least that number of days must intervene between the day on which the act is done and that date.

(5)  Where the period is a period of seven days or less which would include a Saturday, Sunday or a public holiday in the place where anything which has to be done within the period falls to be done, that day shall be excluded.

In relation to England and Wales or Northern Ireland, a "public holiday" means Christmas Day, Good Friday or a day which under the Banking and Financial Dealings Act 1971 is a bank holiday.

### NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 79 Power of court to extend time limits relating to arbitral proceedings

Butterworths Direct - Print

(1)  Unless the parties otherwise agree, the court may by order extend any time limit agreed by them in relation to any matter relating to the arbitral proceedings or specified in any provision of this Part having effect in default of such agreement.

This section does not apply to a time limit to which section 12 applies (power of court to extend time for beginning arbitral proceedings, &c).

(2)  An application for an order may be made—

    (a)    by any party to the arbitral proceedings (upon notice to the other parties and to the tribunal), or

    (b)    by the arbitral tribunal (upon notice to the parties).

٦)  The court shall not exercise its power to extend a time limit unless it is satisfied—

    (a)    that any available recourse to the tribunal, or to any arbitral or other institution or person vested by the parties with power in that regard, has first been exhausted, and

    (b)    that a substantial injustice would otherwise be done.

(4)  The court's power under this section may be exercised whether or not the time has already expired.

(5)  An order under this section may be made on such terms as the court thinks fit.

(6)  The leave of the court is required for any appeal from a decision of the court under this section.

**NOTES**

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

**80 Notice and other requirements in connection with legal proceedings**

(1)  References in this Part to an application, appeal or other step in relation to legal proceedings being taken "upon notice" to the other parties to the arbitral proceedings, or to

the tribunal, are to such notice of the originating process as is required by rules of court and do not impose any separate requirement.

(2)  Rules of court shall be made—

    (a)    requiring such notice to be given as indicated by any provision of this Part, and

    (b)    as to the manner, form and content of any such notice.

(3)  Subject to any provision made by rules of court, a requirement to give notice to the tribunal of legal proceedings shall be construed—

    (a)    if there is more than one arbitrator, as a requirement to give notice to each of them; and

    (b)    if the tribunal is not fully constituted, as a requirement to give notice to any arbitrator who has been appointed.

(4)  References in this Part to making an application or appeal to the court within a specified period are to the issue within that period of the appropriate originating process in accordance with rules of court.

(5)  Where any provision of this Part requires an application or appeal to be made to the court within a specified time, the rules of court relating to the reckoning of periods, the extending or abridging of periods, and the consequences of not taking a step within the period prescribed by the rules, apply in relation to that requirement.

'6)  Provision may be made by rules of court amending the provisions of this Part—

    (a)    with respect to the time within which any application or appeal to the court must be made,

    (b)    so as to keep any provision made by this Part in relation to arbitral proceedings in step with the corresponding provision of rules of court applying in relation to proceedings in the court, or

    (c)    so as to keep any provision made by this Part in relation to legal proceedings in step with the corresponding provision of rules of court applying generally in relation to proceedings in the court.

(7)  Nothing in this section affects the generality of the power to make rules of court.

## NOTES

**Initial Commencement**

*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 81 Saving for certain matters governed by common law

(1)  Nothing in this Part shall be construed as excluding the operation of any rule of law
consistent with the provisions of this Part, in particular, any rule of law as to—

    (a)    matters which are not capable of settlement by arbitration;

    (b)    the effect of an oral arbitration agreement; or

    (c)    the refusal of recognition or enforcement of an arbitral award on grounds
of public policy.

(2)  Nothing in this Act shall be construed as reviving any jurisdiction of the court to set
aside or remit an award on the ground of errors of fact or law on the face of the award.

### NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 82 Minor definitions

(1)  In this Part—

    "arbitrator", unless the context otherwise requires, includes an umpire;

    "available arbitral process", in relation to any matter, includes any process of
appeal to or review by an arbitral or other institution or person vested by the
parties with powers in relation to that matter;

    "claimant", unless the context otherwise requires, includes a counterclaimant,
and related expressions shall be construed accordingly;

"dispute" includes any difference;

"enactment" includes an enactment contained in Northern Ireland legislation;

"legal proceedings" means civil proceedings in the High Court or a county court;

"peremptory order" means an order made under section 41(5) or made in exercise of any corresponding power conferred by the parties;

"premises" includes land, buildings, moveable structures, vehicles, vessels, aircraft and hovercraft;

"question of law" means—

> (a)  for a court in England and Wales, a question of the law of England and Wales, and

> (b)  for a court in Northern Ireland, a question of the law of Northern Ireland;

"substantive jurisdiction", in relation to an arbitral tribunal, refers to the matters specified in section 30(1)(a) to (c), and references to the tribunal exceeding its substantive jurisdiction shall be construed accordingly.

(2)  References in this Part to a party to an arbitration agreement include any person claiming under or through a party to the agreement.

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Modification**
The Northern Ireland Act 1998 makes new provision for the government of Northern Ireland for the purpose of implementing the Belfast Agreement (the agreement reached at multi-party talks on Northern Ireland and set out in Command Paper 3883). As a consequence of that Act, any reference in this section to the Parliament of Northern Ireland or the Assembly established under the Northern Ireland Assembly Act 1973, s 1, certain office-holders and Ministers, and any legislative act and certain financial dealings thereof, shall, for the period specified, be construed in accordance with Sch 12, paras 1–11 to the 1998 Act.

**Extent**
This section does not extend to Scotland: see s 108(1).

**83 Index of defined expressions: Part I**

In this Part the expressions listed below are defined or otherwise explained by the provisions indicated—

| | |
|---|---|
| agreement, agree and agreed | section 5(1) |
| agreement in writing | section 5(2) to (5) |
| arbitration agreement | sections 6 and 5(1) |
| arbitrator | section 82(1) |
| available arbitral process | section 82(1) |
| claimant | section 82(1) |
| commencement (in relation to arbitral proceedings) | section 14 |
| costs of the arbitration | section 59 |
| the court | section 105 |
| dispute | section 82(1) |
| enactment | section 82(1) |
| legal proceedings | section 82(1) |
| Limitation Acts | section 13(4) |
| notice (or other document) | section 76(6) |
| party– | |
| – in relation to an arbitration agreement | section 82(2) |
| – where section 106(2) or (3) applies | section 106(4) |
| peremptory order | section 82(1) (and see section 41 (5)) |
| premises | section 82(1) |
| question of law | section 82(1) |

| | |
|---|---|
| recoverable costs | sections 63 and 64 |
| seat of the arbitration | section 3 |
| serve and service (of notice or other document) | section 76(6) |
| substantive jurisdiction (in relation to an arbitral tribunal) | section 82(1) (and see section 30 (1)(a) to(c)) |
| upon notice (to the parties or the tribunal) | section 80 |
| written and in writing | section 5(6) |

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 84 Transitional provisions

(1)  The provisions of this Part do not apply to arbitral proceedings commenced before the date on which this Part comes into force.

(2)  They apply to arbitral proceedings commenced on or after that date under an arbitration agreement whenever made.

(3)  The above provisions have effect subject to any transitional provision made by an order under section 109(2) (power to include transitional provisions in commencement order).

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).


Part II
Other Provisions Relating to Arbitration


*Domestic arbitration agreements*


### 85 Modification of Part I in relation to domestic arbitration agreement


(1)  In the case of a domestic arbitration agreement the provisions of Part I are modified in accordance with the following sections.


