IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------
In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,      Civil Action No.
    Petitioner,     04 10181MLW

    and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.
-------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF JOHN HANCOCK LIFE INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF SPHERE DRAKE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS JOHN HANCOCK'S VERIFIED AMENDED COMPLAINT AND EXHIBIT 1**

The plaintiff, John Hancock Life Insurance Company ("John Hancock") has moved this Court to strike certain portions of Sphere Drake's Memorandum in Support of its Motion to Dismiss John Hancock's Verified Amended Complaint ("Sphere Drake's Memorandum in Support") with accompanying Exhibit 1 which is the judgment in the *Sphere Drake Ins. Ltd. v. Euro Int'l Underwriting Ltd.*, Case No. 2000 Folio 249, 2003 WL 21729222 (Q.B. July 8, 2003) English Action (the "English Action"), in which John Hancock was not a party.

Fed. R. Civ. P. 12(f) provides that the Court may strike from any pleading any "immaterial" or "scandalous matter." The English Judgment and all references to or relating to the English Action should be stricken from Sphere Drake's Supporting Memorandum as they have absolutely no bearing on this Court's consideration of the Petition and only serve to inflame and obscure the issues before the Court. The substantive issues and evidence entertained by the English Action are not properly before

1

this Court. Whether Sphere Drake can rely in any way on the English Action and the evidence submitted therein with regard to John Hancock is a matter for the Massachusetts arbitration panels entertaining the substantive disputes with regard to the Seven Agreements at issue. The sole issue before this Court is whether Sphere Drake should be compelled to arbitrate the disputed seven reinsurance agreements in Massachusetts. The issues raised in the English Action are irrelevant to this inquiry that must be made under 9 U.S.C. §4 and, therefore, are irrelevant and should be stricken from Sphere Drake's Memorandum in Support.

Accordingly, the following should be stricken by the Court in this regard:

1.  Sphere Drake's Supporting Memorandum, Background Section A entitled "The English Judgment." (pp. 3-5.); and

2.  The English Judgment attached as Exhibit 1 to Sphere Drake's Memorandum in Support.

Respectfully Submitted,

_____
Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO# 550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for
John Hancock Life Insurance Company

Dated: March 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2004, I served a copy of the foregoing Memorandum Of Law In Support Of John Hancock Life Insurance Company's Motion To Strike Portions Of Sphere Drake's Memorandum In Support Of Its Motion To Dismiss John Hancock's Verified Amended Complaint And Exhibit 1 by hand to the law firm Sally & Fitch and by regular mail to the law firm Butler Rubin Saltarelli & Boyd.

_____
Mitchell S. King, Esq. BBO#272810