1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JOHN HANCOCK LIFE INSURANCE      )  CA 04-10181
                                 )  Boston, MA
v.                               )  February 12, 2004
                                 )
SPHERE DRAKE INSURANCE LIMITED   )
```

BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

Prince, Lobel, Glovsky & Tye
by MITCHELL S. KING, ESQ.
585 Commercial St., Boston, MA 02109
for Plaintiff

Butler, Rubin, Saltarelli & Boyd
by HAROLD C. WHEELER, ESQ.
3 First National Plaza
70 W. Madison St., Suite 1800
Chicago, IL 60602
for Defendant

JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

1   not ratified those contracts, and they've done the same

2   in the UK for purposes of seeking arbitration in the UK.

3           THE COURT:  I'm not sure what -- this isn't the

4   time to answer, but -- maybe I'll let them respond -- but

5   I'm not sure what ratified the contracts for the purpose

6   of arbitration means.

7           MR. KING:  There's no question before you, your

8   Honor, as to whether the parties are obliged to

9   arbitrate.  So the question becomes -- the both parties

10  --

11          THE COURT:  What's the source of the obligation?

12          MR. KING:  The slips.  They agree that --

13  there's a statement from counsel.  It's an admission

14  against the party.  There's a statement that says, we

15  agree the parties are obliged to arbitrate per the slips.

16  That's their statement.  And that's found in the papers.

17  That's a letter by, I believe, a solicitor from -- reply

18  from a Mr. Bell, saying:  The parties are obliged to

19  arbitrate under the slips.  We maintain it's UK law.  You

20  maintain it's US.

21          So I think that addresses  --

22          THE COURT:  Let's see what Sphere Drake says.

23          MR. WHEELER:   If it please the court, I'm

24  Harold Wheeler on behalf of Sphere Drake.

25          Your Honor, our position, as the court

8

1  recognizes, is that these contracts of reinsurance or
2  punitive contracts of reinsurance are void.  We have
3  agreed, both in proceedings here and in proceedings in
4  London, to conduct arbitration in accordance with the
5  guidance of the slips themselves.  But we certainly do
6  not ratify the slips.  We will continue to maintain both
7  in the course of the arbitrations that they're void.
8       THE COURT:  Well, I haven't studied this.  I
9  haven't done an insurance case in a while.  But, as a
10 practical matter, if the agreements are void, why,
11 because of some kind of fraud?
12      MR. WHEELER:  Correct.  We will contend in any
13 of these proceedings that Sphere Drake's agent, Euro
14 International, EIU, was without authority to enter into
15 the agreements.  They did so in breach of their fiduciary
16 duty.  And that Hancock's agent, Sterling Cook, knew they
17 were without authority.
18      THE COURT:  And if that's true of the agreement
19 -- because, basically, if I address the merits of this
20 case, I'm essentially trying to discern the intent of the
21 parties.  You know, was there an intent to obligate the
22 parties to arbitrate in Massachusetts?  And none of them
23 have expressed forum selection clause, although one of
24 them makes reference to another agreement that says
25 Massachusetts.

22

1   service that we will arbitrate as this court ultimately

2   directs.

3           THE COURT: But if I -- I mean, one of the

4   things -- well, do you intend for me to take up in

5   connection with the motion to dismiss or the motion for

6   preliminary injunction the issue of whether the

7   agreements are void?

8           MR. WHEELER: We do not, your Honor.

9           THE COURT: And do you intend to raise that

10  issue at any point in this litigation?

11          MR. WHEELER: Not in this litigation, your

12  Honor. Wherever this court or the court in England

13  ultimately directs that the arbitration go forward, we

14  expect to raise that argument in the context of the

15  arbitration, that the contracts are void.

16          THE COURT: And if I applied Judge Saris'

17  framework for analysis and stayed this litigation pending

18  a decision by the court in London, the court in London

19  could decide to send the case to Massachusetts for

20  arbitration, in your view?

21          MR. WHEELER: Yes.

22          THE COURT: Or at least it could decline to

23  order arbitration in England and say, I think

24  Massachusetts is more appropriate. And then you all

25  could come back to me, and I would likely order