IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings Between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

---

Civil Action No. 04 10181 MLW

## JOHN HANCOCK LIFE INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a), Fed. R. Civ. P., petitioner John Hancock Life Insurance Company (f/k/a John Hancock Mutual Life Insurance Company, hereinafter "John Hancock") hereby moves for summary judgment with respect to its request that the Court, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, compel respondent, Sphere Drake Insurance Limited (f/k/a Sphere Drake Insurance Plc and Odyssey Re (London) Ltd., hereinafter "Sphere Drake"), to submit to arbitration in the United States with respect to seven reinsurance agreements (the "Seven Agreements").

This action arises out of Sphere Drake Insurance Limited's ("Sphere Drake") failure to pay John Hancock Life Insurance Company ("John Hancock") millions of dollars in reinsurance claims. At issue here is Sphere Drake's refusal to arbitrate in the United States as required by the seven reinsurance contracts at issue ("Seven Agreements").

As mandated by Section 4 of the FAA, the sole question for the Court is whether there is an agreement to arbitrate between the parties. Sphere Drake has admitted that it must arbitrate in accordance with the terms of the executed "slips" for the Seven Agreements ("Executed Slips").

Each Executed Slip contains unambiguous references to both "arbitration clauses" and "service of suit clauses." Pursuant to the "service of suit clauses," Sphere Drake contractually relinquished all rights to have disputes under the Seven Agreements resolved anywhere other than the United States once John Hancock invoked jurisdiction by filing its Petition to Compel Arbitration. Sphere Drake's attempt to circumvent the clear mandate of Section 4 by seeking "international abstention," is both disingenuous and without support. As the parties indisputably agreed to submit disputes to arbitration, the Court must compel Sphere Drake to arbitrate in Massachusetts.

In support of this Motion, John Hancock submits and incorporates by reference the following:

1. Petitioner's Exhibits in Support of John Hancock Life Insurance Company's Motion for Summary Judgment ("Petitioner's Exhibits"), attached hereto;

2. John Hancock Life Insurance Company's Memorandum in Support of its Motion for Summary Judgment (Memorandum in Support);

3. The Parties' Joint Statement of Undisputed Facts;

4. John Hancock Life Insurance Company's Local Rule 56.1 Statement of Material Facts;

5. The Affidavit of Malcolm J. Beacham in Support of John Hancock's Motion For Summary Judgment;

6. The Affidavit of Joseph P. Welch In Support of Verified Amended Petition to Compel Arbitration Proceedings previously filed with this Court on February 4, 2004 as Docket Entry number 10;

7. The Second Affidavit of Joseph P. Welch In Support of Verified Amended Petition to Compel Arbitration Proceedings and In Opposition to Sphere Drake's Motion to Dismiss previously filed with this Court on February 11, 2004 as Docket Entry number 26;

8. The Second Affidavit of Mitchell S. King In Support of Verified Amended Petition to Compel Arbitration Proceedings and In Opposition to Sphere Drake's Motion to Dismiss previously filed with this Court on February 11, 2004 as Docket Entry number 25; and

WHEREFORE, based upon the foregoing and for the reasons set forth in the Petitioner's Memorandum in Support, the Court should grant summary judgment in favor of John Hancock.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), John Hancock respectfully requests that this Court entertain oral argument with regard to John Hancock's Motion for Summary Judgment on the grounds that it will assist the Court in ruling on the pending motion. In its February 27, 2004 Order, this Court scheduled oral argument on this Motion for June 17, 2004.

Respectfully submitted,

_____
Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO# 550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Dated: May 12, 2004

Attorneys for
John Hancock Life Insurance Company

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify pursuant to Local Rule 7.1(A)(2) of the Local Rules of the United States District Court for the District of Massachusetts that I have conferred in good faith with counsel for the Respondent but have been unable to resolve or narrow the issues set forth in John Hancock Life

Insurance Company's Motion for Summary Judgment.

_____
Michael A. Calawa, Esq. BBO# 643517

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2004, I served a copy of the foregoing John Hancock Life Insurance Company's Motion For Summary Judgment by hand to the law firm Sally & Fitch and by regular mail to the law firm Butler Rubin Saltarelli & Boyd.

_____
Michael A. Calawa, Esq. BBO# 643517

4