UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE
INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

Civil Action No.
04-10181MLW

---

## JOINT STATEMENT OF UNDISPUTED FACTS

Pursuant to the Court's February 27, 2004 Scheduling Order the parties submit this Proposed Joint Statement of Undisputed Facts:

1. Sphere Drake Insurance Limited (formerly known as Odyssey Re (London) Limited, and prior to that, as Sphere Drake Insurance plc) ("Sphere Drake") is a corporation organized under the laws of England and Wales, with its principal place of business in Brighton, England.

2. John Hancock Life Insurance Company (formerly known as John Hancock Mutual Life Insurance Company) ("John Hancock") is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Massachusetts.

3. Between 1997 and 1998, Sphere Drake's underwriting agent Euro International Underwriting Limited ("EIU") accepted twenty-nine reinsurance agreements under which John Hancock was identified as the reinsured (collectively the "John Hancock/Sphere Drake Ceded Contracts").

4. The parties agree that their disputes concerning the validity and enforceability of these twenty-nine John Hancock/Sphere Drake Ceded Contracts will be resolved in arbitration. (*See* John Hancock Life Insurance Company's Verified Amended Petition to Compel Arbitration Proceedings filed with this Court on February 4, 2004; and Motion of Respondent Sphere Drake Insurance Limited To Dismiss or In the Alternative Stay the Verified Amended Petition of John Hancock Life Insurance Company to Compel Arbitration filed with this Court on February 11, 2004.)

5. Sphere Drake has filed applications to the Commercial Court in London, England, seeking a determination from the Commercial Court that England is the seat of the arbitration between Sphere Drake and Hancock over the seven John Hancock/Sphere Drake Ceded Contracts that are at issue in this litigation.

6. For each of the John Hancock/Sphere Drake Ceded Contracts, EIU executed a slip that contained terms and identified the class of business to be reinsured.

7. A "slip" is a binding contract in respect of the coverage and terms of a reinsurance agreement, but it may be envisaged that a wording (i.e., a fuller description of coverage and terms) is to be prepared and agreed subsequently.

8. Each slip for the John Hancock/Sphere Drake Ceded Contracts contains a reference to "arbitration."

A. **The "Specific Realm" Program (Program 9)**

9. The Specific Realm Contracts are two excess of loss and three aggregate stop loss protections relating to John Hancock's participation in a 75% quota share reinsurance of Realm National Insurance Company.

10. Petitioner's Exhibits 1(a) – 5(a) are true and accurate copies of the executed slips for each of the five Specific Realm Agreements.

11. As a "General Condition" each slip for the Specific Realm Agreements makes reference to an "Arbitration Clause."

12. Each slip for the five Specific Realm Contracts states "Wording: To be agreed Leading Underwriter only." (Petitioner's Exhibits to Hancock's Verified Amended Petition to Compel Arbitration Proceedings ("Petitioner's Exhibits") 1(a), 2(a), 3(a), 4(a), 5(a).)

13. Sphere Drake was the only reinsurer on the Specific Realm Contracts. (Petitioner's Exhibits 1(a), 2(a), 3(a), 4(a), 5(a).)

14. John Hancock has demanded arbitration proceedings against Sphere Drake with respect to each of the Specific Realm Agreements in the United States. Sphere Drake has demanded arbitration against John Hancock with respect to the Specific Realm Agreements in England. (*See* Petitioner's Exhibits 14 and 15.)

**B.   The Quota Share Agreement (Program 33)**

15. The Quota Share Agreement is a 66.6666% quota share relating to business written and allocated by John Hancock to its personal accident non-proportional account.

16. The Quota Share Agreement is documented by an executed slip.

17. Petitioner's Exhibit 6(a) is a true and accurate copy of the executed slip for the "Quota Share Agreement."

18. As a "General Condition," the slip for the Quota Share Agreement makes reference to an "Arbitration Clause."

19. Sphere Drake was the only reinsurer on the Quota Share Agreement. (Petitioner's Exhibit 6(a).)

20. The slip for the Quota Share Agreement provides "Wording: To be agreed by L/U only." (Petitioner's Exhibit 6(a).)

21. In its Amended Verified Petition to Compel Arbitration, John Hancock identifies the Quota Share Agreement as the "BE LMX Quota Share Agreement." (Hancock's Amended Petition, ¶ 9(f); Petitioner's Exhibits, Table of Contents No. 6 at p. 2.)

