IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
Respondent.

Civil Action No.
04 10181MLW

---

## MEMORANDUM OF LAW IN SUPPORT OF JOHN HANCOCK LIFE INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF SPHERE DRAKE'S SUPPORTING MEMORANDUM AND THE AFFIDAVIT OF RAYMOND GORDON BELL WITH EXHIBITS

The plaintiff, John Hancock Life Insurance Company ("John Hancock") has moved this Court to strike certain portions of Sphere Drake's Memorandum in Support of its Motion to Dismiss ("Sphere Drake's Memorandum in Support") and the majority of the Affidavit of Raymond Gordon Bell (the "Bell Affidavit") with accompanying exhibits submitted in support of the Motion to Dismiss.

### I. BACKGROUND

As addressed below, the portions to be stricken from Sphere Drake's Memorandum in Support and the Bell Affidavit with exhibits relate to the Sphere Drake v. EIU, et. al. English Action (the "English Action"), in which John Hancock was not a party. Sphere Drake's reliance on references to and documentation from the English Action is misplaced as the case is irrelevant to the limited issue before this Court under Section 4 of the FAA and only serves as nothing more than an inflammatory distraction.

1

The additional statements in the Bell Affidavit and accompanying exhibits which should be stricken are either not based on Mr. Bell's personal knowledge, consist of opinions and conclusions of law, are irrelevant or speculative, or are made without proper qualifications to attest to the terms and related issues concerning contractual documents.

## ARGUMENT

### I. Standards for Affidavit and Related Pleadings

Fed. R. Civ. P. 12(f) provides that the Court may strike from any pleading any "immaterial" or "scandalous matter." Moreover, Fed. R. Civ. P. 56(e)[1] governs the form of affidavits and provides, in pertinent part:

> (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits **shall be made on personal knowledge**, shall set forth such **facts** as would be admissible in evidence, and shall show affirmatively that the **affiant is competent to testify** to the matters stated therein... .

[Emphasis added]. These requirements are mandatory. Wright, Miller & Kane, Federal Practice and Procedure, 2738, p. 467; Madsen v. Irwin, 395 Mass. 715 (1985) (citing Wright, Miller & Kane). Accordingly, affidavits which are inadequate must be disregarded. G.D. Searle & Co. v. Chas. Pfizer & Co., 231 F.2d 316, 318 (7th Cir. 1956).

Affidavits fail to comply with Rule 56(e) when they are not made with personal knowledge or contain speculative and/or conclusory language. Runyon v. Massachusetts Institute of Technology, 871 F. Supp. 1502, 1506 (D. Mass. 1994). An attorney's affidavit recounting statements by others is not considered personal knowledge. Williams v. Natkin & Co., 508 F. Supp. 1017 (D. Ark. 1981). See also Wyler v. United

---

1 While Sphere Drake has not moved for summary judgment, the standard for affidavits under Fed. R. Civ. P. 56 is appropriate given the nature of the Motion to Dismiss pleadings filed by Sphere Drake.

2

States, 725 F.2d 156 (2d Cir. 1982) (affidavit of an opposing counsel which is not based on firsthand knowledge may not be afforded any weight). Likewise, an affiant's statements of legal opinion or conclusion do not constitute facts under Rule 56(e) and may not be considered by the Court. See Pfeil v. Rogers, 757 F.2d 850 (7th Cir. 1985) (legal argument in affidavit disregarded as expression of legal opinion, not a fact to which an affiant is competent to testify). See also, Washington Cent. R.R. Co., Inc. v. National Mediation Bd., 830 F. Supp. 1343 (E.D. Wash. 1993) (conclusions of law cannot be utilized on a summary judgment motion); G.D. Searle & Co. 231 F.2d at 316 (expressions of affiant's legal conclusions are totally ineffectual, and are not to be given any consideration or weight whatsoever).

