UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings Between

JOHN HANCOCK LIFE INSURANCE COMPANY,  Civil Action No.
    Petitioner,  04 10181 MLW

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

---

**JOHN HANCOCK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE SPHERE DRAKE'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

John Hancock Life Insurance Company ("John Hancock") hereby submits this Memorandum of Law in support of its Motion to Strike Sphere Drake's Local Rule 56.1 Statement of Material Facts ("Sphere Drake's Statement of Facts") for failure to comply with Local Rule 56.1.

### I.    BACKGROUND

Pursuant to Local Rule 56.1 and the court's February 27, 2004 Scheduling Order, John Hancock submitted its Local Rule 56.1 Statement of Material Facts ("John Hancock's Statement of Material Facts") with its Motion for Summary Judgment. John Hancock's Statement of Material Facts, comprising 45 numbered paragraphs, sets forth the facts as to which John Hancock contends there is no genuine issue to be tried.[1] With its Opposition to Summary Judgment, Sphere Drake submitted two statements purportedly pursuant to Local Rule 56.1 – Sphere Drake's Responses to John Hancock's Statement of Facts; and Sphere Drake's Statement of Facts, *comprising 129 numbered paragraphs*, which is the subject of this motion.

Sphere Drake's Statement of Facts purportedly sets forth undisputed facts, yet contains no

---

[1] Pursuant to the February 27, 2004 Scheduling Order, the parties also submitted a Joint Statement of Undisputed Facts.

explanation of what relevance, if any, these facts have with regard to John Hancock's Motion for Summary Judgment. Moreover, Sphere Drake's Statement of Facts is a peculiar document, given that Sphere Drake is not itself moving for summary judgment. Local Rule 56.1 calls for a statement of supposedly undisputed material facts *only from the moving party.* Neither Local Rule 56.1 nor the February 27, 2004 Scheduling Order contemplates that Sphere Drake, the non-movant, would file its own such statement, at least to the extent that it simultaneously submitted a response to John Hancock's Statement of Facts.

Sphere Drake's separate Statement of Facts is a perversion of the procedure set out in Local Rule 56.1, and is little more than an attempt to distort and cloud the straightforward material facts affecting John Hancock's Motion for Summary Judgment. Indeed, Sphere Drake's Statement of Facts is the antithesis of a "concise statement," and directly contravenes the purpose of Local Rule 56.1, which is to expedite the process of determining which facts are genuinely in dispute. For these reasons, the court should strike Sphere Drake's Statement of Facts.

## II.   ARGUMENT

Local Rule 56.1 provides in pertinent part that:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried . . . . *Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried*, with page references to affidavits, depositions and other documentation.

D. Mass. Local R. 56.1 (emphasis added). Consistent with this rule, the February 27, 2004 Scheduling Order stated that:

> By May 12, 2004, the parties shall file with the Court their Joint Statement of Undisputed Facts and John Hancock shall file with the Court its Motion for Summary Judgment with supporting Memorandum, and a Local Rule 56.1 Statement of Additional Facts that John Hancock contends are not in dispute

> By May 26, 2004, Sphere Drake shall file with the Court its opposition to the Motion for Summary Judgment and *response to the Local Rule 56.1 Statement*.

February 27, 2004 Scheduling Order, at ¶¶ 5-6 (emphasis added). Neither the local rule nor the scheduling order contemplates, much less allows, Sphere Drake, as the non-movant, to file its own statement of undisputed facts.

Indeed, Sphere Drake's statement flouts the very purpose of Local Rule 56.1, which is to "expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material." *Brown v. Armstrong*, 957 F. Supp. 1293, 1297 (D. Mass. 1996) (determining that the non-movant's 107 paragraph statement of facts failed to comply with Local Rule 56.1 because it was "not a statement of 'specific facts' in dispute.") The rule accomplishes its objective by requiring that "[t]he non-movant's response . . . 'state[s] what specific facts are disputed and [thereby] prevent summary judgment.'" *Id.* (quoting *Vasapollis v. Rostoff*, 864 F. Supp. 215, 218 (D. Mass. 1993), *aff'd*, 39 F.3d 27 (1st Cir. 1994)).

Sphere Drake's Statement of Facts "fails to comply with Local R. 56.1[ in that i]t does not distinguish between facts involved in the case generally, and material facts genuinely in dispute." *Id.* Indeed, the statement is suspect on its face given its absurd length – 129 paragraphs as compared to the 45 paragraphs contained in John Hancock's statement. As this court has recognized, "[w]hile this approach generates a lot of dust, which may have been [Sphere Drake]'s intent, it does not further the goal of sharply focusing areas of dispute." *Key Trust Co. v. Doherty, Wallace, Pillsbury & Murphy, P.C.*, 811 F. Supp. 733, 734 n.2 (D. Mass. 1993). Sphere Drake's statement has generated more than a lot of dust. It has created a veritable tornado by convoluting what is a very narrow and straightforward matter before this court.

### III.  CONCLUSION

For the foregoing reasons, John Hancock respectfully requests that the court strike Sphere Drake's Local Rule 56.1 Statement of Material Facts.

        Respectfully submitted,

        JOHN HANCOCK
        LIFE INSURANCE COMPANY
        By its attorneys,


        _/s/Rhonda L. Rittenberg_____
        Mitchell S. King, Esq. BBO#272810
        Rhonda L. Rittenberg, Esq. BBO# 550498
        Michael A. Calawa, Esq. BBO# 643517
        Prince, Lobel, Glovsky & Tye LLP
        585 Commercial Street
        Boston, MA 02109
        (617) 456-8000

        Of Counsel
        David A. Silva, Esq.
        Mound, Cotton, Wollan & Greengrass
        One Battery Park Plaza
        New York, New York 10004
        (212) 804-4200

        Attorneys for
        John Hancock Life Insurance Company

Dated: June 4, 2004