IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

Civil Action No.
04 10181MLW

---

**MEMORANDUM OF LAW IN SUPPORT OF JOHN HANCOCK LIFE INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF SPHERE DRAKE'S OPPOSITION TO JOHN HANCOCK'S MOTION FOR SUMMARY JUDGMENT AND SPHERE DRAKE'S RULE 56.1 STATEMENT AND ACCOMPANYING EXHIBITS**

The plaintiff, John Hancock Life Insurance Company ("John Hancock") submits this Memorandum of Law in support of its Motion to Strike Portions of Sphere Drake's Opposition to John Hancock's Summary Judgment Motion, Sphere Drake's Rule 56.1 Statement and the accompanying exhibits. Specifically, John Hancock seeks to strike any references to the judgment or the proceedings in the *Sphere Drake Ins. Ltd. v. Euro Int'l Underwriting Ltd.*, Case No. 2000 Folio 249, 2003 WL 21729222 (Q.B. July 8, 2003) (the "English Action"), to which John Hancock was not a party; statements by Raymond Gordon Bell in his affidavit ("Bell Affidavit"); and any other irrelevant and immaterial statements or documentation.

As addressed below, Sphere Drake's continued reliance on references to and documentation from the English Action is misplaced. The English Action is irrelevant to the limited issue before this Court under Section 4 of the FAA and thus only serves as an inflammatory distraction. Likewise, Sphere Drake's continued references to the Bell

Affidavit and accompanying exhibits are inappropriate because the statements in such affidavits are either not based on Bell's personal knowledge, consist of opinions and conclusions of law, are irrelevant or speculative, or are made without proper qualifications to attest to the terms and related issues concerning contractual documents. These and all other immaterial and irrelevant references and documentation should be stricken from Sphere Drake's Opposition and Rule 56.1 Statement and accompanying exhibits.[1]

## ARGUMENT

Fed. R. Civ. P. 12(f) provides that the Court may strike from any pleading any "immaterial" or "scandalous matter."  Further, affidavits that are inadequate must be disregarded.  Fed. R. Civ. P. 56(e); G.D. Searle & Co. v. Chas. Pfizer & Co., 231 F.2d 316, 318 (7th Cir. 1956).  Affidavits fail to comply with Rule 56(e) when they are not made with personal knowledge or contain speculative and/or conclusory language. Runyon v. Massachusetts Institute of Technology, 871 F. Supp. 1502, 1506 (D. Mass. 1994); Williams v. Natkin & Co., 508 F. Supp. 1017 (D. Ark. 1981) (attorney's affidavit recounting statements by others not personal knowledge.); see also, Wyler v. United States, 725 F.2d 156 (2d Cir. 1982) (affidavit of opposing counsel not based on firsthand knowledge afforded no weight).  Likewise, an affiant's statements of legal opinion or

---

[1] Also pending before this Court are two other motions to strike filed by John Hancock: (1) John Hancock Life Insurance Company's Motion to Strike Portions of Sphere Drake's Supporting Memorandum and the Affidavit of Raymond Gordon Bell With Exhibits; and (2) John Hancock Life Insurance Company's Motion to Strike Portions of Sphere Drake's Memorandum in Support of its Motion to Dismiss John Hancock's Verified Amended Complaint and Exhibit 1 (Docket no. 45).  Since many of the statements to be stricken from Sphere Drake's Opposition to Hancock's Motion for Summary Judgment ("Opposition") and Rule 56.1 Statement, as discussed herein, refer or relate to statements or exhibits which are the subject of such pending motions to strike, John Hancock incorporates herein the arguments contained in such motions.  John Hancock is also filing at this time its Motion to Strike Sphere Drake's Local Rule 56.1 Statement of Material Facts seeking to strike Sphere Drake's Rule 56.1 Statement in its entirety.

2

conclusion do not constitute facts under Rule 56(e) and may not be considered by the Court.  See Pfeil v. Rogers, 757 F.2d 850 (7th Cir. 1985) (legal argument disregarded as expression of legal opinion, not fact to which affiant competent to testify).

Moreover, statements made by persons not competent to testify to the matters stated must also be disregarded.  Runyon v. Massachusetts Institute of Technology, 871 F. Supp. at 1507.  Thus, statements made by persons not qualified as an authority on the subject are improper and cannot stand.  Shore v. Motorola, Inc., 1997 U.S. Dist. LEXIS 1559 at * 22, n. 11  (N.D. Ill. Feb. 6, 1997).  Likewise, irrelevant statements must be stricken.  See e.g., Starke County Farm Bureau Cooperative Assoc., Inc. v. Allen County Cooperative, Inc., 839 F. Supp. 1329, 1337, n. 14  (N.D. Ind. 1993) (motion to strike granted where affidavits irrelevant, contain hearsay and legal conclusions).

