IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------
In the Matter of the Arbitration Proceedings Between

JOHN HANCOCK LIFE INSURANCE COMPANY,
        Petitioner,

        and

SPHERE DRAKE INSURANCE LIMITED,
        Respondent.
-----------------------------------------------------------
```

FILED
IN CLERKS OFFICE

2004 JUN 14  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No. 04 10181 MLW

### SPHERE DRAKE'S MEMORANDUM OF LAW IN OPPOSITION TO JOHN HANCOCK'S MOTION TO STRIKE PORTIONS OF SPHERE DRAKE'S PAPERS IN OPPOSITION TO JOHN HANCOCK'S SUMMARY JUDGMENT MOTION

John Hancock Life Insurance Company ("Hancock") has moved this Court to strike certain portions of Sphere Drake Insurance Limited's ("Sphere Drake's") Opposition to John Hancock's Summary Judgment Motion, Sphere Drake's Rule 56.1 Statement and accompanying exhibits (Docket No. 78). Hancock seeks to strike references to the proceedings and the judgment in *Sphere Drake Ins. Ltd. v. Euro Int'l Underwriting Ltd.,* No. 2000 Folio 249, 2003 WL 21729222 (Q.B. July 8, 2003), certain paragraphs of the Affidavit of Raymond Gordon Bell ("Bell Affidavit" or "Bell Aff."), and other statements Hancock claims to be "irrelevant and immaterial." Sphere Drake has previously responded to Hancock's attempt to bar references to the English Judgment and the Bell Affidavit in its Memorandum of Law In Opposition to Hancock's Motion to Strike Portions of Sphere Drake's Supporting Memorandum and the Affidavit of Raymond Gordon Bell (Docket No.48) (hereinafter "First Opposition to Motion to Strike"). Sphere Drake hereby adopts and reincorporates the arguments made in that filing, and will not repeat them at length in this response. Hancock's continuing insistence that the Court ignore the impact of the English Action remains meritless, and reveals Hancock's concern that

the findings made by the English Commercial Court and the facts in the Bell Affidavit fully support Sphere Drake's Motion to Stay Hancock's Motion to Compel arbitration in Massachusetts.

I. **Rule 12(f) of the Federal Rules of Civil Procedure Does Not Provide Any Support for Hancock's Motion to Strike Portions of Sphere Drake's Opposition or Rule 56.1 Statement.**

As Sphere Drake pointed out in its response to Hancock's previous motion to strike, Rule 12(f) applies only to pleadings, and Hancock's reliance on that rule in attempting to strike portions of Sphere Drake's Opposition to John Hancock's Summary Judgment Motion ("Sphere Drake's Opposition") is mistaken. *See* First Opposition to Motion to Strike, Docket No. 48 at pp. 1-3. As neither Sphere Drake's Opposition nor its Rule 56.1 statement is a "pleading," Rule 12(f) provides no support for Hancock's continuing attempt to erase portions of those documents from the record.

II. **References to the English Action in Sphere Drake's Opposition and Rule 56.1 Statement Are Relevant and Are Neither "Immaterial" nor "Inflammatory."**

Hancock maintains that all references in Sphere Drake's Opposition to Summary Judgment, in its Local Rule 56.1 Statement, and in the Bell Affidavit relating to the English Action, as well as all documents relating to the English Action, must be stricken because "they have no bearing on this Court's consideration of the Petition and only serve to inflame and obscure the issues before the Court." (Hancock's Memorandum in Support [Docket No. 79], p. 3.) As Sphere Drake demonstrated in its First Opposition to Motion to Strike (Docket No. 48 at pp. 3-5), Hancock has not met its substantial burden of showing that the references to the English Action cause it any prejudice whatsoever, in light of the relevance of the English Action and the factual findings contained therein. The factual findings provide relevant information that will help the Court determine whether England – where all of the key witnesses reside and where the

