IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

In the Matter of the Arbitration Proceedings Between

JOHN HANCOCK LIFE INSURANCE COMPANY,
Petitioner,

and

SPHERE DRAKE INSURANCE LIMITED,
Respondent.

---

Civil Action No. 04 10181 MLW

FILED
IN CLERKS OFFICE

2004 JUN 14  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

## SPHERE DRAKE'S MEMORANDUM OF LAW IN OPPOSITION TO HANCOCK'S MOTION TO STRIKE SPHERE DRAKE'S RULE 56.1 STATEMENT

John Hancock Life Insurance Company ("Hancock") has moved this Court to strike Sphere Drake Insurance Limited's ("Sphere Drake's") Rule 56.1 Statement filed in opposition to Hancock's Motion for Summary Judgment. Hancock's complaint that Sphere Drake's Statement is "not concise" and "an attempt to distort and cloud the straightforward material facts affecting John Hancock's Motion for Summary Judgment" is based on Hancock's improperly narrow view of the case. Given its position that the Court has no power to do anything other than compel arbitration in Massachusetts under Section 4 of the Federal Arbitration Act, Hancock would bar this Court from considering any facts that do not directly support its Petition. Yet, as Sphere Drake has repeatedly demonstrated, this Court has the power to stay Hancock's Petition in favor of parallel proceedings in England. Thus, in response to Hancock's Rule 56.1 Statement, Sphere Drake responded to the narrow set of facts proposed by Hancock and also provided additional facts regarding the English activities surrounding these contracts, facts Hancock predictably dismisses as irrelevant. Sphere Drake's response is wholly consistent with the Federal and Local Rules and this Court's Scheduling Order, and Hancock's Motion should be denied.

I.  **The Purpose of Sphere Drake's Rule 56.1 Statement is to Present a Full and Complete Record Before the Court in Accord with the Purpose of the Local and Federal Rules.**

Hancock states that Sphere Drake's Statement of Facts violates Local Rule 56.1, which calls for a statement of facts "only from the moving party." Hancock Memorandum in Support (Docket No. 75). at 2. Under Hancock's view of the Local Rule, a party responding to a summary judgment motion is barred from citing evidence other than on the subjects deemed relevant by the moving party. However, as stated in Federal Rule of Civil Procedure 56, Sphere Drake is obligated to set forth "specific facts showing there is a genuine issue for trial." Moreover, Local Rule 56.1 provides that an opposition to a motion for summary judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried. . . ." Thus, Sphere Drake was required not only to answer Hancock's statement but also to cite additional facts that it believes preclude the entry of summary judgment in Hancock's favor.

Sphere Drake not only followed the Local Rule, but its Statement also fulfilled its purpose. Sphere Drake first answered the individual paragraphs of Hancock's statement with admissions or denials and objections where appropriate. However, Hancock's statement failed to address facts regarding the negotiation or formation of the purported contracts at issue, or the identity of the individuals involved. This is because Hancock wishes to prevent this Court from even considering the facts that support exercising its power to abstain in favor of proceedings pending in England. In order to provide a complete record, Sphere Drake had no choice but to present these facts as a response to Hancock's deliberately truncated version. As a result, Hancock's complaint about the "absurd length" of Sphere Drake's fact statement rings hollow, particularly in light of the fact that many of the facts presented by Sphere Drake were in response to the affidavit Hancock submitted on alleged "practices" in the London reinsurance market.

Federal Rule of Civil Procedure 56(e) expressly grants Sphere Drake the right to file counteraffidavits. Sphere Drake did so and included the facts from that affidavit in its Local Rule 56.1 Statement.

In sum, Hancock's complaint regarding Sphere Drake's fact statement boils down to a continuing contention that the myriad of events taking place in England surrounding the purported contracts should be ignored by the Court. Hancock's baseless contention that Sphere Drake's facts are "irrelevant" does not provide a basis for striking those facts from the record.[1]

## II.    The Cases Cited By Hancock Do Not Support its Position.

Neither *Brown v. Armstrong*, 957 F. Supp. 1293 (D. Mass. 1996) nor *Key Trust Co. v. Doherty, Wallace, Pillsbury & Murphy, P.C.*, 811 F. Supp. 733 (D. Mass. 1993) support Hancock's request to strike Sphere Drake's Rule 56.1 response. In *Brown*, the court found that plaintiffs' fact statement was not in compliance with Local Rule 56.1 as it did not identify what facts were in dispute. Moreover, the fact statement contained "conclusory statements and allegations that are not supported by citations to the record. *Brown*, 957 F. Supp. at 1297. Despite these violations, the court did not strike Plaintiffs' fact statement but instead followed the terms of Local Rule 56.1 and "deemed admitted" the facts from defendants' statement that plaintiffs had failed to rebut. *Brown* does not apply to this case, in which Sphere Drake has admitted or denied each fact statement offered by Hancock, and has provided citations to the record for each fact it has asserted.[2] Local Rule 56.1 requires the parties to present facts and identify those in dispute; it does not contemplate striking a fact statement based on relevance objections.

---

[1] Hancock's response to Sphere Drake's Local Rule 56.1 Statement contains 108 relevance objections to the 129 fact statements contained therein.

[2] In contrast, Hancock has failed to admit or deny the substance of 105 of Sphere Drake's 129 fact statements.

Similarly, in *Key Trust*, the court did not strike the plaintiff's Rule 56.1 statement, although it described plaintiff's "seven pages of discursive text…without specific citations to the record" as a "fumbling attempt" to comply with the Local Rule. *Key Trust*, 811 F. Supp. at 734 n.2. The court's concern was that the form of plaintiff's statement made it difficult to "distill" the undisputed facts. *Id.* That concern is not present in this case, where Sphere Drake has answered each factual allegation offered by Hancock and provided additional facts, buttressed by record citations, necessary to the Court's consideration of Hancock's summary judgment motion. Thus, there is no support in the case law or the text of the rule itself for Hancock's Motion to Strike Sphere Drake's Rule 56.1 Fact Statement, and it should be denied.

## Conclusion

Sphere Drake responded to Hancock's Local Rule 56.1 Fact Statement in a manner consistent with the Local Rules, the Federal Rules of Civil Procedure, and this Court's Scheduling Order. As a result, there are no grounds to support Hancock's Motion to Strike Sphere Drake's Rule 56.1 Statement, and the Court should deny the motion.

SPHERE DRAKE INSURANCE LIMITED
By its attorneys,

*Andrea Peraner-Sweet (HVB)*
Andrea Peraner-Sweet (BBO#550515)
Heather V. Baer (BBO#566746)
SALLY & FITCH
225 Franklin Street
Boston, MA 02110
(617) 542-5542

OF COUNSEL:
Harold C. Wheeler (Attorney I.D. No. 2996960)
Teresa Snider (Attorney I.D. No. 06210115)
Kevin J. O'Brien (Attorney I.D. No. 06193882)
Mark A. Schwartz (Attorney I.D. No. (6270580)
Butler, Rubin, Saltarelli & Boyd LLP
3 First National Plaza
70 West Madison Street, Suite 1800
Chicago, Illinois 60602

CERTIFICATE OF SERVICE

I, Andrea Peraner-Sweet, hereby certify that a copy of this document was served upon all counsel of record by hand on June 14, 2004.

*Andrea Peraner-Sweet (HVB)*
Andrea Peraner-Sweet

W:\S\Sphere\Hancock\Pleadings\resp. m to strike 56.1.doc