UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 14  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

---------------------------------------------------------

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

Civil Action No.
04-10181 MLW

And

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

---------------------------------------------------------

## SUPPLEMENTAL AFFIDAVIT OF JAMES H. HUNT

James H. Hunt, being duly sworn, deposes and says:

1.    I have reviewed and considered the Supplemental Affidavit of Malcolm J. Beacham submitted by John Hancock Life Insurance Company ("John Hancock") in these proceedings.

2.    I wish to make it clear that in my Affidavit I made no inference or suggestion that the ARIAS Arbitration Clause and/or Clause 15 (Arbitration) of the Joint Excess Loss Committee and/or Article 21 (Arbitration Clause) of the LMX P.A.1. - 1992 wording were applicable to the contracts in dispute in this matter. I merely put forward these three clauses to the Court as concrete examples of the arbitration clauses in use in the London market at the time which in my view clearly show the custom and practice in the London market at the time relative to establishing the seat of arbitration and the choice of governing law. I note that neither in his original Affidavit nor in his Supplemental Affidavit does Mr Beacham provide any such standard examples of his own of the arbitration clauses in use in the London market at the time in support of his stance.

3.    Mr Beacham appears to be of the view that if the parties wanted to have London as the seat of arbitration and the law of England as the applicable law, then they could have stated such in the slips and/or contracts - and then draws the conclusion that

## SUPPLEMENTAL AFFIDAVIT OF JAMES H. HUNT

because the parties did not make such statements, the seat of arbitration and applicable law should default to the US.

4.    I have reviewed the various slips and contracts relative to Sphere Drake Insurance Limited's ("Sphere Drake") reinsurance of John Hancock. I have observed that the five slips for Programme 5, *The Hancock/Hackett Contracts*, the slip for Programme 8, *The Bridgefield Retrocession*, the four slips and contracts for Programme 12, *The Hancock "Direct" Contracts*, and the four slips for Programme 30, *The Hancock/WEB VQS Contracts*, in addition to including a Service of Suit Clause, each state specifically that the reinsurance contract shall be governed by and construed in accordance with the laws of the State of Massachusetts under the jurisdiction of the Courts of the State of Massachusetts and that the Arbitration contract shall also be subject to the law and jurisdiction of the State of Massachusetts. I have attached a copy of one of the slips from each of these four programmes as Exhibit A.

5.    The slip conditions for the twelve slips for Programme 9, *The Realm B&S Contracts*, the one slip for Programme 28, *The Hancock Quota Share Contract* and the one slip for Programme 33, *The Hancock Non Proportional Quota Share*, each include a Service of Suit Clause and an Arbitration Clause, yet make no specific mention of the governing law and jurisdiction. I have attached a copy of one of the slips from each of these three programmes as Exhibit B. Had the parties wanted these slips also to be governed by and construed in accordance with the laws of the State of Massachusetts under the jurisdiction of the Courts of the State of Massachusetts and Arbitration subject to the law and jurisdiction of the State of Massachusetts, then the parties could have included these provisos in the slips for these contracts. Clearly they chose not to. It cannot, therefore, have been their intention to have Massachusetts law apply to all of the contracts whereby Sphere Drake reinsured John Hancock.

## SUPPLEMENTAL AFFIDAVIT OF JAMES H. HUNT

6.    To reinforce this view I put forward that I have observed that Programme 9 was underwritten by Sphere Drake's underwriting agent on the same day as Programmes 8 and 12 were underwritten. Had it been the intention for Massachusetts law to apply to all of the contracts whereby Sphere Drake reinsure John Hancock then I would have expected at least all of the contracts underwritten on the same day to be consistent in that respect. The fact that the twelve slips for Programme 9 do not specify Massachusetts law is telling in that by the absence of any mention it cannot have been the intention for Massachusetts law to apply.

7.    It remains my view that where slips and/or contracts do not specify any particular law or jurisdiction should apply, in the custom and practice of the London market it is the law of England that should apply. If a party wanted a particular law to apply other than the law of England, they would need specifically to designate such law.

8.    Mr Beacham in paragraph 13. of his Supplemental Affidavit asserts that the London Personal Accident excess of loss reinsurance market's standard contract wording known as "LMX P.A.1. - 1992" was *"designed for outwards reinsurance of London market cedents"*. This is not my understanding. The wording was designed for use by the London Personal Accident excess of loss reinsurance market for any excess of loss contract, including those reinsuring US cedents. The purpose of the wording was to simplify and standardise the drafting of excess of loss reinsurance contracts for Personal Accident business placed in the London market, not to create some "special" wording for use only when reinsuring London market underwriters. Indeed, I have observed that all eight of the slips relating to Programme 1, *The John Hancock/JEH Re Contracts*, were placed on the basis of the "LMX P.A.1. - 1992" standard wording which clearly confirms my understanding of the wording's broader use, contrary to Mr Beacham's assertions. I have attached a copy of one of the slips from Programme 1 as Exhibit C.

3

SUPPLEMENTAL AFFIDAVIT OF JAMES H. HUNT

9.     I confirm that the contents of this Supplemental Affidavit are true to the best of my knowledge and belief.

I make this supplemental affidavit on *10th* June 2004.

........................................... (James H. Hunt)

Sworn on *10th* June 2004 at *Woodbridge England*

Before me,

........................................... (Notary Public)

*CJ BIRD*

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In the Matter of the Arbitration Proceedings between

JOHN HANCOCK LIFE INSURANCE COMPANY,
    Petitioner,

    And

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.

Civil Action No.
04-10181 MLW

This is the exhibit referred to in the Supplemental Affidavit of JAMES H. HUNT, marked "Exhibit A" and sworn this _10th_ day of June 2004.

Before me,

Notary Public

(C. J. BIRD)