UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------
In the Matter of the Arbitration Proceedings Between

JOHN HANCOCK LIFE INSURANCE COMPANY,   Civil Action No.
    Petitioner,                                04 10181 MLW

and

SPHERE DRAKE INSURANCE LIMITED,
    Respondent.
-------------------------------------------------------------------

### JOHN HANCOCK'S OPPOSITION TO SPHERE DRAKE'S MOTION TO STRIKE SUPPLEMENTAL AFFIDAVIT OF MALCOLM J. BEACHAM AND AFFIDAVIT OF KEITH TUNSTALL

John Hancock Life Insurance Company ("John Hancock") hereby opposes the motion of Sphere Drake Insurance Limited ("Sphere Drake") to strike the Supplemental Affidavit of Malcolm J. Beacham ("Beacham Supplemental Affidavit") and the Affidavit of Keith Tunstall ("Tunstall Affidavit").

**I.  In Contrast to the Beacham and Tunstall Affidavits, Which Provide Undisputed Material Guidance on the Interpretation of the Slip References, the Hunt Affidavits Have Been Rendered Meaningless By Mr. Hunt's Own Admission.**

As set forth in John Hancock's Opposition to Sphere Drake's Motion to Strike the original Beacham Affidavit, the Supplemental Beacham Affidavit and the Tunstall Affidavit are invaluable tools to the court in understanding the unambiguous meanings of the shorthand references in the Executed Slips because the affidavits place the unambiguous slip references in the context of how a London Market Underwriter, including Sphere Drake, would have unequivocally understood them when they were executed in 1997 and 1998. Critically, Sphere Drake does not dispute that the slip references to "arbitration clauses" and "service of suit clauses" are terms of art in the London

insurance market or that the references have unambiguous meanings within the industry. Moreover, Sphere Drake does not materially challenge the utility of the Beacham and Tunstall Affidavits. Sphere Drake superficially asserts that the statements in the Beacham and Tunstall affidavits are "at odds" with the plain and unambiguous contract terms, but fails to articulate how they are "at odds" or the meaning of those terms.[1]

Sphere Drake's reliance on the Supplemental Affidavit of James H. Hunt ("Supplemental Hunt Affidavit") is bewildering since, by Mr. Hunt's own admission, the Hunt Affidavits are useless to the court's interpretation of the slip references to "service of suit" and "arbitration clauses." In his original affidavit (the "Hunt Affidavit"), Mr. Hunt focuses on three arbitration clauses from various standard London market reinsurance treaty wordings, and premises his "opinion" that London should be considered the seat of arbitration by default by virtue of these wordings. (*See* Hunt Aff., ¶¶ 14-25.)  In the Supplemental Hunt Affidavit, Mr. Hunt "clarifies" that the "standard" arbitration clauses he discusses in his original affidavit have absolutely no application to the Executed Slips in this matter. (*See* Supp. Hunt Aff. ¶ 2.)  Having conceded those wordings irrelevant to the Executed Slips, the Hunt Affidavits provide little value to the court's interpretation of the slip references.

Mr. Hunt further diminishes the value of his testimony by referring to "the twelve slips for Programme 9, *The Realm B&S Contracts*." (*See* Supp. Hunt Aff., ¶¶ 5, 6.)  Because, Sphere Drake reinsured John Hancock on five Realm contracts, (*see* Joint Statement of Undisputed Facts, ¶¶ 9-14), John Hancock is at a loss as to what contracts Mr. Hunt reviewed for purposes of the Supplemental Hunt Affidavit, but it would appear that he has failed to review the contracts at issue.

---

[1] Sphere Drake notes that Mr. Tunstall does not attest to the fact that the "transfer" language in the "service of suit clauses" is limited to transfers to courts within the United States. There is no need for Mr. Tunstall to repeat what Mr. Beacham previously stated in this regard as Mr. Tunstall adopted both Beacham Affidavits in their entirety. (*See* Tunstall Aff., ¶ 9.)

Additionally, the Supplemental Hunt Affidavit is largely based on Mr. Hunt's conclusion that where the parties have in some slips specified that arbitration will occur in Massachusetts, their silence in other slips manifests an intention to default to England as the seat of arbitration. (*See* Supp. Hunt Aff., ¶¶ 4-6.) Mr. Hunt, however, premises this conclusion on an unjustifiably selective review of the twenty-nine John Hancock/Sphere Drake Ceded Contracts. In particular, he completely ignores the Bermuda & JEH Corporation London Agreements (Program 1) and the Sun Life/American Phoenix Specific Agreements (Program 24), which specifically provide for arbitration in England. (*See* Joint Statement of Undisputed Facts, ¶¶ 47, 50.) It is clear that the existence of slips specifying arbitration in England is a problem for Mr. Hunt, since it is inconsistent with his assertion that the parties indicate England by silence.

Finally, Mr. Hunt's challenge to the Supplemental Beacham Affidavit with respect to whether the LMX PA wording is used outside the context of outward reinsurance of London market cedents, is irrelevant and immaterial by Mr. Hunt's own admission that this wording is not applicable to the Executed Slips.

Thus, the Hunt Affidavits raise no material challenge to the Beacham and Tunstall Affidavits with regard to the consequences of the "service of suit clause" and "arbitration clause" in the Executed Slips. Because the Beacham and Tunstall Affidavits place the slip references in the context of how Sphere Drake would have unequivocally understood them when they were executed in 1997 and 1998, the court should admit them to aid in the interpretation of the Executed Slips.

## II. Conclusion

For the foregoing reasons, John Hancock respectfully requests that the court deny Sphere Drake's Motion to Strike the Supplemental Beacham Affidavit and the Tunstall Affidavit.

Respectfully submitted,

JOHN HANCOCK
LIFE INSURANCE COMPANY
By its attorneys,


 /s/Rhonda L. Rittenberg
Mitchell S. King, Esq. BBO#272810
Rhonda L. Rittenberg, Esq. BBO# 550498
Michael A. Calawa, Esq. BBO# 643517
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Of Counsel
David A. Silva, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for
John Hancock Life Insurance Company

Dated: June 16, 2004