(2)  For this purpose a "domestic arbitration agreement" means an arbitration agreement to which none of the parties is—

        (a)    an individual who is a national of, or habitually resident in, a state other than the United Kingdom, or

        (b)    a body corporate which is incorporated in, or whose central control and management is exercised in, a state other than the United Kingdom,

and under which the seat of the arbitration (if the seat has been designated or determined) is in the United Kingdom.


(3)  In subsection (2) "arbitration agreement" and "seat of the arbitration" have the same meaning as in Part I (see sections 3, 5(1) and 6).


### NOTES

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 109(1).

**Extent**
    This section does not extend to Scotland: see s 108(1).


### 86 Staying of legal proceedings


(1)  In section 9 (stay of legal proceedings), subsection (4) (stay unless the arbitration agreement is null and void, inoperative, or incapable of being performed) does not apply to a domestic arbitration agreement.


(2)  On an application under that section in relation to a domestic arbitration agreement the court shall grant a stay unless satisfied—

    (a)      that the arbitration agreement is null and void, inoperative, or incapable of being performed, or

    (b)      that there are other sufficient grounds for not requiring the parties to abide by the arbitration agreement.

(3)   The court may treat as a sufficient ground under subsection (2)(b) the fact that the applicant is or was at any material time not ready and willing to do all things necessary for the proper conduct of the arbitration or of any other dispute resolution procedures required to be exhausted before resorting to arbitration.

(4)   For the purposes of this section the question whether an arbitration agreement is a domestic arbitration agreement shall be determined by reference to the facts at the time the legal proceedings are commenced.

## NOTES

### Initial Commencement
#### *To be appointed*
To be appointed: see s 109(1).

### Extent
This section does not extend to Scotland: see s 108(1).

### 87 Effectiveness of agreement to exclude court's jurisdiction

(1)   In the case of a domestic arbitration agreement any agreement to exclude the jurisdiction of the court under—

    (a)      section 45 (determination of preliminary point of law), or

    (b)      section 69 (challenging the award: appeal on point of law),

is not effective unless entered into after the commencement of the arbitral proceedings in which the question arises or the award is made.

(2)   For this purpose the commencement of the arbitral proceedings has the same meaning as in Part I (see section 14).

(3)   For the purposes of this section the question whether an arbitration agreement is a domestic arbitration agreement shall be determined by reference to the facts at the time the agreement is entered into.

## NOTES

### Initial Commencement
#### *To be appointed*
To be appointed: see s 109(1).

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 88 Power to repeal or amend sections 85 to 87

(1)  The Secretary of State may by order repeal or amend the provisions of sections 85 to 87.

(2)  An order under this section may contain such supplementary, incidental and transitional provisions as appear to the Secretary of State to be appropriate.

(3)  An order under this section shall be made by statutory instrument and no such order shall be made unless a draft of it has been laid before and approved by a resolution of each House of Parliament.

### NOTES

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

*Consumer arbitration agreements*

### 89 Application of unfair terms regulations to consumer arbitration agreements

(1)  The following sections extend the application of the Unfair Terms in Consumer Contracts Regulations 1994 in relation to a term which constitutes an arbitration agreement.

  For this purpose "arbitration agreement" means an agreement to submit to arbitration present or future disputes or differences (whether or not contractual).

(2)  In those sections "the Regulations" means those regulations and includes any regulations amending or replacing those regulations.

(3)  Those sections apply whatever the law applicable to the arbitration agreement.

### NOTES

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

## 90 Regulations apply where consumer is a legal person

The Regulations apply where the consumer is a legal person as they apply where the
consumer is a natural person.

### NOTES

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions
> see art 4, Sch 2 thereto.

## 91 Arbitration agreement unfair where modest amount sought

(1)   A term which constitutes an arbitration agreement is unfair for the purposes of the
Regulations so far as it relates to a claim for a pecuniary remedy which does not exceed
the amount specified by order for the purposes of this section.

(2)   Orders under this section may make different provision for different cases and for
different purposes.

(3)   The power to make orders under this section is exercisable—

> (a)      for England and Wales, by the Secretary of State with the concurrence of
> the Lord Chancellor,

> (b)      for Scotland, by the Secretary of State . . ., and

> (c)      for Northern Ireland, by the Department of Economic Development for
> Northern Ireland with the concurrence of the Lord Chancellor.

(4)   Any such order for England and Wales or Scotland shall be made by statutory
instrument which shall be subject to annulment in pursuance of a resolution of either House
of Parliament.

(5)   Any such order for Northern Ireland shall be a statutory rule for the purposes of the
Statutory Rules (Northern Ireland) Order 1979 and shall be subject to negative resolution,
within the meaning of section 41(6) of the Interpretation Act (Northern Ireland) 1954.

### NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment (for the purposes of making orders): 17 December 1996: see SI 1996/3146, art 2, Sch 1.
Appointment (for remaining purposes): 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Amendment**
Sub-s (3): in para (b) words omitted repealed by SI 1999/678, art 6.
    Date in force: 19 May 1999: see SI 1999/678, art 1.

**Miscellaneous**
Amount specified under sub-s (1) above, for the purposes of Northern Ireland , is £3,000: see the Unfair Arbitration Agreements (Specified Amount) Order (Northern Ireland) 1996, SR 1996/598.

**Subordinate Legislation**
Unfair Arbitration Agreements (Specified Amount) Order 1999, SI 1999/2167 (made under sub-ss (1), (3)(a), (b)).


*Small claims arbitration in the county court*


## 92 Exclusion of Part I in relation to small claims arbitration in the county court


Nothing in Part I of this Act applies to arbitration under section 64 of the County Courts Act 1984.


## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).


*Appointment of judges as arbitrators*


## 93 Appointment of judges as arbitrators


(1)   A judge of the Commercial Court or an official referee may, if in all the circumstances he thinks fit, accept appointment as a sole arbitrator or as umpire by or by virtue of an arbitration agreement.

(2)  A judge of the Commercial Court shall not do so unless the Lord Chief Justice has informed him that, having regard to the state of business in the High Court and the Crown Court, he can be made available.

(3)  An official referee shall not do so unless the Lord Chief Justice has informed him that, having regard to the state of official referees' business, he can be made available.

(4)  The fees payable for the services of a judge of the Commercial Court or official referee as arbitrator or umpire shall be taken in the High Court.

(5)  In this section—

>   "arbitration agreement" has the same meaning as in Part I; and

>   "official referee" means a person nominated under section 68(1)(a) of the Supreme Court Act 1981 to deal with official referees' business.

(6)  The provisions of Part I of this Act apply to arbitration before a person appointed under this section with the modifications specified in Schedule 2.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

*Statutory arbitrations*

### 94 Application of Part I to statutory arbitrations

(1)  The provisions of Part I apply to every arbitration under an enactment (a "statutory arbitration"), whether the enactment was passed or made before or after the commencement of this Act, subject to the adaptations and exclusions specified in sections 95 to 98.

(2)  The provisions of Part I do not apply to a statutory arbitration if or to the extent that their application—

>   (a)   is inconsistent with the provisions of the enactment concerned, with any rules or procedure authorised or recognised by it, or

(b)    is excluded by any other enactment.

(3) In this section and the following provisions of this Part "enactment"—

(a)    in England and Wales, includes an enactment contained in subordinate legislation within the meaning of the Interpretation Act 1978;

(b)    in Northern Ireland, means a statutory provision within the meaning of section 1(f) of the Interpretation Act (Northern Ireland) 1954.