22. John Hancock has demanded arbitration with respect to the Quota Share Agreement in the United States. Sphere Drake has demanded arbitration with respect to the Quota Share Agreement in England. (*See* Petitioner's Exhibits 14 and 15.)

**C.   The Facility Quota Share (Program 28)**

23. The Facility Quota Share Agreement is a 95% Quota Share relating to John Hancock's accident and health and workers' compensation carveout account.

24. The Facility Quota Share is documented by an executed slip.

25. Petitioner's Exhibit 7(a) is a true and accurate copy of the executed slip for the Facility Quota Share.

26. As a Condition, the slip for the Facility Quota Share makes reference to an "Arbitration Clause."

27. John Hancock has demanded arbitration against Sphere Drake with respect to the Facility Quota Share in the United States. Sphere Drake has demanded arbitration against John Hancock with respect to the Facility Quota Share in England. (*See* Petitioner's Exhibits 14 and 15.)

**D.   John Hancock CT & PH Whole Account (Program 5)**

28. The John Hancock CT & PH Whole Account relates to business classified as accident and health and related benefits reinsured by John Hancock.

4

29. Petitioner's Exhibits 28(a) – 31(a) are true and accurate copies of the executed slips for each of the four agreements comprising the John Hancock CT & PH Whole Account.

30. As a General Condition, each slip for the John Hancock CT & PH Whole Account provides "[t]his contract of Reinsurance shall be governed by and construed in accordance with the laws of the state of Massachussetts [sic] U.S.A. under the jurisdiction of the courts of the state of Massachusetts, U.S.A. The Arbitration contract shall also be subject to the law and jurisdiction of the state of Massachusetts, U.S.A."

31. John Hancock has initiated arbitration proceedings in Massachusetts against Sphere Drake with respect to the four John Hancock CT & PH Whole Account Agreements. (*See* Petitioner's Exhibit 14.)

E.  **American Phoenix / Sun Life Specific Agreements (Program 30)**

32. The American Phoenix / Sun Life Specific Agreements relate to John Hancock's participation on specific Occupational Excess of Loss contracts under which John Hancock reinsured American Phoenix and Sun Life's participation in a Variable Quota Share for WEB Management covering personal accident business.

33. Petitioner's Exhibits 20(a) – 23(a) are true and accurate copies of the executed slip policies for each of the four American Phoenix / Sun Life Specific Agreements.

34. As a General Condition, each slip policy for the American Phoenix / Sun Life Specific Agreements makes reference to an "Arbitration Clause" and each slip policy provides specifically that "[t]his contract of reinsurance shall be governed by and construed in accordance with the laws of the State of Massachussets, [sic] U.S.A. under the jurisdiction of the State of Massachussets, [sic] U.S.A. courts. The arbitration contract shall also be subject to State of Massachussets, [sic] U.S.A. law and jurisdiction."

35. John Hancock has initiated arbitration proceedings in Massachusetts against Sphere Drake with respect to the four American Phoenix / Sun Life Specific Agreements. (*See* Petitioner's Exhibit 14.)

**F.      Bermuda Whole Account ("BE Whole Account") (Program 12)**

36. The BE Whole Account relates to business allocated to John Hancock's Personal Accident Account.

37. As a General Condition, each slip for the BE Whole Account Agreements makes reference to an "Arbitration Clause."

38. Petitioner's Exhibits 24(c), 25(b), 26(c), and 27(c) are true and accurate copies of the signed treaty wordings for each of the four BE Whole Account Agreements.

39. Sphere Drake's agent EIU executed a contract wording for each of the BE Whole Account Agreements.

40. Each of the signed treaty wordings for the BE Whole Account Agreements contains an Arbitration Clause which provides in relevant part:

> ARBITRATION CLAUSE
>
> Disputes between the parties arising out of this Reinsurance which cannot be resolved by compromise, including but not limited to any controversy as to the validity of this Reinsurance, whether such disputes arise before or after termination of this Reinsurance shall be submitted to arbitration.
>
> \* \* \*
>
> . . . all proceedings pursuant hereto shall be governed by the law of the State of Massachusetts, U.S.A.