Moreover, statements made by persons not competent to testify to the matters stated must also be disregarded. Runyon v. Massachusetts Institute of Technology, 871 F. Supp. at 1507. Thus, statements made by persons not qualified as an authority on the subject are improper and cannot stand. Shore v. Motorola, Inc., 1997 U.S. Dist. LEXIS 1559 at * 22, n. 11 (N.D. Ill. Feb. 6, 1997). In addition, irrelevant statements must be stricken. Starke County Farm Bureau Cooperative Assoc., Inc. v. Allen County Cooperative, Inc., 839 F. Supp. 1329, 1337, n. 14 (N.D. Ind. 1993) (motion to strike affidavit granted on the basis that affidavits are irrelevant, contain hearsay and legal conclusions). See also McKay v. Town and Country Cadillac, Inc., 2002 U.S. Dist. LEXIS 6748 (N. D. Ill. Apr. 1, 2002) (court considered relevancy of statements made by affiant in ruling on motion to strike affidavit); Moses v. City of Evanston, 1998 U.S. Dist. LEXIS 2832 (N.D. Ill. Mar. 10, 1998) at *23 (affidavit does not comply with Rule 56(e) when statements are irrelevant).

II. **Portions of the Supporting Memorandum and the Majority of the Bell Affidavit With Exhibits Do Not Meet the Requisite Standard and Should Be Stricken.**

### A. Immaterial, Irrelevant and Inflammatory Statements and Exhibits

All references to and documentation from or relating to the English Action must be stricken from Sphere Drake's Supporting Memorandum and the Bell Affidavit as they have absolutely no bearing on this Court's consideration of the Petition and only serve to inflame and obscure the issues before the Court. The substantive issues and evidence entertained by in the English Action are not properly before this Court. Whether Sphere Drake can rely in any way on the English Action and the evidence submitted therein with regard to John Hancock is a matter for the Massachusetts arbitration panels entertaining the substantive disputes with regard to the Seven Agreements at issue.

Accordingly, the following should be stricken by the Court in this regard:

1. Sphere Drake's Supporting Memorandum, Background Section A entitled "The English Judgment." (pp. 3-6.);
2. Bell Affidavit, ¶¶ 3-18; 20-22; 27; 29; 30; and 36;
3. Bell Affidavit Exhibits A, B(1)-(11); G and H.

### B. Statements Not Based on Personal Knowledge But Speculation

Mr. Bell acknowledges in ¶1 of his Affidavit that the statements contained therein are not entirely based on his personal knowledge. Indeed, Mr. Bell speculates as to how other parties and their counsel addressed document production matters in the English Action. He also has no personal knowledge of what contractual documentation was presented to Sphere Drake or its agent EIU with regard to the Seven Agreements.

4

The following statements are made by Mr. Bell without personal knowledge, but rather, are based on speculation and should be stricken:

Bell Affidavit, ¶¶ 21-24; 28; 31; 55(1); and 64.

### C. Statements That Are Argumentative or State Legal Conclusions

The following statements made by Mr. Bell are argumentative or state legal conclusions concerning, <u>inter alia</u>, English law and London market practices concerning reinsurance clauses and slip format; the effect of service of suit clauses; London market practice concerning interpretation of slip clauses; the consequences of the English Arbitration Act; and what documentation controls in this matter, none of which are appropriate in an fact witness' affidavit:

1. Bell Affidavit, ¶¶ 2 (last sentence only); 25; 31; 42; 44; 46-54 (to the extent Mr. Bell argues and interprets the correspondence between the parties rather than allowing the documents to speak for themselves); 55(1)-(4); and 56-62; 65; and

2. Bell Affidavit Exhibit B(20).

### D. Statements and Documents To Which Mr. Bell Is Not Qualified To Attest

Mr. Bell is not qualified to attest to the accuracy of the contractual documents submitted. Therefore, the following should be stricken:

1. Bell Affidavit, ¶¶ 19; 25; 26; 29; 31-34; 36-39; and 41-45; and

5

2. Bell Affidavit Exhibits B(12)-(17); C; D and E.

Respectfully Submitted,

_____
Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO# 550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for
John Hancock Life Insurance Company

Dated: February 11, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2004, I served a copy of the foregoing Memorandum of Law In Support of John Hancock Life Insurance Company's Motion To Strike Portions of Supporting Memorandum and Affidavit of Raymond Gordon Bell With Exhibits by hand to the law firm Sally & Fitch and by regular mail to the law firm Butler Rubin Saltarelli & Boyd.

_____
Mitchell S. King, Esq. BBO#272810