**I.   Portions of the Opposition and Rule 56.1 Statement and Exhibits Regarding the English Action, the Bell Affidavit and the Billyard Declarations Do Not Meet the Requisite Standard and Should Be Stricken.**

**A.  Immaterial, Irrelevant and Inflammatory Statements and Exhibits**

All references to and documentation from or relating to the English Action must be stricken from Sphere Drake's Opposition, Rule 56.1 Statement and exhibits thereto as they have no bearing on this Court's consideration of the Petition and only serve to inflame and obscure the issues before the Court.  Critically, the substantive issues and evidence entertained by the Court in the English Action are not properly before this Court.  Indeed, the extent to which Sphere Drake can rely (if at all) on the English Action and the evidence proffered in that action is to be determined by the arbitration panel

which will consider the substantive disputes with regard to the reinsurance agreements at issue[2]. Accordingly, the following should be stricken by the Court:

1. Sphere Drake's Opposition, Section A, entitled "The English Judgment." (pp. 3-4);

2. Bell Affidavit, ¶¶ 3-18, 20-22, 27, 29, 30 and 36;

3. Bell Affidavit Exhibits A, B(1)-(11); G and H;

4. Rule 56.1 Statement, ¶¶1 (to extent it relies on Victor Broad witness statement), 3, 9, 10, 11, 12, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 44, 49, 57, 60, 96, 97, 98 99, 100 and 101;

5. Rule 56.1 Statement Exhibits B, C, D, E, F, G, H, I, J, K, L, M, N, O, P and W.

For the same reasons, this Court should strike the following references by Sphere Drake to a letter -- and the letter itself -- from John Hancock to LDG Re, in a completely unrelated matter involving different contracts with different arbitration clauses:

1. Rule 56.1 Statement, ¶¶94 and 95

2. Rule 56.1 Statement Exhibit V.

### B. Statements Based on Speculation, Not Personal Knowledge

Throughout its Opposition and Rule 56.1 Statement, Sphere Drake repeatedly relies on the Bell Affidavit, despite the fact that Bell acknowledges in the first paragraph that his statements are not entirely based on personal knowledge. Bell improperly speculates as to the whereabouts of parties and witnesses in the English Action; how

---

[2] Moreover, given the myriad of differences between the parties, contracts and issues in the English Action and those in this action, particularly where the only question here is the application of 9 U.S.C. §4, the English Action would have no collateral estoppel effect on this action and should not be considered. See Keystone Shipping Co. v. New England Power Co., 109 F.3d 46 (1st Cir. 1997)

4

parties and their counsel handled document productions in the English Action; and what contractual documentation was presented to Sphere Drake or its agent EIU with regard to the agreements at issue here. The following are based on the statements made by Bell in the Bell Affidavit, without personal knowledge, and constitute speculation and should be stricken:

1. Bell Affidavit, ¶¶ 21-24, 28, 31, 55(1) and 64;

2. Rule 56.1 Statement, ¶¶14, 17, 24, 25, 34, 35, 47, 48, 79, 80, 81, 82, 83 and 84.

### C. Statements That Are Argumentative or State Legal Conclusions

The following items, based on statements made by Bell, are argumentative or state legal conclusions concerning, <u>inter</u> <u>alia</u>, English law and London market practices concerning reinsurance clauses and slip format; the effect of service of suit clauses; London market practice concerning interpretation of slip clauses; the consequences of the English Arbitration Act; and what documentation controls in this matter. Accordingly, the following should be stricken as inappropriate:

1. Bell Affidavit, ¶¶2 (last sentence only), 25, 31, 42, 44, 46-54 (to the extent Bell argues and interprets the correspondence between the parties rather than allowing the documents to speak for themselves), 55(1)-(4), 56-62 and 65;

2. Bell Affidavit Exhibit B(20).

3. Rule 56.1 Statement, ¶¶24, 25, 34, 35, 47, 48, 102, 103 and 104.

### D. Statements and Documents To Which Bell Is Not Qualified To Attest

Bell is not qualified to attest to the accuracy of the contractual documents submitted. Therefore, the following items, based upon Bell's unqualified statements in his Affidavit, should be stricken:

1. Bell Affidavit, ¶¶19, 25, 26, 29, 31-34, 36-39, 41-45;

2. Bell Affidavit Exhibits B(12)-(17), C, D and E;

3. Rule 56.1 Statement, ¶¶20, 52, 53, 54, 55, 56, 58, 60, 62 and 63.

Based upon the foregoing, John Hancock requests that this Court strike and disregard all references, statements and documents enumerated herein.

Respectfully Submitted,

/s/Rhonda L. Rittenberg
Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO# 550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for
John Hancock Life Insurance Company

Dated: June 4, 2004