fraudulent placement of each of the Contracts took place – is the proper location for the litigation over the arbitration situs and for the arbitration itself. Similarly, Sphere Drake's reference to Hancock's assent to English arbitration in other cases (Sphere Drake's Rule 56.1 Statement, ¶¶ 94, 95 and Exhibit V) provides further support for Sphere Drake's contention that a stay of Hancock's Petition is appropriate and that its Motion for Summary Judgment should be denied.

### III. The Statements in the Bell Affidavit Are Based on Personal Knowledge.

Hancock asks the Court to strike certain portions of the Bell Affidavit claiming that they are based on "speculation" and not "personal knowledge." As Sphere Drake demonstrated previously (First Opposition to Motion to Strike, Docket No. 48 at pp. 5-7), Bell's affidavit is expressly based on his personal knowledge and review of the documents produced in the English Action by EIU and Stirling Cooke. Such review of files and records is more than sufficient, as "personal knowledge" is not strictly limited to activities in which the declarant has personally participated. *Id.* Hancock's motion to strike these paragraphs of the Bell Affidavit and the paragraphs of the Rule 56.1 statement referencing the Bell Affidavit should be denied.

### IV. The Portions of the Bell Affidavit, Rule 56.1 Statement, and Exhibits Relating to English Law and London Practice Are Proper.

Hancock also argues that the assertions in the Bell Affidavit concerning English law and London market practice "should be stricken as inappropriate." (Hancock Memorandum in Support, p. 5.) Sphere Drake responded to Hancock's earlier motion to strike by demonstrating (First Opposition to Motion to Strike, Docket No. 48 at pp. 7-9) that foreign law may be proved by "any relevant material or source" under Federal Rule of Civil Procedure 44.1. Moreover, Hancock's attempt to strike Bell's reference to the Lloyd's of London Fact Sheet at Exhibit B(20) to his Affidavit is not only unsupported by explanation, but also contradicted by Hancock's own introduction (through the affidavit of its *U.S.* counsel), of the Lloyd's "standard

Service of Suit Clause (U.S.A.)" from the Lloyd's form book. (Second Aff. of Mitchell S. King [Docket No. 25], ¶ 9.) The portions of the Bell Affidavit, Rule 56.1 Statement and exhibits identified by Hancock in Section II(C) of its Memorandum in Support were all properly submitted to this Court in aid of its determination of issues involving English law. Accordingly, the Court should deny Hancock's motion to dismiss these parts of Sphere Drake's submission.

V. **Bell Is Qualified to Attest to the Accuracy of the Documents to Which He Refers in His Affidavit.**

Finally, Hancock argues, without explanation, that "Mr. Bell is not qualified to attest to the accuracy of the contractual documents submitted." (Hancock Memorandum in Support, at p. 6.) Review of files, as Sphere Drake established in its prior response (First Opposition to Motion to Strike, Docket No. 48 at pp. 9-10) is sufficient to permit an affiant to attest to the accuracy of documents reviewed. Bell's testimony as to his review of the files establishes his competence to testify as to the matters to which Hancock objects.

## Conclusion

Hancock has not satisfied its burden for striking any portion of Sphere Drake's Opposition to John Hancock's Motion for Summary Judgment, Sphere Drake's Rule 56.1 Statement, or the accompanying exhibits, and its motion should be denied.

SPHERE DRAKE INSURANCE LIMITED
By its attorneys,

*Andrea Peraner - Sweet (HVB)*
Andrea Peraner-Sweet (BBO#550515)
Heather V. Baer (BBO#566746)
SALLY & FITCH, LLP
225 Franklin Street
Boston, MA 02110
(617) 542-5542

OF COUNSEL:
Harold C. Wheeler (Attorney I.D. No. 2996960)
Teresa Snider (Attorney I.D. No. 06210115)
Kevin J. O'Brien (Attorney I.D. No. 06193882)
Mark A. Schwartz (Attorney I.D. No. (6270580)
Butler, Rubin, Saltarelli & Boyd LLP
3 First National Plaza
70 West Madison Street, Suite 1800
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

I, Andrea Peraner-Sweet, hereby certify that a copy of this document was served upon all counsel of record by hand on June 14, 2004.

*Andrea Peraner-Sweet (HVB)*
Andrea Peraner-Sweet

W:\S\Sphere\Hancock\Pleadings\resp sj mot to strike.doc