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

## 95 General adaptation of provisions in relation to statutory arbitrations

(1) The provisions of Part I apply to a statutory arbitration—

(a)    as if the arbitration were pursuant to an arbitration agreement and as if the enactment were that agreement, and

(b)    as if the persons by and against whom a claim subject to arbitration in pursuance of the enactment may be or has been made were parties to that agreement.

(2) Every statutory arbitration shall be taken to have its seat in England and Wales or, as the case may be, in Northern Ireland.

## NOTES

**Initial Commencement**
### *To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**96 Specific adaptations of provisions in relation to statutory arbitrations**

(1)  The following provisions of Part I apply to a statutory arbitration with the following adaptations.

(2)  In section 30(1) (competence of tribunal to rule on its own jurisdiction), the reference in paragraph (a) to whether there is a valid arbitration agreement shall be construed as a reference to whether the enactment applies to the dispute or difference in question.

(3)  Section 35 (consolidation of proceedings and concurrent hearings) applies only so as to authorise the consolidation of proceedings, or concurrent hearings in proceedings, under the same enactment.

(4)  Section 46 (rules applicable to substance of dispute) applies with the omission of subsection (1)(b) (determination in accordance with considerations agreed by parties).

**NOTES**

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
> This section does not extend to Scotland: see s 108(1).

**97 Provisions excluded from applying to statutory arbitrations**

The following provisions of Part I do not apply in relation to a statutory arbitration—

> (a)    section 8 (whether agreement discharged by death of a party);

> (b)    section 12 (power of court to extend agreed time limits);

> (c)    sections 9(5), 10(2) and 71(4) (restrictions on effect of provision that award condition precedent to right to bring legal proceedings).

**NOTES**

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

**98 Power to make further provision by regulations**

(1)  The Secretary of State may make provision by regulations for adapting or excluding any provision of Part I in relation to statutory arbitrations in general or statutory arbitrations of any particular description.

(2)  The power is exercisable whether the enactment concerned is passed or made before or after the commencement of this Act.

(3)  Regulations under this section shall be made by statutory instrument which shall be subject to annulment in pursuance of a resolution of either House of Parliament.

**NOTES**

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
This section does not extend to Scotland: see s 108(1).

Part III
Recognition and Enforcement of Certain Foreign Awards

*Enforcement of Geneva Convention awards*

**99 Continuation of Part II of the Arbitration Act 1950**

Part II of the Arbitration Act 1950 (enforcement of certain foreign awards) continues to apply in relation to foreign awards within the meaning of that Part which are not also New York Convention awards.

**NOTES**

**Initial Commencement**
*To be appointed*
To be appointed: see s 109(1).

**Appointment**
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).

*Recognition and enforcement of New York Convention awards*

**100 New York Convention awards**

(1)   In this Part a "New York Convention award" means an award made, in pursuance of an arbitration agreement, in the territory of a state (other than the United Kingdom) which is a party to the New York Convention.

(2)   For the purposes of subsection (1) and of the provisions of this Part relating to such awards—

> (a)      "arbitration agreement" means an arbitration agreement in writing, and

> (b)      an award shall be treated as made at the seat of the arbitration, regardless of where it was signed, despatched or delivered to any of the parties.

   In this subsection "agreement in writing" and "seat of the arbitration" have the same meaning as in Part I.

(3)   If Her Majesty by Order in Council declares that a state specified in the Order is a party to the New York Convention, or is a party in respect of any territory so specified, the Order shall, while in force, be conclusive evidence of that fact.

(4)   In this section "the New York Convention" means the Convention on the Recognition and Enforcement of Foreign Arbitral Awards adopted by the United Nations Conference on International Commercial Arbitration on 10th June 1958.

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Subordinate Legislation**
> Arbitration (Foreign Awards) Order 1984, SI 1984/1168 (has effect as if made under sub-s (3)).
> Arbitration (Foreign Awards) Order 1989, SI 1989/1348 (has effect as if made under sub-s (3)).
> Arbitration (Foreign Awards) Order 1993, SI 1993/1256 (has effect as if made under sub-s (3)).

**Extent**
> This section does not extend to Scotland: see s 108(1).

### 101 Recognition and enforcement of awards

(1)  A New York Convention award shall be recognised as binding on the persons as between whom it was made, and may accordingly be relied on by those persons by way of defence, set-off or otherwise in any legal proceedings in England and Wales or Northern Ireland.

(2)  A New York Convention award may, by leave of the court, be enforced in the same manner as a judgment or order of the court to the same effect.

   As to the meaning of "the court" see section 105.

(3)  Where leave is so given, judgment may be entered in terms of the award.

### NOTES

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).

### 102 Evidence to be produced by party seeking recognition or enforcement

(1)  A party seeking the recognition or enforcement of a New York Convention award must produce—

              (a)     the duly authenticated original award or a duly certified copy of it, and

              (b)     the original arbitration agreement or a duly certified copy of it.

(2)  If the award or agreement is in a foreign language, the party must also produce a translation of it certified by an official or sworn translator or by a diplomatic or consular agent.

### NOTES

**Initial Commencement**
   *To be appointed*
   To be appointed: see s 109(1).

**Appointment**

   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions

see art 4, Sch 2 thereto.

**Extent**

This section does not extend to Scotland: see s 108(1).


**103 Refusal of recognition or enforcement**


(1)  Recognition or enforcement of a New York Convention award shall not be refused except in the following cases.


(2)  Recognition or enforcement of the award may be refused if the person against whom it is invoked proves—

   (a)    that a party to the arbitration agreement was (under the law applicable to him) under some incapacity;

   (b)    that the arbitration agreement was not valid under the law to which the parties subjected it or, failing any indication thereon, under the law of the country where the award was made;

   (c)    that he was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;

   (d)    that the award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration or contains decisions on matters beyond the scope of the submission to arbitration (but see subsection (4));

   (e)    that the composition of the arbitral tribunal or the arbitral procedure was not in accordance with the agreement of the parties or, failing such agreement, with the law of the country in which the arbitration took place;

   (f)    that the award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, it was made.


(3)  Recognition or enforcement of the award may also be refused if the award is in respect of a matter which is not capable of settlement by arbitration, or if it would be contrary to public policy to recognise or enforce the award.


(4)  An award which contains decisions on matters not submitted to arbitration may be recognised or enforced to the extent that it contains decisions on matters submitted to arbitration which can be separated from those on matters not so submitted.


(5)  Where an application for the setting aside or suspension of the award has been made to such a competent authority as is mentioned in subsection (2)(f), the court before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on

the recognition or enforcement of the award.

It may also on the application of the party claiming recognition or enforcement of the award order the other party to give suitable security.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## 104 Saving for other bases of recognition or enforcement

Nothing in the preceding provisions of this Part affects any right to rely upon or enforce a New York Convention award at common law or under section 66.

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

Part IV
General Provisions

## 105 Meaning of "the court": jurisdiction of High Court and county court

(1)  In this Act "the court" means the High Court or a county court, subject to the following provisions.

(2)  The Lord Chancellor may by order make provision—

      (a)    allocating proceedings under this Act to the High Court or to county courts; or

      (b)    specifying proceedings under this Act which may be commenced or

taken only in the High Court or in a county court.

(3)  The Lord Chancellor may by order make provision requiring proceedings of any specified description under this Act in relation to which a county court has jurisdiction to be commenced or taken in one or more specified county courts.

  Any jurisdiction so exercisable by a specified county court is exercisable throughout England and Wales or, as the case may be, Northern Ireland.