41. John Hancock has initiated arbitration proceedings in Massachusetts against Sphere Drake with respect to the four BE Whole Account Agreements. (*See* Petitioner's Exhibit 14.)

### G. Specific Bridgefield Agreement (Program 8)

42. The Specific Bridgefield Agreement relates to a particular excess of loss agreement written by John Hancock reinsuring "Employers' Self Insurers Fund and/or Bridgefield Employers Ins. Co."

43. Petitioner's Exhibit 19(a) is a true and accurate copy of the executed slip policy for the Specific Bridgefield Agreement.

44. As a General Condition, the slip policy for the Specific Bridgefield Agreement makes reference to an "Arbitration Clause." The slip policy specifically provides in relevant part:

> [t]his contract of reinsurance shall be governed by and construed in accordance with the laws of the State of Massachusetts under the jurisdiction of the courts of the State of Massachusetts. The arbitration contract shall also be subject to the laws and jurisdiction of the courts of the State of Massachusetts.

45. John Hancock has initiated arbitration in Massachusetts against Sphere Drake with respect to the Specific Bridgefield Agreement. (*See* Petitioner's Exhibit 14.)

### H. Bermuda & JEH Corporation London Agreements ("BE & JEH CORP LON Agreements") (Program 1)

46. The BE & JEH CORP LON Agreements relate to business allocated to John Hancock's "Personal Accident Non-Proportional Account (including London Market Excess of Loss)."

47. The slip policy for each of the BE & JEH CORP LON Agreements provides that "[t]his contract of reinsurance shall be governed by and construed in accordance with English law under the jurisdiction of the English courts. The arbitration contract shall also be subject to English law and jurisdiction."

I. **Sun Life / American Phoenix Specific Agreement (Program 24)**

48.     The Sun Life / American Phoenix Specific Agreement (Program 24) relates to John Hancock's participation on an Accident and Health Excess of Loss Contract reinsuring Sun Life Assurance Company of Canada and American Phoenix Life and Reassurance Company (Connecticut) and/or Phoenix Home Life Mutual Insurance Company (New York).

49.     Petitioner's Exhibit 32(a) is a true and accurate copy of the executed "slip policy" for the Sun Life / American Phoenix Specific Agreement.

50.     The retrocessional portion of "slip policy" for the Sun Life / American Phoenix Specific Agreement makes reference to an "Arbitration Clause." This portion of the slip specifically provides in part: "This contract of reinsurance shall be governed by and construed in accordance with English law under the jurisdiction of the English Courts. The arbitration contract shall also be subject to English law and jurisdiction."

51.  The underlying agreement reinsuring Sun Life / American Phoenix, as set forth within the slip, provides in part: "This contract of Reinsurance shall be governed by and construed in accordance with English Law under the jurisidiction [sic] of the English Courts. The Arbitration contract shall also be subject to English Law and jurisdiction."

Respectfully submitted,

| SPHERE DRAKE INSURANCE LIMITED | JOHN HANCOCK LIFE INSURANCE COMPANY |
|---|---|
| By its attorneys; | By its attorneys; |
| *[signature]* Andrea Peraner-Sweet/MK | *[signature]* |
| Andrea Peraner-Sweet (BBO#550515) | Mitchell S. King BBO#2728107 |
| Heather V. Baer (BBO#566746) | Rhonda L. Rittenberg, BBO# 550498 |
| Sally & Fitch | Michael A. Calawa, BBO# 643517 |
| 225 Franklin Street | Prince, Lobel, Glovsky & Tye LLP |
| Boston, MA 02110 | 585 Commercial Street |
| (617) 542-5542 | Boston, MA 02109 |
|  | (617) 456-8000 |

OF COUNSEL:
Harold C. Wheeler (Attorney I.D. No. 2996960)
Teresa Snider (Attorney I.D. No. 06210115)
Kevin J. O'Brien (Attorney I.D. No. 06193882)
Mark A. Schwartz (Attorney I.D. No. 6270580)
Butler, Rubin, Saltarelli & Boyd LLP
3 First National Plaza
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

OF COUNSEL:
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Dated: May 12, 2004