(4)  An order under this section—

     (a)   may differentiate between categories of proceedings by reference to such criteria as the Lord Chancellor sees fit to specify, and

     (b)   may make such incidental or transitional provision as the Lord Chancellor considers necessary or expedient.

(5)  An order under this section for England and Wales shall be made by statutory instrument which shall be subject to annulment in pursuance of a resolution of either House of Parliament.

(6)  An order under this section for Northern Ireland shall be a statutory rule for the purposes of the Statutory Rules (Northern Ireland) Order 1979 which shall be subject to annulment in pursuance of a resolution of either House of Parliament in like manner as a statutory instrument and section 5 of the Statutory Instruments Act 1946 shall apply accordingly.

### NOTES

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 17 December 1996: see SI 1996/3146, art 2, Sch 1.

**Subordinate Legislation**
    High Court and County Courts (Allocation of Arbitration Proceedings) Order 1996, SI 1996/3215.
    High Court and County Courts (Allocation of Arbitration Proceedings) (Amendment) Order 1999, SI 1999/1010 (made under sub-s (3)).

**Extent**
    This section does not extend to Scotland: see s 108(1).

### 106 Crown application

(1)  Part I of this Act applies to any arbitration agreement to which Her Majesty, either in right of the Crown or of the Duchy of Lancaster or otherwise, or the Duke of Cornwall, is a party.

(2)  Where Her Majesty is party to an arbitration agreement otherwise than in right of the Crown, Her Majesty shall be represented for the purposes of any arbitral proceedings—

    (a)    where the agreement was entered into by Her Majesty in right of the Duchy of Lancaster, by the Chancellor of the Duchy or such person as he may appoint, and

    (b)    in any other case, by such person as Her Majesty may appoint in writing under the Royal Sign Manual.

(3)  Where the Duke of Cornwall is party to an arbitration agreement, he shall be represented for the purposes of any arbitral proceedings by such person as he may appoint.

(4)  References in Part I to a party or the parties to the arbitration agreement or to arbitral proceedings shall be construed, where subsection (2) or (3) applies, as references to the person representing Her Majesty or the Duke of Cornwall.

### NOTES

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
    This section does not extend to Scotland: see s 108(1).

### 107 Consequential amendments and repeals

(1)  The enactments specified in Schedule 3 are amended in accordance with that Schedule, the amendments being consequential on the provisions of this Act.

(2)  The enactments specified in Schedule 4 are repealed to the extent specified.

### NOTES

**Initial Commencement**
    ***To be appointed***
    To be appointed: see s 109(1).

**Appointment**
    Appointment (for certain purposes): 17 December 1996: see SI 1996/3146, art 2, Sch 1.
    Appointment (for remaining purposes): 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**108 Extent**

(1)   The provisions of this Act extend to England and Wales and, except as mentioned below, to Northern Ireland.

(2)   The following provisions of Part II do not extend to Northern Ireland—

> section 92 (exclusion of Part I in relation to small claims arbitration in the county court), and

> section 93 and Schedule 2 (appointment of judges as arbitrators).

(3)   Sections 89, 90 and 91 (consumer arbitration agreements) extend to Scotland and the provisions of Schedules 3 and 4 (consequential amendments and repeals) extend to Scotland so far as they relate to enactments which so extend, subject as follows.

(4)   The repeal of the Arbitration Act 1975 extends only to England and Wales and Northern Ireland.

**NOTES**

**Initial Commencement**
> **To be appointed**
> To be appointed: see s 109(1).

**Appointment**
> Appointment: 17 December 1996: see SI 1996/3146, art 2, Sch 1.

**109 Commencement**

(1)   The provisions of this Act come into force on such day as the Secretary of State may appoint by order made by statutory instrument, and different days may be appointed for different purposes.

(2)   An order under subsection (1) may contain such transitional provisions as appear to the Secretary of State to be appropriate.

**NOTES**

**Initial Commencement**
> **To be appointed**
> To be appointed: see sub-s (1) above.

**Appointment**
> Appointment: 17 December 1996: see SI 1996/3146, art 2, Sch 1.

**Subordinate Legislation**
> Arbitration Act 1996 (Commencement No 1) Order 1996, SI 1996/3146.

**110 Short title**

This Act may be cited as the Arbitration Act 1996.

**NOTES**

**Initial Commencement**
>    *To be appointed*
>    To be appointed: see s 109(1).

**Appointment**
>    Appointment: 17 December 1996: see SI 1996/3146, art 2, Sch 1.

## SCHEDULE 1
### MANDATORY PROVISIONS OF PART I

Section 4(1)

sections 9 to 11 (stay of legal proceedings);

section 12 (power of court to extend agreed time limits);

section 13 (application of Limitation Acts);

section 24 (power of court to remove arbitrator);

section 26(1) (effect of death of arbitrator);

section 28 (liability of parties for fees and expenses of arbitrators);

section 29 (immunity of arbitrator);

section 31 (objection to substantive jurisdiction of tribunal);

section 32 (determination of preliminary point of jurisdiction);

section 33 (general duty of tribunal);

section 37(2) (items to be treated as expenses of arbitrators);

section 40 (general duty of parties);

section 43 (securing the attendance of witnesses);

section 56 (power to withhold award in case of non-payment);

section 60 (effectiveness of agreement for payment of costs in any event);

section 66 (enforcement of award);

sections 67 and 68 (challenging the award: substantive jurisdiction and serious irregularity), and sections 70 and 71 (supplementary provisions; effect of order of court) so far as relating to those sections;

section 72 (saving for rights of person who takes no part in proceedings);

section 73 (loss of right to object);

section 74 (immunity of arbitral institutions, &c);

section 75 (charge to secure payment of solicitors' costs).

## NOTES

### Initial Commencement
**To be appointed**
To be appointed: see s 109(1).

### Appointment
Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

### Extent
This section does not extend to Scotland: see s 108(1).

## SCHEDULE 2
### MODIFICATIONS OF PART I IN RELATION TO JUDGE-ARBITRATORS

Section 93(6)

*Introductory*

**1**

In this Schedule "judge-arbitrator" means a judge of the Commercial Court or official referee appointed as arbitrator or umpire under section 93.

*General*

**2**

(1)   Subject to the following provisions of this Schedule, references in Part I to the court shall be construed in relation to a judge-arbitrator, or in relation to the appointment of a judge-arbitrator, as references to the Court of Appeal.

(2)   The references in sections 32(6), 45(6) and 69(8) to the Court of Appeal shall in such a case be construed as references to the House of Lords.

*Arbitrator's fees*

**3**

(1)   The power of the court in section 28(2) to order consideration and adjustment of the liability of a party for the fees of an arbitrator may be exercised by a judge-arbitrator.

(2)   Any such exercise of the power is subject to the powers of the Court of Appeal under sections 24(4) and 25(3)(b) (directions as to entitlement to fees or expenses in case of removal or resignation).

*Exercise of court powers in support of arbitration*

**4**

(1)   Where the arbitral tribunal consists of or includes a judge-arbitrator the powers of the court under sections 42 to 44 (enforcement of peremptory orders, summoning witnesses, and other court powers) are exercisable by the High Court and also by the judge-arbitrator himself.

(2)   Anything done by a judge-arbitrator in the exercise of those powers shall be regarded as done by him in his capacity as judge of the High Court and have effect as if done by that court.

   Nothing in this sub-paragraph prejudices any power vested in him as arbitrator or umpire.

*Extension of time for making award*

**5**

(1)   The power conferred by section 50 (extension of time for making award) is exercisable by the judge-arbitrator himself.

(2)  Any appeal from a decision of a judge-arbitrator under that section lies to the Court of Appeal with the leave of that court.

*Withholding award in case of non-payment*

**6**

(1)  The provisions of paragraph 7 apply in place of the provisions of section 56 (power to withhold award in the case of non-payment) in relation to the withholding of an award for non-payment of the fees and expenses of a judge-arbitrator.

(2)  This does not affect the application of section 56 in relation to the delivery of such an award by an arbitral or other institution or person vested by the parties with powers in relation to the delivery of the award.

**7**

(1)  A judge-arbitrator may refuse to deliver an award except upon payment of the fees and expenses mentioned in section 56(1).

(2)  The judge-arbitrator may, on an application by a party to the arbitral proceedings, order that if he pays into the High Court the fees and expenses demanded, or such lesser amount as the judge-arbitrator may specify—

> (a)    the award shall be delivered,
>
> (b)    the amount of the fees and expenses properly payable shall be determined by such means and upon such terms as he may direct, and
>
> (c)    out of the money paid into court there shall be paid out such fees and expenses as may be found to be properly payable and the balance of the money (if any) shall be paid out to the applicant.

(3)  For this purpose the amount of fees and expenses properly payable is the amount the applicant is liable to pay under section 28 or any agreement relating to the payment of the arbitrator.

(4)  No application to the judge-arbitrator under this paragraph may be made where there is any available arbitral process for appeal or review of the amount of the fees or expenses demanded.

(5)  Any appeal from a decision of a judge-arbitrator under this paragraph lies to the Court of Appeal with the leave of that court.

(6)  Where a party to arbitral proceedings appeals under sub-paragraph (5), an arbitrator is entitled to appear and be heard.

*Correction of award or additional award*

**8**

Subsections (4) to (6) of section 57 (correction of award or additional award: time limit for application or exercise of power) do not apply to a judge-arbitrator.

*Costs*

**9**

Where the arbitral tribunal consists of or includes a judge-arbitrator the powers of the court under section 63(4) (determination of recoverable costs) shall be exercised by the High Court.

**10**

(1)  The power of the court under section 64 to determine an arbitrator's reasonable fees and expenses may be exercised by a judge-arbitrator.

(2)  Any such exercise of the power is subject to the powers of the Court of Appeal under sections 24(4) and 25(3)(b) (directions as to entitlement to fees or expenses in case of removal or resignation).

*Enforcement of award*

**11**

The leave of the court required by section 66 (enforcement of award) may in the case of an award of a judge-arbitrator be given by the judge-arbitrator himself.

*Solicitors' costs*

**12**

The powers of the court to make declarations and orders under the provisions applied by section 75 (power to charge property recovered in arbitral proceedings with the payment of solicitors' costs) may be exercised by the judge-arbitrator.

*Powers of court in relation to service of documents*

**13**

(1)   The power of the court under section 77(2) (powers of court in relation to service of documents) is exercisable by the judge-arbitrator.

(2)   Any appeal from a decision of a judge-arbitrator under that section lies to the Court of Appeal with the leave of that court.

*Powers of court to extend time limits relating to arbitral proceedings*

**14**

(1)   The power conferred by section 79 (power of court to extend time limits relating to arbitral proceedings) is exercisable by the judge-arbitrator himself.

(2)   Any appeal from a decision of a judge-arbitrator under that section lies to the Court of Appeal with the leave of that court.

**NOTES**

**Initial Commencement**
   ***To be appointed***
   To be appointed: see s 109(1).

**Appointment**
   Appointment: 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

**Extent**
   This section does not extend to Scotland: see s 108(1).


**SCHEDULE 3**
**CONSEQUENTIAL AMENDMENTS**

                                                        Section 107(1)


...


**NOTES**

**Initial Commencement**
   ***To be appointed***
   To be appointed: see s 109(1).

**Appointment**

   Appointment (in part, in relation to the provision made by county court rules): 17 December 1996: see SI 1996/3146, art 2, Sch 1.
   Appointment (remainder): 31 January 1997: see SI 1996/3146, art 3; for transitional

provisions see art 4, Sch 2 thereto.

**Amendment**

This Schedule contains amendments only.

Repealed in part by the Industrial Tribunals (Northern Ireland) Order 1996, SI 1996/1921, art 28, Sch 3.

Repealed in part by the Housing Act 1996, s 227, Sch 19, Part III.

Repealed in part by the Education Act 1996, s 582(2), Sch 38, Pt I.

Repealed in part by the Social Security Act 1998, s 86(2), Sch 8.

Date in force (for certain purposes): 29 November 1999: see SI 1999/3178, art 2 (1), Sch 1.

Date in force (for remaining purposes): to be appointed: see the Social Security Act 1998, s 87(2).

Repealed in part by the Care Standards Act 2000, s 117(2), Sch 6.

Date in force (in relation to England): 1 April 2002: see SI 2001/4150, art 3(3)(c) (xi); for transitional provisions see SI 2001/4150, arts 3(2), 4(1)–(3), (5) andSI 2002/1493, art 4 (as amended by SI 2002/1493, art 6).

Date in force (in relation to Wales): 1 April 2002: see SI 2002/920, art 3(3)(g); for transitional provisions see arts 2, 3(2), (4), (6)–(10), Sch 1 thereto.

Repealed in part by SI 2003/431, art 50(2), Sch 5.

Date in force: to be appointed: see SI 2003/431, art 1(3).

Repealed in part by the Communications Act 2003, s 406(7), Sch 19(1).

Date in force: to be appointed: see the Communications Act 2003, s 411(2).


## SCHEDULE 4
### REPEALS

Section 107(2)

| Chapter | Short title | Extent of repeal |
|---|---|---|
| 1892 c 43 | Military Lands Act 1892. | In section 21(b), the words "under the Arbitration Act 1889". |
| 1922 c 51 | Allotments Act 1922. | In section 21(3), the words "under the Arbitration Act 1889". |
| 1937 c 8 (NI) | Arbitration Act (Northern Ireland) 1937. | The whole Act. |
| 1949 c 54 | Wireless Telegraphy Act 1949. | In Schedule 2, paragraph 3(3). |
| 1949 c 97 | National Parks and Access to the Countryside Act 1949. | In section 18(4), the words from "Without prejudice" to "England or Wales". |
| 1950 c 27 | Arbitration Act 1950. | Part I.<br>Section 42(3). |
| 1958 c 47 | Agricultural Marketing Act 1958. | Section 53(8). |
| 1962 c 46 | Transport Act 1962. | In Schedule 11, Part II, paragraph 7. |
| 1964 c 14 | Plant Varieties and Seeds Act 1964. | In section 10(4) the words from "or in section 9" to "three arbitrators)". |

| | | |
|---|---|---|
| | | Section 39(3)(b)(i). |
| 1964 c 29 (NI) | Lands Tribunal and Compensation Act (Northern Ireland) 1964. | In section 9(3) the words from "so, however, that" to the end. |
| 1965 c 12 | Industrial and Provident Societies Act 1965. | In section 60(8)(b), the words "by virtue of section 12 of the said Act of 1950". |
| 1965 c 37 | Carriage of Goods by Road Act 1965. | Section 7(2)(b). |
| 1965 c 13 (NI) | New Towns Act (Northern Ireland) 1965. | In section 27(2), the words from "under and in accordance with" to the end. |
| 1969 c 24 (NI) | Industrial and Provident Societies Act (Northern Ireland) 1969. | In section 69(7)— |
| | | (a) in the opening words, the words from "and without prejudice" to "1937"; |
| | | (b) in paragraph (b), the words "the registrar or" and "registrar or". |
| 1970 c 31 | Administration of Justice Act 1970. | Section 4. |
| | | Schedule 3. |
| 1973 c 41 | Fair Trading Act 1973. | Section 33(2)(d). |
| 1973 NI 1 | Drainage (Northern Ireland) Order 1973. | In Article 15(4), the words from "under and in accordance" to the end. |
| | | Article 40(4). |
| | | In Schedule 7, in paragraph 9 (2), the words from "under and in accordance" to the end. |
| 1974 c 47 | Solicitors Act 1974. | In section 87(1), in the definition of "contentious business", the words "appointed under the Arbitration Act 1950". |
| 1975 c 3 | Arbitration Act 1975. | The whole Act. |
| 1975 c 74 | Petroleum and Submarine Pipe-Lines Act 1975. | In Part II of Schedule 2— |
| | | (a) in model clause 40(2), the words "in accordance with the Arbitration Act 1950"; |

|  |  |  |
|---|---|---|
|  |  | (b) in model clause 40(2B), the words "in accordance with the Arbitration Act (Northern Ireland) 1937". |
|  |  | In Part II of Schedule 3, in model clause 38(2), the words "in accordance with the Arbitration Act 1950". |
| 1976 NI 12 | Solicitors (Northern Ireland) Order 1976. | In Article 3(2), in the entry "contentious business", the words "appointed under the Arbitration Act (Northern Ireland) 1937". |
|  |  | Article 71H(3). |
| 1977 c 37 | Patents Act 1977. | In section 52(4) the words "section 21 of the Arbitration Act 1950 or, as the case may be, section 22 of the Arbitration Act (Northern Ireland) 1937 (statement of cases by arbitrators); but". |
|  |  | Section 131(e). |
| 1977 c 38 | Administration of Justice Act 1977. | Section 17(2). |
| 1978 c 23 | Judicature (Northern Ireland) Act 1978. | In section 35(2), paragraph (g) (v). |
|  |  | In Schedule 5, the amendment to the Arbitration Act 1950. |
| 1979 c 42 | Arbitration Act 1979. | The whole Act. |
| 1980 c 58 | Limitation Act 1980. | Section 34. |
| 1980 NI 3 | County Courts (Northern Ireland) Order 1980. | Article 31(3). |
| 1981 c 54 | Supreme Court Act 1981. | Section 148. |
| 1982 c 27 | Civil Jurisdiction and Judgments Act 1982. | Section 25(3)(c) and (5). |
|  |  | In section 26— |
|  |  | (a) in subsection (1), the words "to arbitration or"; |
|  |  | (b) in subsection (1) (a)(i), the words "arbitration or"; |
|  |  | (c) in subsection (2), the words "arbitration or". |

| | | |
|---|---|---|
| 1982 c 53 | Administration of Justice Act 1982. | Section 15(6). |
| | | In Schedule 1, Part IV. |
| 1984 c 5 | Merchant Shipping Act 1984. | Section 4(8). |
| 1984 c 12 | Telecommunications Act 1984. | Schedule 2, paragraph 13(8). |
| 1984 c 16 | Foreign Limitation Periods Act 1984. | Section 5. |
| 1984 c 28 | County Courts Act 1984. | In Schedule 2, paragraph 70. |
| 1985 c 61 | Administration of Justice Act 1985. | Section 58. |
| | | In Schedule 9, paragraph 15. |
| 1985 c 68 | Housing Act 1985. | In Schedule 18, in paragraph 6 (2) the words from "and the Arbitration Act 1950" to the end. |
| 1985 NI 12 | Credit Unions (Northern Ireland) Order 1985. | In Article 72(7)— |
| | | (a) in the opening words, the words from "and without prejudice" to "1937"; |
| | | (b) in sub-paragraph (b), the words "the registrar or" and "registrar or". |
| 1986 c 45 | Insolvency Act 1986. | In Schedule 14, the entry relating to the Arbitration Act 1950. |
| 1988 c 8 | Multilateral Investment Guarantee Agency Act 1988. | Section 8(3). |
| 1988 c 21 | Consumer Arbitration Agreements Act 1988. | The whole Act. |
| 1989 NI 11 | Limitation (Northern Ireland) Order 1989. | Article 72. |
| | | In Schedule 3, paragraph 1. |
| 1989 NI 19 | Insolvency (Northern Ireland) Order 1989. | In Part II of Schedule 9, paragraph 66. |
| 1990 c 41 | Courts and Legal Services Act 1990. | Sections 99 and 101 to 103. |
| 1991 NI 7 | Food Safety (Northern Ireland) Order 1991. | In Articles 8(8) and 11(10), the words from "and the provisions" to the end. |
| 1992 c 40 | Friendly Societies Act 1992. | In Schedule 16, paragraph 30 (1). |
| 1995 c 8 | Agricultural Tenancies Act | Section 28(4). |

| | 1995. | |
|---|---|---|
| 1995 c 21 | Merchant Shipping Act 1995. | Section 96(10). |
| | | Section 264(9). |
| 1995 c 42 | Private International Law (Miscellaneous Provisions) Act 1995. | Section 3. |

## NOTES

### Initial Commencement
#### *To be appointed*
To be appointed: see s 109(1).

### Appointment
Appointment (in part, in relation to the provision made by county court rules): 17 December 1996: see SI 1996/3146, art 2, Sch 1.
Appointment (remainder): 31 January 1997: see SI 1996/3146, art 3; for transitional provisions see art 4, Sch 2 thereto.

---

end of selection

---

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CREDIT GENERAL INSURANCE COMPANY, et al.** | : | **Case No. 1:99CV02690** |
| | : | |
| Plaintiffs, | : | **JUDGE O'MALLEY** |
| | : | |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| **JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,** | : | |
| | : | |
| Defendant. | : | |

Plaintiffs, Credit General Insurance Company, Credit General Indemnity Company, and PRS Insurance Company [collectively "Credit General"], sue defendant John Hancock Mutual Life Insurance Company ["John Hancock"]. Plaintiffs seek damages and declaratory relief for breach of contract, and punitive damages for bad faith stemming from John Hancock's alleged refusal as Credit General's reinsurer to pay Credit General what it is due under a reinsurance agreement between them.

On December 13, 1999, defendant filed a Motion to Stay the action pending arbitration, or in the alternative, to dismiss for lack of jurisdiction. After plaintiffs submitted an Amended Complaint on February 15, 2000, defendants renewed their Motion to Stay pending arbitration, or dismiss for lack of jurisdiction. This issue has been fully briefed and is ripe for ruling. For the reasons stated below, defendant's Motion to Dismiss (docket no. 5) is **GRANTED**. On May 18, 2000, the plaintiffs filed a Motion for a Preliminary Injunction which asks the Court to order John Hancock to post a letter of credit to cover loss reserves in excess of forty-three (43) million dollars. Because the issues raised in

that Motion are likewise arbitrable, the plaintiff's Motion for a Preliminary Injunction (docket no. 32) is DENIED.

## I. BACKGROUND

Credit General entered into a reinsurance contract called a "Quota Share Treaty" with John Hancock. Under this contract, Credit General would pass along premiums it received for certain insurance contracts and John Hancock would reimburse Credit General for any claims Credit General paid under those insurance contracts. Credit General was obligated to pay all claims as they came due. After Credit General paid the claims, it billed John Hancock for 100% of what it paid. Credit General alleges that it has, in good faith, paid all claims as they came due, and then properly billed John Hancock, but that John Hancock has refused to pay the reinsured claims. John Hancock allegedly owed Credit General $7,970,207.88 under the Quota Share Treaty, as of the filing of this action, and John Hancock's debt allegedly continues to increase with each unpaid claim. Credit General further alleges that John Hancock's refusal to pay is causing Credit General cash-flow problems that negatively impact its business. Credit General, thus, also seeks punitive damages against John Hancock because John Hancock allegedly acted in bad faith in refusing to pay the reinsured claims. Credit General also seeks a declaratory judgment, declaring John Hancock to have a continuing obligation under the Quota Share Treaty to accept premiums on the reinsured insurance contracts and pay Credit General for any and all future loss payments made under reinsured worker's compensation and group health policies.

John Hancock argues that this Court does not have jurisdiction to hear these claims because all disputes under the Quota Share Treaty are subject to mandatory arbitration. Article XVIII of the Quota Share Treaty is an Arbitration clause. It provides:

2

As a precedent to any right of action hereunder, if any differences shall arise between the contracting parties with reference to the interception[1] of this Agreement or their rights with respect to any transaction involved, whether arising before or after termination of this Agreement, such differences shall be submitted to arbitration upon the written request of the contracting parties.

See Def. Ex. A.

Credit General counters that the Quota Share Treaty does not require arbitration for any dispute between the two parties if that dispute is based on John Hancock's failure to pay a claim which is due. For this proposition, Credit General relies on Article XIX, a Service of Suit clause. In this clause, the Reinsurers agree to submit to any jurisdiction chosen by the Reinsured. It provides:

It is agreed that in the event of the failure of Reinsurers hereon to pay any amount claimed to be due hereunder, the Reinsurers hereon, at the request of the Reinsured, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this Clause constitutes or should be understood to constitute a waiver of Reinsurer's rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

See Def. Ex. A.

John Hancock contends that the Arbitration clause provides for arbitration in this case. Credit General contends that the Service of Suit clause provides that John Hancock has agreed to allow a Court to adjudicate a case if the Reinsurer fails to pay any amount claimed to be due. The disagreement over the application of and priority between these two clauses is the central dispute that the Court must decide for purposes of this Motion to Dismiss.

---

[1] John Hancock contends that this word is a typographical error and was meant to be "interpretation" which is the standard term it uses in these clauses. Credit General does not dispute this contention.

3

## II. LAW AND ARGUMENT

The Federal Arbitration Act provides that a court shall stay the action if arbitrable issues are presented. It states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3.

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). As with all matters of contractual interpretation, the intentions of the parties to the contract control the court's construction of the contract. Aspero v. Shearson American Express, Inc., 768 F.2d 106, 107-08 (6th Cir.1985). Courts should, however, examine the language of the contract in light of the strong federal policy in favor of arbitration. Soler, 473 U.S. at 626; Arnold v. Arnold, 920 F.2d 1269, 1281 (6th Cir.1990).

The Federal Arbitration Act embodies a congressional policy in favor of strict enforcement of Arbitration clauses contained in commercial contracts. Moses H. Cone Hospital v. Mercury Construction, 460 U.S. 1, 24 (1983). " The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay

or a like defense to arbitrability." Id.; See also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938,

945 (1995); Decker v. Merrill Lynch, 205 F.3d 906, 911 (6th Cir. 2000).

John Hancock contends that all the claims Credit General brought against it in this lawsuit are

subject to arbitration under the Quota Share Treaty. This Court agrees that the Arbitration clause covers

Credit General's claims. The phrase "if any differences shall arise between the contracting parties with

reference to. . . their rights with respect to any transaction involved, . . . such differences shall be

submitted to arbitration" has uniformly been interpreted very broadly to cover most any sort of dispute

between parties to the contract, including claims of bad faith and breach of contract arising from a

reinsurer's failure to pay a reinsured. See Quackenbush v. Allstate, 121 F.3d 1372, 1380 (9th Cir. 1997)

(determining that a similar Arbitration clause was "very broad" and called for "arbitration of all

contractual disputes"); Houston General Insurance Co. v. Realex Group, 776 F.2d 514, 516 (5th Cir.

1985) (holding that similar Arbitration clause was broad); Svedala Industries, Inc. v. The Home

Insurance Company, 921 F.Supp. 576, 579 (E.D. Wis 1995) (holding that similar Arbitration clause

should be interpreted broadly and covered bad faith claim); cf. Associated Indemnity Corp v. Home

Insurance, 1994 WL 59001, *2 (6th Cir. 1994) (stating that similar Arbitration clause was broad enough

to cover claims involving reinsurer's refusal to pay reinsured under the contract).

Credit General does not dispute that the Arbitration clause is broad enough to cover the claims

they bring against John Hancock. Indeed, Credit General concedes that the language in the Arbitration

clause is general and all-encompassing. Credit General asserts, instead, that the Arbitration clause does

not apply in the context of this suit. They argue that the Service of Suit clause should be applied in lieu

of the Arbitration clause when the claim arises from John Hancock's *failure to pay* a claim under the

Treaty. Credit General asserts that, under the clear words of that clause, John Hancock agrees to submit

to the jurisdiction of any Court that Credit General chooses "in the event of the failure [of John Hancock] to pay any amount claimed to be due hereunder." See Def. Ex. A. Credit General argues that this means that John Hancock waives its rights to arbitration and agrees to have any claim arising out its failure to pay adjudicated. In support of this argument, Credit General points to two opinions finding that similar Service of Suit clauses control over Arbitration clauses when the dispute arises from a reinsurer's failure to pay a claim. See Transit Casualty Company v. Certain Underwriters at Lloyd's of London, 963 S.W.2d 392 (Mo. Ct. App. 1998); Thiokol v. Certain Underwriters at Lloyd's of London, 1997 U.S. Dist. LEXIS 8624 (N.D. Utah 1997).

In Transit, the court based its conclusion on the rule of construction that a specific clause will modify or control a more general clause. See, e.g., Edmond v. U.S., 520 U.S. 651, 657 (1998) (ordinarily, where a specific provision conflicts with a general one, the specific governs). The Service of Suit clause is specific, Transit states, in that it only deals with disputes arising from "a failure to pay." The Arbitration clause is general, in that it covers all disputes under the contract. According to the Transit court, the Service of Suit clause, thus, governs any disputes arising from the reinsurer's failure to pay.

The Transit court also supported its holding with several other rules of construction. Applying the rule that any ambiguity in a contract must be read against the drafter, the Transit Court, finding that the reinsurers drafted the contract, "construe[d] the provisions contrary to the Reinsurers' asserted interpretation on this appeal and consistent with the outcome contended by Transit." See Transit, at 398. The Transit court, therefore, rejected the reinsurer's claim that the Arbitration clause applied, and embraced the reinsured's claim that the Service of Suit clause applied in situations such as the one at issue here.

6

The *Transit* court also found that its interpretation "avoid[ed] an interpretation which would render a clause or a term meaningless." thus falling in line with another rule of contractual construction. *Id.* The Arbitration clause, the court found, still would be applicable to any claim that did not arise out of the reinsurer's failure to pay.  The *Transit* court, thus, refused to stay the case pending arbitration.

This Court does not find the analysis in *Transit* or *Thiokol*[1] to be persuasive for several reasons. First, the Arbitration clause in this case differs significantly from the Arbitration clauses at issue in *Transit* and *Thiokol*.  This Arbitration clause specifically states that the parties must arbitrate "[a]s a precedent to any right of action hereunder."  *See* Def. Ex. A.  The Arbitration clauses in *Transit* and *Thiokol* did not contain this language.  By the clear language of the arbitration provision at issue in this case, it is apparent that arbitration takes precedence over "any right of action" including any right of action found in the Service of Suit clause.  The parties must arbitrate, unless of course neither party desires arbitration, *before* taking their claims to Court.  On this basis alone, the Court would find that it must stay this case pending arbitration.

The Court also disagrees, moreover, with the statutory construction the courts undertook in *Transit* and *Thiokol*.  Both of those courts ignored one of the primary rules of statutory construction, "[w]here two seemingly conflicting contract provisions can be reconciled, a court is required to do so and give both effect." *Proyecfin de Venezuela S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 395-96 (2d Cir. 1985) (*citing* 3 Corbin on Contracts §547, at 172-73 (1960)).  A court cannot proceed to the rules of construction dealing with conflicting clauses until it decides whether those two

---

[1] *Thiokol* generally relied on the analysis contained in *Transit* to reach its conclusion that the arbitration clause did not apply.

7

clauses actually conflict and cannot be reconciled.[1]  Most other courts faced with both of these provisions in a contract have looked to this rule of statutory construction first.

Applying this rule of construction, courts have consistently held Arbitration clauses, even those without specific language stating that arbitration is a precedent to any right of action, to be enforceable despite the presence of a Service of Suit clause elsewhere in the contract.  See McDermott International v. Lloyds Underwriters of London, 944 F.2d 1199, 1205 (5th Cir. 1991); Hart v. Orion Ins. Co., 453 F.2d 1358, 1361 (10th Cir. 1971); West Shore Pipeline v. Associated Elec. & Gas, 791 F.Supp. 200 (N.D.Ill. 1992); Brener v. Becker Paribas, 628 F.Supp. 442, 454 (S.D.N.Y. 1985); NECA Industries Ltd. v. National Union Fire Ins., 595 F.Supp. 966, 958 (S.D.N.Y. 1984); Gelderman, Inc. v. Stathis, 177 Ill. App.3d 414 (1988); Old Dominion Insurance Co. v. Dependable Reinsurance Co., 472 So.2d 1365, 1367 (1985). See also Phillips Petroleum Co. v. All American Marine Slip, 1998 WL 614188, *2 (E.D. La 1998); Ochner/Sisters of Charity Health Plan, Inc. v. Certain Underwriters at Lloyd's, 1996 WL 495157, *1 (E.D. La. 1996); Traveler's Insurance Co. v. Keeling, 1993 WL 18909, *4 (S.D.N.Y. 1993); Continental Casualty Co v. Certain Underwriters at Lloyd's, 1993 WL 299232, *4-5 (N.D. Cal 1993); Ideal Mutual Insurance Co v. Phoenix Greek Insurance Co., 1984 WL 602, *2 (S.D.N.Y 1984).  These cases generally hold that the Arbitration clause and the Service of Suit clause do not conflict.  All of the above cases found that the Service of Suit clause is intended to be used to enforce an arbitration

---

[1] This includes the construction rules of "the specific governs over the general" and "the contract should be construed against the drafter."  See Greenberg v. The Life Insurance Company of Virginia, 177 F.3d 507, 519 (6th Cir. 1999) ("When there exists a *conflict* between specific information and general boilerplate language in a contract, precedence must be given to the specific information or language")(emphasis added); GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 818 (6th Cir. 1999) ("Provisions are to be strictly construed against the insurer *only* when they are *ambiguous*")(emphasis added).  The Court, therefore, need not consider these rules of statutory construction.

award, since an arbitration award is not self-enforcing.  See Id.  Neither clause conflicts, and each clause has an effect.  Interpreting each clause according to its plain meaning, "(1) absent a waiver of arbitration, all disputes falling within the scope of the Arbitration clause would be arbitrated; and (2) [John Hancock] will submit to the jurisdiction of any court of competent jurisdiction chosen by [Credit General] in any lawsuit, whether it be to determine the arbitrable nature of the dispute, to confirm an arbitration award, to compel arbitration, . . . or to resolve on the merits a claim not subject to arbitration."  See Traveler's Insurance Company v. Keeling, 1993 WL 18909 (S.D.N.Y. 1993).

Considering both the weight of authority and the logic and simplicity of the cases that hold that both the Arbitration clause and the Service of Suit clause can co-exist, with each given its plain meaning and effect, the Court finds that Credit General's claims are subject to arbitration, and, under the Federal Arbitration Act, John Hancock is entitled to a stay of litigation.  The Court further finds, since all of the claims pursued are subject to arbitration, and, thus, nothing is left to litigate, that this case may be dismissed without prejudice.

In its Motion for a Preliminary Injunction, Credit General asserts that John Hancock is refusing to comply with Article 14 of the Quota Share Treaty because it will not issue a letter of credit for the amount of Credit General's loss reserves attributable to the reinsurance placed with John Hancock.  In light of the fact that Credit General has conceded in its prior briefing that the arbitration clause is general, and given the Court's finding that Credit General's claims are indeed subject to arbitration, the Court cannot issue a preliminary injunction against John Hancock based on its alleged failure to comply

with a provision of the Quota Share Treaty.  This dispute must also be sent to arbitration.[4]  Credit General's Motion for a preliminary injunction is, therefore, **DENIED**.


## III. CONCLUSION

Accordingly, since the Court perceives no claims not subject to arbitration, John Hancock's Motion to Dismiss is **GRANTED**.[5]  Credit General's Motion for a Preliminary Injunction is **DENIED**. This case is, hereby, **DISMISSED** without prejudice.


**IT IS SO ORDERED.**

*Kathleen M. O'Malley*

**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

---

[4] The issues Credit General raises in its Preliminary Injunction request are sufficiently related to the issues raised in its complaint, such that the Court perceives John Hancock's invocation of the arbitration clause to invoke arbitration for this issue as well.

[5] The Court is aware that the Federal Arbitration Act speaks only of staying proceedings pending arbitration. The Sixth Circuit, however, has recently stated that "the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000). See also Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988) (stating that the Federal Arbitration Act does not prohibit dismissal when all claims in a case have been sent to arbitration); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (a dismissal rather than a stay is appropriate, even preferable, "when all of the issues raised in the district court must be submitted to arbitration."); Hensel v. Cargill, Inc., 1999 WL 993775 *4 (6th Cir. Oct. 19, 1999) ("litigation in which all claims are referred to arbitration may be dismissed."). By sending all the claims before this Court to arbitration, there no longer are any "proceedings" to stay. Consequently, a dismissal is a more appropriate procedural route than a stay.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CREDIT GENERAL INSURANCE COMPANY, et al. | : | Case No. 1:99CV02690 |
| | : | |
| Plaintiffs, | : | JUDGE O'MALLEY |
| | : | |
| v. | : | |
| | : | **ORDER** |
| | : | |
| JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

For the reasons set forth in this Court's Memorandum and Order of this date, defendant's Motion to Dismiss (docket no. 5) is **GRANTED**. The plaintiff's Motion for a Preliminary Injunction (docket no. 32) is **DENIED**. This Case is, hereby, **DISMISSED** without prejudice.

IT IS SO ORDERED.

_Kathleen M. O'Malley_
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE